**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WAREHOUSE 86, LLC | ) | CASE NO. 08-03423-EE |
| | ) | Chapter 11 |
| Debtor | ) | |
| _____ | ) | |

**MOTION OF DEBTOR FOR AUTHORITY TO PAY COLLECTED PRE-PETITION SALES AND USE TAXES IN ORDINARY COURSE**

Warehouse 86, LLC, the Debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned attorneys, files this *Motion for Authority to Pay Collected Pre-Petition Sales and Use Taxes in the Ordinary Course* (the "Motion"). In support hereof, the Debtor shows as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are Sections 105, 363 and 364 of the Bankruptcy Code.

3. On November 4, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code"). The Debtor is continuing in possession of its property and is operating its business in the ordinary course as debtor-in-possession. No creditors' committee has yet been appointed in this case by the United States Trustee.

**Relief Requested**

4.  In the normal operation of its business, the Debtor incurs sales and use, franchise, income, ad valorem, provider, excise and other taxes (collectively, the "Taxes") on behalf of various state, city and county taxing authorities (the "Taxing Authorities") for payment to such Taxing Authorities. The Taxes are paid over to the various Taxing Authorities on varying periodic bases.

5.  In the ordinary course of business, the Debtor pays sales and use taxes to various Taxing Authorities in Mississippi, Arizona, Tennessee and Utah, as applicable. These Taxes are calculated after generation of sales and use reports from which these calculations are made.

6.  The Debtor believes that some, if not all, of the Taxing Authorities will cause the Debtor to be audited if the Taxes are not promptly paid. Such audits will unnecessarily divert the Debtor's attention away from the reorganization process. Further, the Debtor does not have any equitable interest in the Taxes.

7.  The Debtor seeks authority to pay such pre-petition and post-petition Taxes to the applicable Taxing Authorities in the ordinary course of business, as and when such payments become due. The Debtor also requests that (i) all depositories on which checks were drawn in payment of the pre-petition Taxes be authorized and required to clear such checks as and when presented for payment; (ii) all such depositories be authorized to rely on the Debtor's designation of any particular check for such Taxes; and (iii) the Debtor be authorized to reissue any check that was drawn in payment that is not cleared by a depository.

**Authority for Relief**

8.  The Court's general equitable powers are codified in Section 105(a) of the Bankruptcy Code. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984)). Under section 105(a), a court "can permit a pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992).

9.  The Debtor submits that the Court is authorized to grant the relief requested pursuant to Section 105(a), which provides in pertinent part that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The Debtor strongly believes that the payment of pre-petition Taxes to the applicable Taxing Authorities is essential to ensure such a result. Further, the Debtor believes that the prompt and timely payment of Taxes that have accrued since the Petition Date, if any, is necessary to avoid immediate and irreparable harm and is essential to preserve its potential for reorganization. The Court may exercise its equitable powers to grant the relief requested in this Motion.

10. The authority to grant this relief is further based on the Doctrine of Necessity, which has been explained by the Third Circuit and which "teaches no more than, if payment of a claim that arose prior to reorganization is essential to the continued operation of the [business] during the reorganization, payment may be authorized even if it is made out of corpus." *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3rd Cir. 1981); see also *In re Sharon Steel*

*Corp.*, 159 B.R. 730, 736 (Bankr. W.D. Penn. 1993)(holding same); *Ionosphere Clubs*, 98 B.R. at 176; *In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987). It is imperative that the Debtor continue to meet its obligations to pay Taxes to the applicable Taxing Authorities, as more fully set forth above.

11.     Further, in the course of attempting to maximize its reorganization efforts, the Debtor believes that payment of the Taxes does not unduly prejudice other interested parties. The Debtor submits that the Taxes are entitled to priority status pursuant to 11 U.S.C. § 507(a)(8) and thus, must be paid in full under any plan of reorganization. See 11 U.S.C. § 1129(a)(9)(C). Therefore, the payment of the Taxes at this time only affects the timing of the payment and does not prejudice the rights of other creditors.

12.     In addition, the sales and use Taxes constitute so-called "trust fund" taxes, which are required to be collected from third parties and held in trust for payment to the Taxing Authorities. *See, e.g., In re Shank*, 792 F.2d 829, 830 (9th Cir. 1986) (sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax); *DeChiaro v. New York State Tax Commission*, 760 F.2d 432, 433-34 (2nd Cir. 1985) (same). To the extent these "trust fund" taxes are collected, they are not the property of the Debtor's estate under Section 541(d). *See In re American Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (excise and withholding taxes); *In re Tap, Inc.*, 52 B.R. 271, 278 (Bankr. D. Mass. 1985) (withholding taxes). The Debtor does not have an equitable interest in these Taxes. Accordingly, the Court should grant the Motion and authorize the Debtor to pay the sales and use Taxes to the Taxing Authorities as they become due.

13.     Furthermore, to the extent the Taxes constitute "trust fund" taxes, the laws of Mississippi, Arizona, Tennessee and Utah may provide that officers and directors of the

collecting entity be held personally liable for payment of some of the Taxes. To the extent any accrued Taxes were unpaid by the Debtor as of the Petition Date in such jurisdictions, even though withheld and available for payment when due, the Debtor's officers and directors may be subject to lawsuits in such jurisdictions during the pendency of this proceeding.  Such potential lawsuits would prove extremely distracting for the Debtor, especially where it has collected these sales and use Taxes and holds them in trust for the benefit of the Taxing Authorities.  It is in the best interest of the Debtor's estate and the reorganization policy of the Bankruptcy Code to eliminate the possibility of the foregoing distractions.

14.     For all the foregoing reasons, the Debtor believes that granting the relief requested herein is appropriate and in the best interest of its estate.

15.     Nothing in this Motion or the Order should be construed as impairing the Debtor's ability to contest the amounts of the Taxes owing to the various Taxing Authorities.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting them the following relief:

A.     Granting the Motion in its entirety;

B.     Authorizing the Debtor to pay the Taxes; and

C.     Granting such other and more general relief as the Court deems just.

THIS the 4th day of November, 2008.

Respectfully submitted,

WAREHOUSE 86, LLC

By: *s/ Stephen W. Rosenblatt*
Stephen W. Rosenblatt (MS Bar No. 5676)
John A. Crawford, Jr. (MS Bar No. 10346)
Paul M. Ellis (MS Bar No. 102259)
ATTORNEYS FOR DEBTOR

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
Email: steve.rosenblatt@butlersnow.com
jack.crawford@butlersnow.com
paul.ellis@butlersnow.com

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically and was separately served by e-mail on the following:

Ronald H. McAlpin, Esq.
Trial Attorney, Office of the U.S. Trustee
A. H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
Ronald.McAlpin@USDOJ.gov

Office of the U.S. Trustee
A.H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
USTPRegion05.AB.ECF@usdoj.gov

Michael B. Chance, Esq.
E. Franklin Childress, Jr., Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
6060 Poplar Avenue, Suite 440
Memphis, Tennessee 38119
mchance@bakerdonelson.com
fchildress@bakerdonelson.com
ATTORNEYS FOR DIP LENDER

Richard A. Montague, Jr., Esq.
Suzanna Baker, Esq.
Wells Moore Simmons & Hubbard
P.O. Box 1970
Jackson, Mississippi 39215-1970
rmontague@wellsmoore.com
sbaker@wellsmoore.com
ATTORNEY FOR IRBY

  SO CERTIFIED, this the 4th day of November, 2008.


                  */s/ Stephen W. Rosenblatt*


Jackson 3387843v.1