IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In re:

WAREHOUSE 86, LLC                                     CASE NO. 08-03423-EE
                                                      Chapter 11
            Debtor

APPLICATION OF DEBTOR TO EMPLOY
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC AS ITS ATTORNEYS
AND DISCLOSURE OF COMPENSATION

Warehouse 86, LLC, the Debtor and debtor-in-possession herein ("Debtor"), by its attorneys, files this *Application of Debtor to Employ Butler, Snow, O'Mara, Stevens & Cannada, PLLC as its Attorneys and Disclosure of Compensation* and in support thereof presents to the Court the following facts:

1.      On November 4, 2008 (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization relief under Chapter 11 of the United States Bankruptcy Code. Debtor continues to operate its business and manage its assets as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      No official Committee of Unsecured Creditors has been appointed in this case to date.

3.      This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. Venue is proper under 28 U.S.C. §§1408 and 1409.

4.      By this Application, Debtor seeks to employ and retain Butler, Snow, O'Mara, Stevens & Cannada, PLLC (the "Firm") as its principal bankruptcy counsel with regard to the filing of its Chapter 11 petition and the prosecution of its Chapter 11 case to perform the legal services that will be necessary during its Chapter 11 case, as more fully described below:

(a) to advise the Debtor with respect to its powers and duties as debtor-in-possession in the continued management and operation of its business;

(b) to attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the case, including all of the legal and administrative requirements of operating in Chapter 11;

(c) to take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against it, negotiations concerning contracts to which the Debtor is a party, negotiations concerning all litigation in which the Debtor is involved, evaluations of claims and liens of various creditors, and, where appropriate, to object to such claims or liens against the estate or its property;

(d) to prepare on behalf of the Debtor all motions, applications, answers, orders, contracts, reports, accounts, documents and papers necessary to the administration of the estate;

(e) to advise and consult with the Debtor in connection with any disclosure statement and plan of reorganization, and to represent the Debtor in any matter arising out of, related to or in connection with such plan of reorganization, disclosure statement, and all related agreements or documents, as well as any matters that are necessary for the confirmation, implementation or consummation of such plan, or that may relate to its rejection, and

(f) to perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case.

5.      For professional services, the Firm's fees are based in part on its customary hourly rates, which are periodically adjusted in accordance with their regular practice. The work will be assigned within the Firm to minimize any duplication of work as much as practical.

6.      Presently, the hourly rates for Butler, Snow, O'Mara, Stevens & Cannada, PLLC professionals and paraprofessionals as counsel for debtors in Chapter 11 cases in Mississippi are as follows: Stephen W. Rosenblatt - $300; John A. ("Jack") Crawford, Jr. - $265; R. Barry Cannada - $300; Paul M. Ellis - $170; paralegals/legal assistants - $100. These current hourly rates, which are the same as or less than the rates charged for such services on a non-bankruptcy matter, are subject to periodic increases in the normal course of business, usually as of January 1 of each year. The Firm proposes to bill at the rates set forth herein and will submit requests for compensation to the Court for approval.

7.      Butler Snow's normal hourly rates for 2008 for its attorneys range from $150 to $450 per hour and that its rates for paralegals range from $85 to $150 per hour, and that these rates are usually adjusted annually, effective January 1 of each year. The normal hourly rates for Stephen W. Rosenblatt for matters of this type are $320 to $370 per hour, and the rates of R. Barry Cannada are $350 to $400 per hour, but Mr. Rosenblatt and Mr. Cannada have agreed that they will not seek compensation at a rate greater than $300 per hour during the course of this representation (subject of course to approval by the Bankruptcy Court).

8.      Butler Snow intends to apply to this Court for allowance of compensation and reimbursement of expenses pursuant to and in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the orders of this Court, including, without limitation, any order authorizing interim payment or compensation of professionals.

9. Through the Affidavit of Stephen W. Rosenblatt (the "Rosenblatt Affidavit"), attached hereto as Exhibit "A" to this Application, Butler Snow provides their statement of compensation in accordance with Section 329(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b). Butler Snow understands that compensation for post-petition services will be paid by the Debtor only pursuant to orders of the Court.

10. The Firm was paid a total retainer of $45,000 both for certain pre-petition services and also, to the extent the retainer was not fully exhausted by the Petition Date, as a credit to be applied to allowed fees for their services to be rendered in this bankruptcy case. This $45,000 retainer was paid as follows: $20,000 on or about August 2007; $15,000 on or about October 27, 2008, and $10,000 on or about October 31, 2008. The Firm also was paid $1,039 for the filing fee in this case on or about October 29, 2008. The Firm applied $43,272.52 of the $45,000 retainer to pre-petition services rendered through October 31, 2008, leaving an unused retainer of $1,727.48 as of November 1, 2008. In addition, the Firm was paid $877.00 on September 29, 2008 and $3,080.00 on October 22, 2008 in the ordinary course on monthly statements for general matters.

11. Butler Snow's policy with respect to out-of-pocket expenses is that it charges only for those expenses which are not routine or which vary greatly according to the needs of the individual client. Under this policy, Butler Snow does not charge for many routine expenses such as routine electronic research, long distance charges within the continental United States, fax charges, local delivery charges, and routine postage, but does charge its clients for non-routine expenses and costs normally associated with representation of this kind such as actual charges for travel expenses, FedEx deliveries, court reporters fees, business meals, specialized computerized research, messengers, couriers, witness fees, and other fees related to trials and hearings.

12. Butler Snow is a "disinterested person" with respect to the Debtors, as that term is defined in 11 U.S.C. § 101(14). The Rosenblatt Affidavit, attached hereto as Exhibit "A," pursuant to Bankruptcy Rule 2014(a), discloses any and all of the Firm's connections with the Debtor and its creditors. The Firm represents no interest adverse to the interests of Debtor or the estate in matters upon which it is to be engaged, and its employment is in the best interest of the estate. The Firm has represented Cambridge Integrated Services, Katt Worldwide Logistics, Memphis Recycling, AT&T, Eric Eilertson and Ernest K. Strahan, III regarding matters totally unrelated to the Debtor and this bankruptcy case. The matter in which the Firm represented Eric Eilertson and Ernest K. Strahan, III was unrelated to Debtor and was concluded some time ago. Except as set forth above, to the best of Debtor's knowledge, the Firm has no connection with any of the creditors herein or to any other party-in-interest or their respective attorneys or accountant, or with the office of the United States Trustee, or any employees of the office of the United States Trustee which are prohibited, or which would interfere with or hinder the performance of counsels' duties herein.

WHEREFORE, the Debtor requests that it be authorized to employ Butler, Snow, O'Mara, Stevens & Cannada, PLLC as its attorneys and legal counsel, effective as of the Petition Date. The Debtor prays for such other and additional relief as the Court deems just and appropriate.

Respectfully submitted, this the 4th day of November, 2008.

WAREHOUSE 86, LLC

*s/ Stephen W. Rosenblatt*
Stephen W. Rosenblatt (MS Bar No. 5676)
John A. Crawford, Jr, (MS Bar No. 10346)
Paul M. Ellis (MS Bar No. 102259)
ATTORNEYS FOR DEBTOR

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
Email: steve.rosenblatt@butlersnow.com
Email: jack.crawford@butlersnow.com
Email: paul.ellis@butlersnow.com

## CERTIFICATE OF SERVICE

I certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically and was separately served by e-mail on the following:

Ronald H. McAlpin, Esq.
Trial Attorney, Office of the U.S. Trustee
A. H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
Ronald.McAlpin@USDOJ.gov

Office of the U.S. Trustee
A.H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
USTPRegion05.AB.ECF@usdoj.gov

Michael B. Chance, Esq.
E. Franklin Childress, Jr. Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
6060 Poplar Avenue, Suite 440
Memphis, Tennessee 38119
mchance@bakerdonelson.com
fchildress@bakerdonelson.com
ATTORNEYS FOR DIP LENDER

Richard A. Montague, Jr., Esq.
Suzanna Baker, Esq.
Wells Moore Simmons & Hubbard
P.O. Box 1970
Jackson, Mississippi 39215-1970
rmontague@wellsmoore.com
sbaker@wellsmoore.com
ATTORNEY FOR IRBY

      SO CERTIFIED, this the 4th day of November, 2008.

                                      */s/ Stephen W. Rosenblatt*
                                      Stephen W. Rosenblatt

Jackson 3410214v.1

Exhibit "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| WAREHOUSE 86, LLC ) | CASE NO. 08-03423-EE |
| ) | Chapter 11 |
| Debtor ) | |
| _____ ) | |

## AFFIDAVIT

**STATE OF MISSISSIPPI**
**COUNTY OF HINDS**

PERSONALLY APPEARED BEFORE ME, the undersigned authority, in and for the jurisdiction aforesaid, Stephen W. Rosenblatt, (the "Affiant") of Butler, Snow, O'Mara, Stevens & Cannada, PLLC (the "Firm"), who after having been by me first duly sworn, stated on oath as follows:

1. This Affidavit is submitted in support of the Application of Debtor to Employ the Firm as its Attorneys and Disclosure of Compensation (the "Application").

2. Neither the Affiant, nor the Firm, represents interests adverse to the Debtor or the estate and matters upon which the Firm is to be engaged. The employment of the Firm would be in the best interest of this estate.

3. Presently, the hourly rates for Butler, Snow, O'Mara, Stevens & Cannada, PLLC professionals and paraprofessionals as counsel for debtors or committees in Chapter 11 cases in Mississippi are as follows: Stephen W. Rosenblatt - $300; John A. Crawford, Jr. ("Jack") - $265; R. Barry Cannada - $300; Paul M. Ellis - $170; paralegals/legal assistants - $100. These current hourly rates are subject to periodic increases in the normal course of business, usually as of January 1 of each year. The Firm proposes to bill at the rates set forth herein and will submit

requests for compensation to the Court for approval. These rates are the same as or less than the rates charged for such services where the compensation is not paid by a bankruptcy estate. The normal hourly rates for Stephen W. Rosenblatt for bankruptcy matters of this type range from $320 to $370 per hour, and the rates of R. Barry Cannada range from $350 to $400 per hour. Mr. Rosenblatt and Mr. Cannada have agreed, however, that they will not seek compensation at a rate greater than $300 per hour during the course of this representation and recognize that such rates of compensation are subject to approval by the Bankruptcy Court.

    4.  To the best of Affiant's knowledge, neither he nor the Firm represents any interest adverse to the interests of Debtor or the estate in matters upon which it is to be engaged, and its employment would be in the best interest of the estate. To the best of Affiant's knowledge, Cambridge Integrated Services, Katt Worldwide Logistics and Memphis Recycling, Eric Eilertson and Ernest K. Strahan, III are general unsecured creditors of Debtor. From time to time, the Firm has represented Cambridge Integrated Services, Katt Worldwide Logistics and Memphis Recycling regarding matters totally unrelated to Debtor. Even before the formation of the Debtor, the Firm represented Eric Eilertson and Ernest K. Strahan, III in a matter unrelated to Debtor, which matter has long since been concluded.

    5.  Except as set forth above, to the best of Debtor's knowledge, the Firm has no connection with the creditors herein or to any other party-in-interest or their respective attorneys or accountant, or with the office of the United States Trustee, or any employees of the office of the United States Trustee which are prohibited, which would interfere with or hinder the performance of counsels' duties herein, or which need to be described herein. To the best of Affiant's knowledge, neither he, nor the Firm, have any connection with the Debtor, the creditors herein, other than as described above, with any other party-in-interest or their respective

attorneys and accountants, or with the office of the United States Trustee, or its employees, which are prohibited, which would interfere with or hinder the performance of the Firm's duties herein, or which need to be described herein.

FURTHER AFFIANT SAYETH NAUGHT.

_____
STEPHEN W. ROSENBLATT (MB No. 5676)

VERIFICATION

SWORN AND SUBSCRIBED before me, the undersigned authority, on this the 4th day of November, 2008.

_____
NOTARY PUBLIC

Jackson 3426214v.1

-3-