## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **WAREHOUSE 86, LLC** | ) | **CASE NO. 08-03423-EE** |
| | ) | **Chapter 11** |
| **Debtor** | ) | |
| _____ | ) | |

### EMERGENCY MOTION (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL; (2) PROVIDING ADEQUATE PROTECTION UNDER 11 U.S.C. §§ 361 AND 363; AND (3) SETTING DATE FOR FINAL HEARING <ins>ON USE OF CASH COLLATERAL OF STUART M. IRBY</ins>

Warehouse 86, LLC, the Debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned attorneys, files this *Emergency Motion (1) Authorizing Interim Use of Cash Collateral; (2) Providing Adequate Protection under 11 U.S.C. § 361 and 363; and (3) Setting Date for Final Hearing on Use of Cash Collateral of Stuart M. Irby* (the "Motion") with respect to Cash Collateral of Stuart M. Irby ("Irby"). The Debtor requests immediate relief through entry of an interim order in substantially similar form to that filed herewith (the "Interim Order"). In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction

1.      On November 4, 2008 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of the Title 11 United States Code (the "Bankruptcy Code"). The Debtor operates an on-line auction business from its offices in Flowood, Mississippi and Memphis, Tennessee, as well as from leased warehouse facilities in Ogden, Utah and Memphis, Tennessee. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business and manage its properties and assets as Debtor in possession.

2.      No official committee of unsecured creditors has been appointed in this case.

**Jurisdiction and Venue**

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      The statutory bases for the relief requested herein are Sections 361 and 363 of title 11 of the United States Code (11 USC. § 101 et seq., as amended, the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

5.      The Debtor has filed herein a motion to incur debt in an amount up to $500,000 as debtor-in-possession financing from DIP Lender under the terms and conditions set forth therein, and the Court has entered an interim Order in connection therewith (the "DIP Loan").  The Debtor refers to and incorporates herein in full that interim Order and all of its terms, all of which have been negotiated and agreed upon between the Debtor and DIP Lender.

6.      In addition to, and in connection with, the DIP Loan, the Debtor requests that the Court grant it, on an interim basis in accordance with the specific terms and conditions contained in Interim Order, authorization and approval, pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b)(1), to use cash that constitutes Irby's Cash Collateral as well as the cash that constitutes cash collateral of DIP Lender for a period of time of up to ninety (90) days.

7.      The Debtor has stipulated and agreed that the Irby Indebtedness is valid and enforceable in the amount stated in the Interim Order, and that the liens and security interests of Irby in the Irby Pre-Petition Collateral are valid and properly perfected and senior in priority to those held by all others, except with respect to any superpriority lien or security interest granted by the Court to DIP Lender in connection with the DIP Loan.

8.     The Debtor proposes to grant adequate protection to Irby by selling the Irby Collateral as soon as reasonably practical as a part of a going concern sale under 11 U.S.C. § 363(f) to maximize its value.

9.     In accordance with Bankruptcy Rule 4001(b)(2), the Debtor requests that this Court schedule the Final Hearing and approve notice with respect thereto, all as more fully described in the proposed Interim Order.

10.     The Debtor has an immediate need to use the Irby Cash Collateral for the purpose of meeting necessary expenses incurred in the ordinary course of its business, including payroll, costs of continued provision for goods and services to the residents of its facilities and the costs associated with its restructuring and these proceedings.

11.     Inability to use Irby Cash Collateral would likely result in an immediate cessation of the ongoing operations of the Debtor's business and would most certainly cause irreparable harm to the Debtor's estate.

12.     The continued use by the Debtor of Irby Cash Collateral and the use of the DIP Loan proceeds upon the terms contained in the Interim Order are the only sources of funding the Debtor's ongoing operations as it prepares to sell its assets, and it is in the best interests of the Debtor, all of its creditors and its estate to permit the Debtor to continue to use the Irby Cash Collateral, and such continued use imposes no prejudice or harm on any party-in-interest.

13.     The Debtor asserts that all Cash Collateral now existing and hereafter acquired will be deposited and maintained by the Debtor in the ordinary course of business consistent with its pre-petition practice (which the Debtor has requested the authority to continue as set forth in its Emergency Motion for Authorization to Maintain Pre-Petition Bank Accounts and Cash Management System filed herein) and the provisions of the Interim Order.

14.     Pursuant to Bankruptcy Rule 4001(b), the Debtor requests that the Court conduct a preliminary expedited hearing as soon as practicable (the "Preliminary Hearing") to enter the Interim Order authorizing the Debtor to use Cash Collateral pending the Final Hearing.

15.     The relief requested herein is necessary in order to avoid immediate and irreparable harm and prejudice to the Debtor's estate and to all parties in interest in the Debtor's chapter 11 case. The Debtor has an urgent and immediate need to use Cash Collateral to continue its business operations while prosecuting this chapter 11 case.

**Notice**

16.     Notice of this Motion has been given to: (i) the United States Trustee; (ii) Irby and its counsel; and (iii) the DIP Lender and its counsel. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

WHEREFORE, the Debtor respectfully request that this Court:

A.     conduct a Preliminary Hearing on this Motion;

B.     enter the Interim Order substantially in the form submitted herewith;

C.     schedule a Final Hearing on the relief requested herein; and

D.     grant such further relief as may be equitable and just.

THIS, the 4th day of November, 2008.

Respectfully submitted,
WAREHOUSE 86, LLC


By:  *s/ Stephen W. Rosenblatt*
Stephen W. Rosenblatt (MS Bar No. 5676)
John A. Crawford, Jr, (MS Bar No. 10346)
Paul M. Ellis (MS Bar No. 102259)

ATTORNEYS FOR DEBTOR

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
Email: steve.rosenblatt@butlersnow.com
Email: jack.crawford@butlersnow.com
Email: paul.ellis@butlersnow.com

## CERTIFICATE OF SERVICE

    I do hereby certify that the foregoing pleading was filed electronically through the

Court's ECF system and served electronically on all parties enlisted to receive service

electronically and was separately served by e-mail on the following:

Ronald H. McAlpin, Esq.
Trial Attorney, Office of the U.S. Trustee
A. H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
Ronald.McAlpin@USDOJ.gov

Office of the U.S. Trustee
A.H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
USTPRegion05.AB.ECF@usdoj.gov

Michael B. Chance, Esq.
E. Franklin Childress, Jr. Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
6060 Poplar Avenue, Suite 440
Memphis, Tennessee 38119
mchance@bakerdonelson.com
fchildress@bakerdonelson.com
ATTORNEYS FOR DIP LENDER

Richard A. Montague, Jr., Esq.
Suzanna Baker, Esq.
Wells Moore Simmons & Hubbard
P.O. Box 1970
Jackson, Mississippi 39215-1970
rmontague@wellsmoore.com
sbaker@wellsmoore.com
ATTORNEY FOR IRBY

SO CERTIFIED, this the 4th day of November, 2008.

*/s/ Stephen W. Rosenblatt*

Jackson 3398728v.1