## LINE OF CREDIT NOTE

$500,000.00                                                                           Memphis, Tennessee
                                                                                      October ___, 2008

      The undersigned, **WAREHOUSE 86, LLC,** an Arizona limited liability company (the "Maker"), promises to pay to the order of **KENNETH A. MAY**, 5139 Palomar Lane, Dallas, Texas 75229 (the "Lender"), up to the principal sum of FIVE HUNDRED THOUSAND AND NO/100$^{ths}$ DOLLARS ($500,000.00), value received, together with interest from date until paid, upon disbursed and unpaid principal balances, at the rate of six and one-half percent (6.5%) per annum, said principal, interest and all other costs and expenses owed hereunder being due and payable on (a) the one hundred twentieth (120th) day following the date hereof or (b) on the date upon which the Maker closes on the sale of substantially all of its assets under 11 U.S.C. §363 in connection with that certain bankruptcy case to be filed in the United States Bankruptcy Court, Southern District of Mississippi, Jackson Division, whichever first occurs (the "Maturity").

      The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.

      In the event that the foregoing provisions should be construed by a court of competent jurisdiction not to constitute a valid, enforceable designation of a rate of interest or method of determining same, the indebtedness hereby evidenced shall bear interest at the maximum effective rate which may be charged by the Lender under applicable law from time to time in effect (the "Maximum Rate").

      This Note is secured by a security agreement of even date herewith upon the Maker's accounts receivable, inventory, equipment, goods, intellectual property and certain other personalty (the "Security Agreement").

      All installments of interest, and the principal hereof, are payable at the office of Lender, (address), or at such other place as the holder may designate in writing, in lawful money of the United States of America, which shall be legal tender in payment of all debts and dues, public and private, at the time of payment.

      Notwithstanding the foregoing, upon the occurrence of an event of default hereunder or under any document evidencing or securing this loan, the Lender, at its option, may charge, and the Maker agrees to pay, interest on disbursed and unpaid principal balances at the default rate (the "Default Rate") equal to a rate per annum equal to the Maximum Rate.

      Any amounts not paid when due hereunder (whether by acceleration or otherwise) shall bear interest after maturity at the Maximum Rate.

      If the Maker shall fail to make any payment hereunder when due, or upon any default in the terms and provisions of the Security Agreement or the Loan Agreement of even date herewith between the Maker and the Lender, or upon any default in any other mortgage, trust deed, security agreement, or other instrument of pledge or hypothecation which now or hereafter



EXHIBIT "C"

secures the payment of the indebtedness evidenced hereby, or upon the dissolution of the Maker, or upon any default in full payment, promptly as and when due (whether by reason of demand, acceleration or otherwise) of any other indebtednesses, liabilities or obligations of the Maker to the Lender, whether now existing or hereafter created or arising, absolute or contingent, due or to become due, then, in any of such events, the entire unpaid principal balance of the indebtedness evidenced hereby together with all interest then accrued, shall, at the absolute option of the Lender, at once become due and payable, unless such default is not cured by the fifth Business Day after the giving of written notice of such failure or default by Lender to the Debtors and its counsel with a copy to the United States Trustee of the occurrence of such failure or default.

If this Note is placed in the hands of an attorney for collection, by suit or otherwise, or to protect the security for its payment, or to enforce its collection, or to represent the rights of the Lender in connection with any loan documentation executed in connection herewith, or to defend successfully against any claim, cause of action or suit brought by the Maker against the Lender, the Maker shall pay on demand all costs of collection and litigation (including court costs), together with a reasonable attorney's fee. These include, but are not limited to, the Lender's reasonable attorney's fees and legal expenses, whether or not there is a lawsuit, including attorney's fees for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction) and appeals.

**THE LENDER AND THE MAKER HEREBY WAIVE THE RIGHT TO ANY JURY TRIAL IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM BROUGHT BY EITHER LENDER OR MAKER AGAINST THE OTHER.**

The Maker hereof waives protest, demand, presentment, and notice of dishonor, and agrees that this Note may be extended, in whole or in part, without limit as to the number of such extensions or the period or periods thereof, without notice to it and without affecting its liability hereon.

It is the intention of the Lender and the Maker to comply strictly with applicable usury laws; and, accordingly, in no event and upon no contingency shall the Lender ever be entitled to receive, collect, or apply as interest any interest, fees, charges or other payments equivalent to interest, in excess of the maximum rate which the Lender may lawfully charge under applicable statutes and laws from time to time in effect; and in the event that the holder hereof ever receives, collects, or applies as interest any such excess, such amount which, but for this provision, would be excessive interest, shall be applied to the reduction of the principal amount of the indebtedness hereby evidenced; and if the principal amount of the indebtedness evidenced hereby, and all lawful interest thereon, is paid in full, any remaining excess shall forthwith be paid to the Maker, or other party lawfully entitled thereto. In determining whether or not the interest paid or payable, under any specific contingency, exceeds the highest rate which the Lender may lawfully charge under applicable law from time to time in effect, the Maker and the Lender shall, to the maximum extent permitted under applicable law, characterize any non-principal payment as a reasonable loan charge, rather than as interest. Any provision hereof, or of any other agreement between the Lender and the Maker, that operates to bind, obligate, or compel the Maker to pay interest in excess of such maximum rate shall be construed to require the payment of the maximum rate only. The provisions of this paragraph shall be given precedence over any other provision contained herein or in any other agreement between the Lender and the Maker that is in conflict with the provisions of this paragraph.

- 3 -

This Note shall be governed and construed according to the statutes and laws of the State of Tennessee from time to time in effect, except to the extent that Section 85 of Title 12 of the United States Code (or other applicable federal statue) may permit the charging of a higher rate of interest than applicable state law, in which event such applicable federal statute, as amended and supplemented from time to time shall govern and control the maximum rate of interest permitted to be charged hereunder; it being intended that, as to the maximum rate of interest which may be charged, received, and collected hereunder, those applicable statutes and laws, whether state or federal, from time to time in effect, which permit the charging of a higher rate of interest, shall govern and control; provided, always, however, that in no event and under no circumstances shall the Maker be liable for the payment of interest in excess of the maximum rate permitted by such applicable law, from time to time in effect.

This Note evidences a straight line of credit. Once the total amount of principal has been advanced, the Maker is not entitled to further loan advances. The Maker may not reborrow any amounts paid or prepaid upon the principal. Advances under this Note may be requested either orally or in writing by the Maker or by an authorized person. The Lender may, but need not, require that all oral requests be confirmed in writing. All communications, instructions, or directions by telephone or otherwise to the Lender are to be directed to the Lender at the Lender's address. The Maker agrees to be liable for all sums either: (a) advanced in accordance with the instructions of an authorized person, or (b) credited to any of the Maker's accounts with the Lender. The unpaid principal balance owing on this Note at any time may be evidenced by endorsements on this Note or by the Lender's internal records, including daily computer print-outs. The Lender will have no obligation to advance funds under this Note if: (a) the Maker is in default under the terms of this Note or any agreement that the Maker has with the Lender, including any agreement made in connection with the signing of this Note; (b) the Maker ceases doing business; or (c) the Maker has applied funds provided pursuant to this Note for purposes other than those authorized by the Lender.

The privilege is reserved and given to prepay principal and interest due hereunder without penalty.

**Warehouse 86, LLC**

By:_____
Title:_____

Jackson 3414918v.1