**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| In re: ) <br> ) <br> **WAREHOUSE 86, LLC** ) <br> ) <br> **Debtor** ) <br> _____ ) | **CASE NO. 08-03423-EE** <br> **Chapter 11** |

**EMERGENCY MOTION OF DEBTOR FOR AUTHORIZATION TO MAINTAIN**
**EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM**

Warehouse 86, LLC, the Debtor and debtor-in-possession herein (the "Debtor"), by its attorneys, files this *Emergency Motion for Authorization to Maintain Existing Bank Accounts and Cash Management System* (the "Motion"). In support hereof, the Debtor would show as follows:

### Introduction

1. On November 4, 2008 (the "Petition Date"), Debtor filed its Voluntary Petition under Chapter 11 of the Title 11 United States Code (the "Bankruptcy Code"). The Debtor operates an on-line auction business from its offices in Flowood, Mississippi and Memphis, Tennessee, as well as from leased warehouse facilities in Ogden, Utah and Memphis, Tennessee. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business and manages its properties and assets as Debtor in possession.

2. No official committee of unsecured creditors has been appointed in this case.

### Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Sections 105 and 363 of the Bankruptcy Code.

## Description of Debtor's Cash Management System

5. Prior to the Petition Date, the Debtor implemented and utilized a cash management system (the "Cash Management System") with Bank of America through several accounts as an efficient means of managing its cash, receiving payments/deposits and moving the funds to have money readily available to cover Company expenses and debts, as well as to provide funds on an as-needed basis at the operating level. A listing of all accounts held by the Debtor through which its Cash Management System is implemented is attached as Exhibit "A", which is incorporated herein by reference.

6. From and after the Petition Date, the Debtor proposes to retain the Cash Management System its present bank accounts.

7. The Sweep Account is the main account into which all deposits are made, whether checks, credit card charges or otherwise. The Sweep Account is the funding source of the other bank accounts of the Debtor. Funds from the Sweep Account are transferred nightly into a cash reserves / money market fund and the earnings on that fund are credited to that account. The Sweep Account serves as the clearing house for all of the Company's cash, and all monies paid in by or out to the appropriate account. The Sweep Account includes an overnight repurchase agreement which provides for the Company's ability to earn interest on amounts held therein.

8. The Debtor also has an "Operating Account" at Bank of America. This Operating Account is used to pay accounts payable and other general obligations owed by the Debtor.

9. The Debtor also has a Payroll Account at Bank of America by which it pays to Automatic Data Processing, Inc. ("ADP") all moneys for payroll obligations, including wages, tax withholdings, garnishments, and other withholdings for the Company's employees.

10. These accounts also have the feature, although presently disabled by the Company, where they can be controlled disbursement or "zero balance accounts" ("ZBA") that are linked to the Sweep Account in which the ZBA accounts can be funded from the Sweep Account upon presentation of items to the bank for payment. This feature, when functioning, enables the Company to earn interest by ensuring only necessary transfers of cash are made with the balance remaining in the Sweep Account and eliminates the need for personnel to transfer amounts each day manually.

## RELIEF REQUESTED

### A. Waiver of Certain of the United States Trustee's Debtor-in-Possession Account Guidelines.

11. In order to supervise the administration of Chapter 11 cases, the Office of the United States Trustee has established certain operating guidelines for Debtor in possession. These guidelines, as regular procedure, require Debtor to, among other things, (a) close all existing bank accounts and to open new debtor in possession accounts at approved depository banks, and (b) obtain checks for such debtor in possession accounts which bear the designation "debtor in possession," the bankruptcy case number, and the type of account. The Debtor requests that the Court provide relief in the form of waiver of these account guidelines so that the Debtor's pre-petition bank accounts, check-issuing system, and Cash Management System may be maintained.

12. The Debtor will ensure that the appropriate designation is made on its checks to identify itself as "debtor-in-possession" as soon as it can practically do so.

**B.     Authorization to Maintain Pre-Petition Bank Accounts and Cash Management System.**

13.     Maintaining the pre-petition bank accounts and the Cash Management System is in the best interest of the Debtor's estate, employees, and creditors. Because of the size, scope and automated nature of the Cash Management System, it would be extremely difficult, disruptive, and expensive for the Debtor to close its existing accounts and open new accounts. Additionally, any disruption of the existing system would not only impair current operations, but would interrupt and delay financial reporting by the Debtor to the Court because the existing internal accounting system is based on the availability of the data generated as a by-product of the existing Cash Management System.

14.     Maintaining the Debtor's existing accounts will preserve business continuity and lessen the confusion among employees, vendors, and customers that often follows a chapter 11 filing. Opening new bank accounts would be unduly burdensome and would disrupt the Debtor's ongoing business operations during the initial stages of the reorganization process -- in some cases, the process of arranging a new account could take several weeks to complete.  Changing the electronic checks and deposit slips would require reprogramming certain printers and programs which would require unnecessary time and expense. New electronic transfer instructions would have to be issued by the Debtor for each of the accounts directing daily transfer to newly established operating accounts. Electronic transfer instructions would have to be issued for the new operating accounts to make disbursements to new payroll and account payable accounts.

15.     To mitigate against the possibility of the payment of pre-petition obligations that are not otherwise approved by the Court, the Debtor has, or will have by the time this Motion is heard, ordered a stop-pay for any check drawn on the General Operating Accounts. Invoices

-4-

subsequently entered into the system for payment are systematically put on "hold" until individually reviewed by the proper accounting person with the Debtor. Based on the invoice date, delivery date, service dates, etc., the Debtor will release those invoices related solely to post-petition and will follow up on those invoices determined to be partially or completely pre-petition.

16. The Debtor also proposes to implement a check number gap of at least 100 checks between any pre-petition checks drawn on any of the existing accounts and those checks that are drawn post-petition. This procedure is a further safeguard to ensure that only appropriate post-petition checks are honored.

17. Bankruptcy law supports the Debtor's request for relief as described herein. Bankruptcy court approval of an existing cash management system and its related procedures and transactions used in the ordinary course of business is common. *See In re The Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) (holding that it was "entirely consistent" with the provisions of the Bankruptcy Code for the bankruptcy court to authorize the Debtor to use their pre-petition "routine cash management system"). It is also common that courts permit Debtor to use their existing depository accounts. *See, e.g., In re Grant Broadcasting of Philadelphia, Inc.*, 75 B.R. 819, 820 (E.D. Pa. 1987); *see also In re New York City Shoes, Inc.*, 78 B.R. 426, 427 (Bankr. E.D. Pa. 1987) (debtor deposited post-petition funds into pre-petition bank accounts).

  **C.**  **Authorization to Continue to Use Checks and Business Forms without Imprint of "Debtor in Possession"**

18. The Debtor further requests that the Court authorize the Debtor to continue to use its current checks and business forms related to the Debtor's existing bank accounts without requiring the Debtor to imprint the legend "Debtor in Possession" on those forms, until such time as is practicable. Given the provision for at least a 100-check gap between pre-petition and

post-petition checks, there is no risk of payment confusion. The Debtor has already sought to have its checks imprinted as the United States Trustee requires but may not be able to do so with respect to all checks necessary to be issued post-filing.

19.     Bankruptcy Code Section 345 requires that any deposit or other investment made by a debtor, except those insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States, be secured by a bond in favor of the United States of a corporate surety approved by the United States Trustee or the deposit of securities of the kind specified in 31 U.S.C. § 9303.

20.     At this time, the Debtor does not seek a waiver of any of the requirements of 11 U.S.C. § 345. The Debtor will work with the United States Trustee's office for the Southern District of Mississippi to develop a program for maintenance of its accounts in accordance with the Bankruptcy Code to the extent that any further action is required in this regard. The Debtor, however, reserves the right to request at a later date that this Court waive certain requirements of Bankruptcy Code section 345 in a motion for order approving investment guidelines.

    **D.**  **Consultation with the United States Trustee**

21.     The Debtor has consulted with the United States Trustee prior to filing and has discussed and explained the Cash Management System and the related matters set forth herein. The United States Trustee has generally approved the form Order Debtor will present to the Court and the relief requested therein with respect to these matters. The Debtor affirmatively represents that it will work with the United States Trustee to maintain compliance with all Orders of this Court, specifically including an Order concerning these matters.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

A.     authorizing Debtor to maintain its existing Cash Management System;

B.    authorizing Debtor to continue utilizing its existing bank accounts subject to the procedures and practices set forth herein, and directing all of the Debtor's financial institutions to allow transfers to be made from and deposits to be placed in those accounts in the same manner as transfers and deposits were made prior to the Petition Date;

C.    approving the use of the Debtor's existing business forms without the necessity of placing the legend "Debtor in Possession" on those forms; and

D.    granting such other and further relief as the Court deems just and proper.

THIS, the 4th day of November, 2008.

        Respectfully submitted,
        WAREHOUSE 86, LLC


        By: *s/ Stephen W. Rosenblatt*
        Stephen W. Rosenblatt (MS Bar No. 5676)
        John A. Crawford, Jr, (MS Bar No. 10346)
        Paul M. Ellis (MS Bar No. 102259)

        ATTORNEYS FOR DEBTOR


OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
Email: steve.rosenblatt@butlersnow.com
jack.crawford@butlersnow.com
paul.ellis@butlersnow.com

CERTIFICATE OF SERVICE

I certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically and was separately served by e-mail on the following:

Ronald H. McAlpin, Esq.
Trial Attorney, Office of the U.S. Trustee
A. H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
Ronald.McAlpin@USDOJ.gov

Office of the U.S. Trustee
A.H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
USTPRegion05.AB.ECF@usdoj.gov

Michael B. Chance, Esq.
E. Franklin Childress, Jr. Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
6060 Poplar Avenue, Suite 440
Memphis, Tennessee 38119
mchance@bakerdonelson.com
fchildress@bakerdonelson.com
ATTORNEYS FOR DIP LENDER

Richard A. Montague, Jr., Esq.
Suzanna Baker, Esq.
Wells Moore Simmons & Hubbard
P.O. Box 1970
Jackson, Mississippi 39215-1970
rmontague@wellsmoore.com
sbaker@wellsmoore.com
ATTORNEY FOR IRBY

SO CERTIFIED, this the 4th day of November, 2008.

/s/ Stephen W. Rosenblatt

**List of Existing Bank Accounts**

| Name of Bank | Account No. (Last 4 digits) | Purpose |
|---|---|---|
| Bank of America | 3903 | Main Account / Sweep |
| Bank of America | 5429 | Payroll |
| Bank of America | 9451 | General Operating / Payables |

Jackson 3398650v.1