IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WAREHOUSE 86, LLC | ) | CASE NO. 08-03423-EE |
| | ) | Chapter 11 |
| Debtor | ) | |
| _____ | ) | |

**MOTION FOR INTERIM AND FINAL ORDERS (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTOR ON ACCOUNT OF PRE-PETITION AMOUNTS DUE; (B) DETERMINING THAT THE UTILITIES ARE ADEQUATELY ASSURED OF FUTURE PAYMENT; (C) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE; AND (D) PERMITTING UTILITY COMPANIES TO OPT OUT OF <u>THE PROCEDURES ESTABLISHED HEREIN</u>**

Warehouse 86, LLC, the debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned attorneys, file this *Motion for Interim and Final Orders: (A) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against, the Debtor on Account of Pre-Petition Amounts Due; (B) Determining that the Utilities are Adequately Assured of Future Payment; (C) Establishing Procedures for Determining Requests for Additional Assurance; and (D) Permitting Utility Companies to Opt Out of the Procedures Established Herein* (the "Motion"). In support hereof, the Debtor show as follows:

**Jurisdiction**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  The statutory predicates for the relief requested herein are §§ 105, 363, and 366, of the Bankruptcy Code.

3.  On November 4, 2008 (the "Petition Date"), Debtor filed its Voluntary Petition under Chapter 11 of the Title 11 United States Code (the "Bankruptcy Code"). Debtor operates

-1-

an on-line auction business from its offices in Flowood, Mississippi and Memphis, Tennessee, as well as from leased warehouse facilities in Ogden, Utah and Memphis, Tennessee. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business and manages its properties and assets as Debtor in possession.

4.  No official committee of unsecured creditors has been appointed in this case.

### Relief Requested

5.  In connection with the operation of its business, the Debtor obtains electricity, natural gas, heat, sewer, water, television services, telephone services and/or similar services through accounts with various utility companies (the "Utility Companies"). The Utility Companies are identified by location on Exhibit "A" attached hereto and incorporated herein by reference.

6.  Uninterrupted utility services are essential to ongoing operations and, consequently, to the success of the Debtor's reorganization. The Debtor's operations simply cannot function without utility services. Should the Utility Companies refuse or discontinue services for even a brief period, operations would be severely disrupted. The impact on business operations, revenue and reorganization efforts would be extremely harmful and would jeopardize the Debtor's reorganization efforts. Accordingly, it is critical that utility services continue uninterrupted.

7.  Pursuant to Section 366 of the Bankruptcy Code, the Utility Companies may alter, refuse or discontinue service to a debtor if the utility does not receive from the debtor or the trustee adequate "assurance of payment" within thirty (30) days of the commencement of the debtor's chapter 11 case. Section 366(c)(1)(A) of the Bankruptcy Code defines the phrase "assurance of payment" to mean, among other things, a cash deposit or a bond.

8.  Accordingly, the Debtor proposes to pay each Participating Utility Company listed on Exhibit "B" in the normal billing cycle the amount owed for any pre-petition utility services and allow each Participating Utility Company to retain any pre-petition deposits and/or bonds it may hold ("Adequate Assurance Deposit") to secure payment of all post-petition services rather than providing any additional deposit to any Participating Utility Company for post-petition services. A Participating Utility Company's acceptance of the payment for any pre-petition utility services shall be deemed an acknowledgement and admission from the Participating Utility Company that the Adequate Assurance Payment is the form of adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code. Likewise, any Participating Utility Company that does not request an Adequate Assurance Deposit by the Request Deadline and does not file a Procedure Objection (as defined below) to opt out of the Adequate Assurance Procedures (as defined below), shall be deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code.

9.  The payment of all pre-petition utility charges and the availability of the Adequate Assurance Deposit, in conjunction with the Debtor's demonstrated ability to pay for future utility services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code. Nonetheless, if any Utility Company believes additional assurance is required, it may request such assurance pursuant to the procedures described below.

**The Adequate Assurance Procedures**

10. To address the right of any Utility Company under Section 366(c)(2) of the Bankruptcy Code to seek adequate assurance satisfactory to it, the Debtor proposes that the following procedures (the "Adequate Assurance Procedures") be adopted:

   A. Any Utility Company desiring assurance of future payment for Utility Service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") so that it is received by the Debtor by the Request Deadline at the following addresses: (i) Warehouse 86, LLC, Attention: Ernest K. Strahan, Chief Financial Officer, Post Office Box 16692, Jackson, MS 39236, and (ii) Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Attention: Jack Crawford, Post Office Box 22567, Jackson, Mississippi 39225.

   B. Any Additional Assurance Requests must (i) be made in writing; (ii) set forth the locations for which Utility Services are provided and the relevant account number(s) and Debtor; (iii) describe any deposits, pre-payments or other security currently held by the requesting Utility Company; and (iv) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

   C. Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) fourteen (14) days from the receipt of Additional Assurance Request or (ii) thirty (30) days from the Petition Date (collectively, the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company.

   D. The Debtor, in its discretion, may resolve any Additional Assurance Requests by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide the requesting Utility Company with additional adequate assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, pre-payments and/or other forms of security, if the Debtor believe such additional assurance is reasonable.

   E. If the Debtor determines that an Additional Assurance Request is not reasonable, and are not able to resolve such Request during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the

"Determination Hearing"), pursuant to Section 366(c)(3)(A) of the Bankruptcy Code.[1]

F. Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering or refusing service to the Debtor on account of unpaid charges for Pre-Petition services or on account of any objections to the Proposed Adequate Assurance.

G. Other than through the Opt-Out Procedures (as such term is defined below), any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering or refusing service on account of any unpaid Pre-Petition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance). The Interim Order shall be deemed the Final Order with respect to all Utility Companies that do not timely file and serve a Procedures Objection (as defined below).

### The Opt-Out Procedures

11. As noted above, Section 366(c) of the Bankruptcy Code requires the Debtor to provide Utility Companies within thirty (30) days of the Petition Date with "adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2). Thereafter, any such adequate assurance provided by the Debtor may be modified by the Court after notice and a hearing under Section 366(c)(3)(A) of the Bankruptcy Code. Under the proposed Adequate Assurance Procedures, however, the Debtor may seek a determination of appropriate adequate assurance at a Determination Hearing held after the first thirty (30) days of these cases, without providing interim assurances (other than those set forth below) deemed "satisfactory" to the Utility Company. Although the proposed Adequate Assurance Procedures are reasonable, certain utility companies might assert that the procedures as implemented are not strictly in compliance with Section 366 of the Bankruptcy Code if an Adequate Assurance dispute is not resolved within the thirty (30) days following the Petition Date. If, as a result, any Utility Companies wish

---

[1] Section 366(c)(3)(A) of the Bankruptcy Code provides that on request of a party in interest and after notice and a hearing, the Court may order modification of the amount of an assurance of payment ..." 11 U.S.C. §366(c)(3)(A).

to opt out of the Adequate Assurance Procedures. The Court will schedule a hearing and issue a ruling on the amount of adequate assurance to be provided such Utility Companies within thirty (30) days of the Petition Date.

12. In particular, to avoid any argument that the Debtor has not fully complied with Section 366 of the Bankruptcy Code, the Debtor proposes the following procedures (the "Opt-Out Procedures"):

> A. Any Utility Company wishing to opt-out of the Adequate Assurance Procedures must file an objection (the "Procedures Objection") with the Court and serve such Procedures Objection so that it is actually received by the Debtor within fifteen (15) days of entry of the Interim Order at the following addresses: (i) Warehouse 86, LLC, Attention: Ernest K. Strahan, Chief Financial Officer, Post Office Box 16692, Jackson, MS 39236, and (ii) Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Attention: Jack Crawford, Post Office Box 22567, Jackson, Mississippi 39225.
>
> B. Each Procedures Objection must (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided and the relevant account number(s) and Debtor; (iii) describe any deposits, pre-payments or other security currently held by the objecting Utility Company; (iv) explain why the objecting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) identify, and explain the basis of, the Utility Company's Proposed Adequate Assurance requirement under Section 366(c)(2) of the Bankruptcy Code.
>
> C. The Debtor, in its discretion, may resolve any Procedures Objection by mutual agreement with the objecting Utility Company and without further Order of the Court, and may, in connection with any such resolution and in its discretion, provide a Utility Company with additional adequate assurance of future payments, including, but not limited to, cash deposits, prepayments or other forms of security if the Debtor believes such additional assurance is reasonable.
>
> D. If the Debtor determines that the Procedures Objection is not reasonable and is not able to reach prompt, alternative resolution with the objecting Utility Company, the Procedures Objection will be heard at the Final Hearing.
>
> E. Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

**Final Hearing Date**

13. To resolve any Procedures Objections within thirty (30) days of the Petition Date, the Debtor requests that the Court schedule the Final Hearing on any unresolved Procedures Objections approximately twenty-five (25) days after the Petition Date.

**Utilities Not Utilized Post-Petition; No Utility Service Required;
No Adequate Assurance Provided**

14. The Debtor has made a business judgment that it needs to restrict the scope of its business operations during the next ninety (90) days. Accordingly, the Debtor has reduced the extent to which it will need utility services provided for its operations. Listed on Exhibit "C" are the utilities from which the Debtor intends to terminate service on or shortly after the Petition Date (the "Non-Participating Utilities").

15. The terms and conditions of the relief sought in this motion are not applicable to the Non-Participating Utilities. Because the Debtor desires to terminate utility service with respect to the Non-Participating Utilities on or shortly after the Petition Date, the Debtor therefore provides that any such Non-Participating Utilities must look solely to any pre-petition deposits to secure payment for unpaid pre-petition or post-petition services.

**Subsequent Modifications of Utility Service List**

16. It is possible that, despite the Debtor's efforts, certain Utility Companies have not been identified by the Debtor or included on Exhibit "A." To the extent that the Debtor identifies additional Utility Companies which have not heretofore been listed on either Exhibit "A" or "B" or "C," the Debtor will file amendments to Exhibits "A" or "B" or "C" as appropriate and shall serve copies of the Interim Order and Final Order (when and if entered) on such newly-identified Utility Companies. The Debtor requests that the Interim and Final Orders be binding on all Utility Companies not listed on Exhibit "A," subject to the rights of such Utility Companies to

the Proposed Adequate Assurance and to request additional adequate assurance, regardless of when any given Utility Company was included on Exhibit "A."

## Authority for the Requested Relief

17.     The policy underlying Section 366 of the Bankruptcy Code is to protect Debtor from utility service cut-offs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate "assurance of payment" for post-petition utility service. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.A.N. 5963, 6306. Section 366(c)(1) of the Bankruptcy Code as modified under BAPCPA, defines "assurance of payment" to mean several enumerated forms of security (e.g., cash deposits, letters of credit, pre-payment for utility service) while excluding from the definition certain other forms of security (e.g., administrative expense priority for utilities claim). In addition, Section 366(c)(3)(B) of the Bankruptcy Code provides that a Court may not consider certain facts (e.g., a debtor's pre-petition history of making timely payments to a utility) in making a determination of adequate assurance payment.

18.     While Section 366(c) clarifies what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate, Congress, in enacting that section, did not divest the Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a Utility Company. Moreover, Section 366(c) of the Bankruptcy Code not only fails to establish a minimum amount of adequate "assurance of payment" but explicitly empowers the Court to determine the appropriate level of adequate assurance required in each case. See 11 U.S.C. § 366(c)(3)(A) ("on request of a party in interest and after noticing a hearing, the Court may order modification of the amount of an assurance of payment ... ").

19.     The Debtor submit that there is nothing within Section 366 of the Bankruptcy Code that prevents a Court from ruling that, on the facts of the case before it, the amount required to adequately assure future payment to a Utility Company is nominal, or even zero (0). Prior to the enactment of Section 366(c) of the Bankruptcy Code, Courts enjoyed the same discretion to make such rulings pursuant to Section 366(b) of the Bankruptcy Code and frequently did so. Further, Congress has not changed the requirement that the assurance of payment only be "adequate."

20.     The Debtor submits that, given the foregoing, entry of the Interim Order is consistent with, and fully satisfies, the requirements of Section 366 of the Bankruptcy Code. Far from offering the Utility Company's nominal (or even no) additional assurance of payment, the Debtor proposes to provide the Utility Companies with (a) the authority to retain any pre-petition deposits to secure payment of post-petition obligations, (b) significant additional cash deposits, and (c) procedures pursuant to which the Utility Companies can seek greater or different security.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting them the following relief:

- A.    Granting the Motion in its entirety;
- B.    Enter the Interim Order granting the relief requested herein, which shall become a Final Order as to any Utility Company that does not timely file a Procedures Objection; and
- C.    Granting such other and more general relief as the Court deems just.

THIS the 4th day of November, 2008.

        Respectfully submitted,

        WAREHOUSE 86, LLC

        By:  *s/ Stephen W. Rosenblatt*
        Stephen W. Rosenblatt (MS Bar No. 5676)
        John A. Crawford, Jr. (MS Bar No. 10346)
        Paul M. Ellis (MS Bar No. 102259)
        ATTORNEYS FOR DEBTOR

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
Email: steve.rosenblatt@butlersnow.com
jack.crawford@butlersnow.com
paul.ellis@butlersnow.com

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically and was separately served by e-mail on the following:

Ronald H. McAlpin, Esq.
Trial Attorney, Office of the U.S. Trustee
A. H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
Ronald.McAlpin@USDOJ.gov

Office of the U.S. Trustee
A.H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
USTPRegion05.AB.ECF@usdoj.gov

Michael B. Chance, Esq.
E. Franklin Childress, Jr. Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
6060 Poplar Avenue, Suite 440
Memphis, Tennessee 38119
mchance@bakerdonelson.com
fchildress@bakerdonelson.com
ATTORNEYS FOR DIP LENDER

Richard A. Montague, Jr., Esq.
Suzanna Baker, Esq.
Wells Moore Simmons & Hubbard
P.O. Box 1970
Jackson, Mississippi 39215-1970
rmontague@wellsmoore.com
sbaker@wellsmoore.com
ATTORNEY FOR IRBY

  SO CERTIFIED, this the 4th day of November, 2008.


             */s/ Stephen W. Rosenblatt*

-11-

**EXHIBIT "A"**

**UTILITY COMPANIES**

Atmos Energy
P O Box 9001949
Louisville, KY  40290-1949

AT&T
P.O. Box 105262
Atlanta GA 30348

City of Indianola Water
P.O. Box 269
Indianola MS 38751

Delta Electric Power
P.O. Box 935
Greenwood MS 38935

Global Crossing Telecommunication
1120 Pittsford Victor
Pittsford NY 14534

Memphis Light Gas & Water
P.O. Box 388
Memphis, TN 38145

Questar Gas Company
P.O. Box 45841
Salt Lake City, UT 84139

Rocky Mountain Power
1033 NE 6th Ave.
Portland, OR 97256

Sprint
P.O. Box 660092
Dallas TX 75266

Telesphere Networks Ltd.
9237 E Via de Ventura, Ste. 250
Scottsdale AZ 85258

Verizon Wireless
P.O. Box 660108
Dallas TX 75266

**EXHIBIT "B"**

**PARTICIPATING UTILITY COMPANIES**

AT&T
P.O. Box 105262
Atlanta GA 30348
(only for account number 601-932-3640-001-0592)

Global Crossing Telecommunication
1120 Pittsford Victor
Pittsford NY 14534

Memphis Light Gas & Water
P.O. Box 388
Memphis, TN 38145

Telesphere Networks Ltd.
9237 E Via de Ventura, Ste. 250
Scottsdale AZ 85258

# EXHIBIT "C"'

## NON-PARTICIPATING UTILITY COMPANIES

Atmos Energy
P O Box 9001949
Louisville, KY 40290-1949
Account #: 000940088

AT&T
P.O. Box 105262
Atlanta GA 30348
(for all accounts other than those listed on Exhibit "B" –
specifically account number 662-887-3288-127-0598)

City of Indianola Water
P.O. Box 269
Indianola MS 38751

Delta Electric Power
P.O. Box 935
Greenwood MS 38935

Questar Gas Company
P.O. Box 45841
Salt Lake City, UT 84139

Rocky Mountain Power
1033 NE 6th Ave.
Portland, OR 97256

Sprint
P.O. Box 660092
Dallas TX 75266

Verizon Wireless
P.O. Box 660108
Dallas TX 75266

Jackson 3398487v.1

-14-