**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| In re: ) | |
| ) | |
| **WAREHOUSE 86, LLC** ) | **CASE NO.    08-03423-EE** |
| **Chapter 11** ) | |
| **Debtor** ) | |
| _____ ) | |

**MOTION FOR AUTHORITY TO PAY POST-PETITION INSTALLMENTS ON INSURANCE POLICIES NECESSARY TO MAINTAIN INSURANCE COVERAGE**

Warehouse 86, LLC, the Debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned attorneys, file this *Motion for Authority to Pay Post-Petition Installments on Insurance Policies Necessary to Maintain Insurance Coverage* (the "Motion"). In support hereof, the Debtor shows as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are §§ 363 and 364 of the Bankruptcy Code.

3. On November 4, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code"). No creditors' committee has yet been appointed in this case by the United States Trustee. The Debtor is continuing in possession of its property and is operating its businesses in the ordinary course as Debtor in possession.

**Relief Requested**

4.      The Debtor maintains various types of insurance and surety bonds in the ordinary course of operating its business.  The types of insurance policies held by the Debtor (the "Policies"), include coverage for property, automobile, commercial general liability, umbrella, and workers compensation.[1]  All of these policies are essential to the preservation of the Debtor's estate, business and property.  Furthermore, coverage is in some instances required pursuant to applicable contracts, rules or regulations governing the Debtor's business.  By this Motion, the Debtor seeks the authority to continue to pay the post-petition payments on the Policies in ordinary course of business necessary to maintain insurance coverage that is currently in effect or to secure new, replacement insurance coverage.

5.      All of these insurance premiums are annual premiums, but are paid in monthly installments.  Typically, these premiums are paid with a first-month deposit in an amount which is the equivalent of approximately three months, and thereafter monthly payments for approximately nine months. If the Debtor fails to make a required payment under this arrangement, the policies may be terminated and coverage could lapse.

6.      The Debtor requests herein the Court's permission to honor its obligations under the Policies, and specifically including the authority to pay, as the Debtor deems necessary, any and all insurance premiums, payments with respect to premiums that are or will become due under the Policies, including any such premiums or payments with respect to financed premiums that may have accrued or become due in part prior to the filing of the Debtor's Petition. The Debtor seeks such authority in order to prevent cancellation, default, lapse, assignment or any

---

[1] The Debtor has requested that the insurance premium related to the Debtor's workers compensation be authorized under the Motion for Authority to (i) Pay Certain Pre-Petition Employee Obligations and (ii) Continue Employee Plans and Policies; however, out of an abundance of caution, the Debtor includes it in this Motion also.

-2-

form of impairment of the coverage presently provided under the Policies and to insure uninterrupted insurance coverage of its businesses, assets and employees.

7. Additionally, in the event it is financially advantageous to the Debtor to maintain the current Policies instead of seeking and obtaining new policies to replace the Policies, the Debtor would like to have that option, which may very well prove to be less costly and more beneficial to the Debtor and its estate. The Debtor believes that the ability to elect whether to maintain its current coverage under the Policies or to obtain new Policies is advantageous to all interested parties herein.

8. Thus, in order to prevent any potentially irreparable harm to the Debtor's estate, property or business operations, and to avoid undue administrative and financial burdens, the Court is requested to authorize the Debtor to honor its obligations under the Policies, specifically including making any and all payments of Policy premiums, payments with respect to installment premiums to prevent any impairment of the Policies or the coverage provided thereunder.

9. Due to the importance of maintaining continued insurance coverage with respect to all of its business activities and preservation of the Debtor's assets and its estate, the Debtor believes that the authority to continue in effect the Policies is in the best interest of its estate and all interested parties.

**Authority for Relief**

10. The Debtor submits that the Court is authorized to grant the relief requested pursuant to Section 105(a), which provides in pertinent part that "the Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Further, the Debtor represents that Section 105(a), in conjunction with Section 1107(a), fully

permits and authorizes the Court to enter such an Order approving this Motion. The Debtor further submits that such insurance coverage is required by various regulations, law and contracts that govern the Debtor's business conduct, including, but not limited to, the Chapter 11 Operating Guidelines and Reporting Requirements of the United States Trustee, Region 5, Judicial District of Louisiana and Mississippi.

11. As a fiduciary to the creditors and equity holders of the Debtor's estate, the Debtor must seek to protect and preserve the value of the bankruptcy estate. The bankruptcy estate now before the Court is clearly most valuable as a going concern, and the continued and uninterrupted operation of the Debtor's business is vital to sustaining its value. Maintaining adequate insurance is essential to the Debtor's preservation of the value of the estate and its ability to reorganize most successfully in a fashion that is best for all interested parties. Further, the Debtor's obligations to its creditors demand that insurance be maintained.

12. The authority to grant this relief is further based on the Doctrine of Necessity, which has been explained by the Third Circuit and which "teaches no more than, if payment of a claim that arose prior to reorganization is essential to the continued operation of the [business] during the reorganization, payment may be authorized even if it is made out of corpus." *In re Lehigh and New England Ry. Co.,* 657 F.2d 570, 581 (3rd Cir. 1981)*; See also In re Sharon Steel Corp.,* 159 B.R. 730, 736 (Bankr. W.D. Penn. 1993) (holding same).

13. Accordingly, pursuant to Section 105(a), the Court is fully authorized to grant the Debtor this necessary relief in the interest of preserving the estate.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting it the following relief:

A. Granting the Motion in its entirety;

B. Authorizing the Debtor to honor its obligations under the Policies and, specifically, to pay, as deemed necessary by the Debtor, all obligations that are or will become due under the Policies, including any such premiums, payments with respect to installment premiums that may have accrued or become due, in whole or in part, prior to the filing of the Debtor's petition, in order to maintain and continue coverage thereunder; and

C. Granting such other and more general relief as the Court deems just.

THIS, the 4th day of November, 2008.

>Respectfully submitted,
>
>WAREHOUSE 86, LLC
>
>
>By: *s/ Stephen W. Rosenblatt*
>Stephen W. Rosenblatt (MS Bar No. 5676)
>John A. Crawford, Jr. (MS Bar No. 10346)
>Paul M. Ellis (MS Bar No. 102259)
>ATTORNEYS FOR DEBTOR

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
Email: steve.rosenblatt@butlersnow.com
jack.crawford@butlersnow.com
paul.ellis@butlersnow.com

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically and was separately served by e-mail on the following:

Ronald H. McAlpin, Esq.
Trial Attorney, Office of the U.S. Trustee
A. H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
Ronald.McAlpin@USDOJ.gov

Office of the U.S. Trustee
A.H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
USTPRegion05.AB.ECF@usdoj.gov

Michael B. Chance, Esq.
E. Franklin Childress, Jr. Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
6060 Poplar Avenue, Suite 440
Memphis, Tennessee 38119
mchance@bakerdonelson.com
fchildress@bakerdonelson.com
ATTORNEYS FOR DIP LENDER

Richard A. Montague, Jr., Esq.
Suzanna Baker, Esq.
Wells Moore Simmons & Hubbard
P.O. Box 1970
Jackson, Mississippi 39215-1970
rmontague@wellsmoore.com
sbaker@wellsmoore.com
ATTORNEY FOR IRBY

SO CERTIFIED, this the 4th day of November, 2008.

/s/ Stephen W. Rosenblatt