United States Bankruptcy Court
Southern District of Mississippi

In re:   Warehouse 86, LLC                                                             Case No. 08–03423–ee
                                                                                       Chapter 11

**REQUIREMENTS FOR DEBTOR–IN–POSSESSION
CHAPTER 11 CASES**

A.  The following is a brief summary of the duties and requirements of a debtor–in possession (hereinafter "debtor") under Chapter 11 as set forth in the Bankruptcy Code. While a debtor need no longer obtain a court order authorizing it to operate its business, continued operation is subject to such limitations and conditions as the court may prescribe.

Pursuant to 11 U.S.C. §§ 1107 and 1108, the debtor–in–possession is authorized to buy and sell merchandise, supplies and other property, and to render services in the normal course of its business for cash or credit; to purchase or otherwise acquire for cash or on credit such materials, equipment, supplies, services, or other property as may or shall be necessary and advisable in connection with the operation of such business and the management and preservation of said property; to pay for its purchases on credit; and to pay salaries to employees.

In general, the debtor's duties are to:

1.  be accountable for all property received;
2.  examine proofs of claim and make appropriate objections thereto;
3.  furnish information regarding the estate and its administration upon request by a party in interest;
4.  file with the court and appropriate governmental units all required periodic reports and summaries;
5.  file, as soon as practicable, a plan or recommend conversion to Chapter 7 or 13, or dismissal of case;
6.  furnish any information required by the appropriate governmental unit regarding delinquent tax returns;
7.  file necessary reports after confirmation of a plan, and
8.  make a final report and file a final account of the administration of the estate with the court. See 11 U.S.C. §§ 1107, 1106, and 704.

B.  In addition to the foregoing, the debtor has other more specific duties and requirements with which it must comply, as set forth below:

1.  Bank Accounts
    Immediately upon the filing of the petition debtor must close all of its bank accounts and open new ones. These new accounts shall consist of at least general and tax accounts. The new bank signature cards and checks shall clearly indicate that the debtor is a "Chapter 11 Debtor–In–Possession". The bank in which those accounts are maintained must be in compliance with 11 U.S.C. § 345.

    If the debtor uses cash collateral, separate cash collateral accounts must be established and maintained pursuant to 11 U.S.C. § 363(4), which requires that the debtor segregate and account for any cash collateral in its possession, custody or control. (See paragraph (C)(1) below for the definition of cash collateral.)

    If the debtor is an individual who operates its business as a "d/b/a/" or sole proprietor, he is required to maintain separate business and household or personal accounts and to segregate payment expenses accordingly. This is so both the debtor and creditors can monitor the profitability and feasibility of reorganization of the debtor's business. Likewise, principals of debtor companies, partnerships and corporations be reminded that they can only disburse monies of the debtor for legitimate business expenses, which excludes any personal expenses.

All disbursements and withdrawals should be by check and cash disbursements are prohibited. Any exception can be made for minor petty cash disbursements but these must be itemized and documented. Written notice of compliance with these requirements should be filed with the debtor's first operating report.

Reminder   All monies and other assets received by the debtor are assets of the estate and go into the estate. (See paragraph 5 for the only exception hereto.) All disbursements made by a debtor of monies and other assets of the estate are subject to court approval. This is why reporting requirements must be met.

2. Books and Records
The books and records of the debtor should be closed as of the date of filing of the petition and new books and records kept thereafter for the debtor. A record of receipts and dispositions of money and property must be maintained.

3. Antecedent Debts
Prior to confirmation of a plan, a debtor cannot pay any antecedent debts, that is, debts which were incurred prior to the filing of the Chapter 11 petition. If there are insufficient funds on deposit to cover outstanding checks at the time the petition was filed, the persons or entities holding such checks or owed antecedent debts become creditors of the debtor.

4. Payment to Principals of Debtor and Professional Persons
If an officer or a corporation, a partner of a debtor partnership or individual debtor of a sole proprietorship wishes to draw or receive a salary, the debtor–in–possession or trustee should move the court for an order specifying the amounts to be paid and the services to be performed therefor. Other than the draw or salary, no personal expenses shall be made from the business account.

NOTE:   Earnings from services performed by an individual debtor after the commencement of the case from a source other than the estate are not property of the estate. 11 U.S.C. § 541(a)(6).

A debtor may employ an attorney, accountant or other professional only upon authorization of the court. See 11 U.S.C. § 327, Bankruptcy 2014. No payments may be made to such attorneys, accountants, or other professionals after the Order for Relief is entered without approval of the court, after notice to all creditors and a hearing. See 11 U.S.C. § 330, Bankruptcy Rule 2016.

5. Insurance
Proof of Coverage : The debtor shall provide to the court a verified statement or written evidence that worker's compensation (where required by law), general liability, fire, theft, and motor vehicle insurance are in full force and effect, together with all other insurance coverage normally used in the debtor's type of business. Prior to the expiration date of insurance coverage, evidence must be sent that coverage has been renewed.

C. In addition to the foregoing, the following provision of the Bankruptcy Code are of importance to a Chapter 11 debtor operating a business.

1. Use of Cash Collateral
11 U. S. C. § 363(c)(2) provides that cash collateral may not be used by the debtor without first procuring the consent of the secured creditor or a court order after notice and hearing. Cash collateral is defined as meaning "...cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents in which the state and an entity other than the estate have an interest". 11 U.S.C. § 363(a).

2. Obtaining Credit
11 U.S.C. § 364 provides that the debtor may not obtain credit or incur unsecured debts other than in the ordinary course of business without court authorization. Likewise, court authorization is required before obtaining of credit or the incurring of debts with priority over certain administrative expenses or to be secured by a lien on property of the estate.

3. Use, Sale or Lease of Property of the Estate
11 U.S.C. § 363(b) provides that the debtor may use, sell or lease property of the estate other than in the ordinary course of business only after notice and hearing.

FAILURE TO COMPLY WITH THE FOREGOING MAY RESULT IN AN ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7, DISMISSED, OR A TRUSTEE OR EXAMINER APPOINTED.