U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED

NOV 07 2008

DANNY L. MILLER, CLERK
BY_____DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| **WAREHOUSE 86, LLC** ) | CASE NO. 08-03423-EE |
| ) | **Chapter 11** |
| Debtor ) | |
| _____ ) | |

**INTERIM ORDER, PURSUANT TO SECTION 366 OF THE
BANKRUPTCY CODE: (A) PROHIBITING UTILITIES FROM ALTERING,
REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST,
THE DEBTOR ON ACCOUNT OF PRE-PETITION INVOICES; (B) DETERMINING
THAT THE UTILITIES ARE ADEQUATELY ASSURED OF FUTURE PAYMENT;
(C) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR
ADDITIONAL ASSURANCE; AND (D) PERMITTING UTILITY COMPANIES
TO OPT OUT OF THE PROCEDURES ESTABLISHED HEREIN**
(Dkt. # 13)

THIS CAUSE came before the Court on the Debtor's *Motion for Interim and Final Orders: (A) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against, the Debtor on Account of Pre-Petition Invoices; (B) Determining that the Utilities are Adequately Assured of Future Payment; (C) Establishing Procedures for Determining Requests for Additional Assurance; and (D) Permitting Utility Companies to Opt Out of the Procedures Established Herein* (the "Motion")[1] (Dkt. # 13) filed by Warehouse 86, LLC, as Debtor and Debtor-in-possession (collectively, the "Debtor"). The Court reviewed the Motion and considered the matter at a hearing held before the Court on November 6, 2008 (the "Preliminary Hearing") and finds that the relief requested on the Motion is necessary and in the best interests of the Debtor's estate at this time and that the Motion is well-taken and should be granted. The Court further finds that the protections set forth and incorporated in this Interim Order should remain in full force and effect through and including the date of the final hearing

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

on the Motion and thereafter unless superseded by a further order of the Court. The Court further finds as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are Sections 105, 363, and 366, of the Bankruptcy Code.

3. On November 4, 2008 (the "Petition Date"), Debtor filed its Voluntary Petition under Chapter 11 of the Title 11 United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manages its properties and assets as Debtor-in-possession.

4. No official committee of unsecured creditors has been appointed in this case.

5. In connection with the operation of its business, the Debtor obtains electricity, natural gas, heat, sewer, water, television services, telephone services and/or similar services through accounts with various utility companies (the "Utility Companies"). The Utility Companies are identified by location on Exhibit "A" attached hereto and incorporated herein by reference.

6. Uninterrupted utility services are essential to ongoing operations and, consequently, to the success of the Debtor's reorganization. The Debtor's operations simply cannot function without utility services. Should the Utility Companies refuse or discontinue services for even a brief period, operations would be severely disrupted. The impact on business operations, revenue and reorganization efforts would be extremely harmful and would jeopardize

the Debtor's reorganization efforts. Accordingly, it is critical that utility services continue uninterrupted.

7. Pursuant to Section 366 of the Bankruptcy Code, the Utility Companies may alter, refuse or discontinue service to a debtor if the utility does not receive from the debtor or the trustee adequate "assurance of payment" within thirty (30) days of the commencement of the debtor's chapter 11 case. Section 366(c)(1)(A) of the Bankruptcy Code defines the phrase "assurance of payment" to mean, among other things, a cash deposit or a bond.

8. Accordingly, the Debtor has proposed to pay each Participating Utility Company listed on Exhibit "B" in the normal billing cycle the amount owed for any pre-petition utility services and allow each Participating Utility Company to retain any pre-petition deposits and/or bonds it may hold ("Adequate Assurance Deposit") to secure payment of all post-petition services rather than providing any additional deposit to any Participating Utility Company for post-petition services. A Participating Utility Company's acceptance of the payment for any pre-petition utility services shall be deemed an acknowledgement and admission from the Participating Utility Company that the Adequate Assurance Payment is the form of adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code. Likewise, any Participating Utility Company that does not request an Adequate Assurance Deposit by the Request Deadline and does not file a Procedure Objection (as defined below) to opt out of the Adequate Assurance Procedures (as defined below), shall be deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code.

9. The payment of all pre-petition utility charges and the availability of the Adequate Assurance Deposit, in conjunction with the Debtor's demonstrated ability to pay for future utility

services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code. Nonetheless, if any Utility Company believes additional assurance is required, it may request such assurance pursuant to the procedures described below.

IT IS, THEREFORE, ORDERED as follows:

1. The Motion is granted as set forth herein.

2. Subject to the procedures described below, no Utility Company may (a) alter, refuse, terminate or discontinue utility services to, and/or discriminate against, the Debtor on the basis of the commencement of these chapter 11 cases or on account of outstanding pre-petition invoices, or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Debtor receiving such utility services pending the entry of a Final Order or this order becoming a Final Order as set forth in paragraph 11 below.

3. A Utility Company shall be entitled to an Adequate Assurance Deposit in the amount equal to the cost of one week's worth of such Utility Company's utility services provided to the Debtor as calculated by the Debtor, provided that: (a) such request is made in writing no later than 30 days after the Petition Date (the "Request Deadline"), and (b) such requesting Utility Company does not already hold a deposit equal to or greater than the Adequate Assurance Deposit after deduction of any pre-petition amounts owed such Utility Company (which existing deposit shall be deemed to be the Adequate Assurance Deposit).

4. A Utility Company's request for, and acceptance of, an Adequate Assurance Deposit shall be deemed an acknowledgement and admission from the Utility Company that the Adequate Assurance Deposit is the form of adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code. Likewise, any Utility Company that does

-4-

not request an Adequate Assurance Deposit by the Request Deadline and does not file a Procedures Objection to opt out of the Adequate Assurance Procedures (as described below), shall be deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code. Any Adequate Assurance Deposit requested by, and provided to, any Utility Company pursuant to the procedures described herein shall be returned to the Debtor at the conclusion of these chapter 11 cases, if not returned or applied earlier.

5. The following Adequate Assurance Procedures are approved in all respects:

A. Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") so that it is received by the Debtor by the Request Deadline at the following addresses: (i) Warehouse 86, LLC, Attention: Eric Melton, Chief Financial Officer, P.O. Box 360067, Birmingham, AL 35236, and (ii) Phelps Dunbar LLP, Attention: Douglas C. Noble, 111 East Capitol Street, Suite 600, Jackson, MS 39201.

B. Any Additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which utility services are provided and the relevant account number(s) and Debtor; (iii) describe any deposits, prepayments or other security currently held by the requesting Utility Company, and (iv) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

C. Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) 14 days from the receipt of such Additional Assurance Request, or (ii) 30 days from the Petition Date (collectively, the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company.

D. The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide the requesting Utility Company with additional adequate assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believe such additional assurance is reasonable.

E. If the Debtor determines that an Additional Assurance Request is not reasonable, and are not able to resolve such request during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

F. Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering or refusing service to the Debtor on account of unpaid charges for pre-petition services or on account of any objections to the Proposed Adequate Assurance.

G. Other than through the Opt-Out Procedures (as such term is defined below), any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering or refusing service on account of any unpaid pre-petition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance). The Interim Order shall be deemed the Final Order with respect to all Utility Companies that do not timely file and serve a Procedures Objection (as defined below).

6. The following Opt-Out Procedures are approved in all respects:

A. Any Utility Company wishing to opt out of the Adequate Assurance Procedures must file an objection (the "Procedures Objection") with the Court and serve such Procedures Objection so that it is actually received by the Debtor within 15 days of entry of the Interim Order at the following addresses: (i) Warehouse 86, LLC, Attention: Ernest K. Strahan, Chief Financial Officer, Post Office Box 16692, Jackson, MS 39236, and (ii) Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Attention: Jack Crawford, Post Office Box 22567, Jackson, Mississippi 39225.

B. Any Procedures Objections must (i) be made in writing; (ii) set forth the location(s) for which utility services are provided and the relevant account number(s) and Debtor; (iii) describe any deposits, prepayments or other security currently held by the objecting Utility Company; (iv) explain why the objecting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) identify, and explain the basis of, the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code.

C. The Debtor, in its discretion, may resolve any Procedures Objection by mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution and in

its discretion, provide a Utility Company with additional adequate assurance of future payments, including, but not limited to, cash deposits, prepayments or other forms of security, if the Debtor believes such additional assurance is reasonable. The Debtor shall advise its secured lenders of agreements reached with the Utility Company.

D. If the Debtor determines that the Procedures Objection is not reasonable and are not able to reach prompt alternative resolution with the objecting Utility Company, the Procedures Objection will be heard at the Final Hearing.

E. Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

7. A Final Hearing to resolve any Procedures Objections shall be conducted on December 2, 2008 at 11:00 a.m., Central Time, before the Honorable Edward Ellington, United States Bankruptcy Court, Southern District of Mississippi, 100 East Capitol Street, Jackson, MS 39201.

8. A Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtor, in its discretion, agree to (i) an Adequate Assurance Request, or (ii) an alternative assurance of payment with the Utility Company during the Resolution Period; or (b) this Court enters an order at the Final Hearing or any Determination Hearing requiring that additional adequate assurance of payment be provided.

9. The Debtor is authorized, in its sole discretion, to amend the list of Utility Companies attached as Exhibit "A" to the Motion (the "Utility Service List") to add or delete any Utility Company, and this Order shall apply to any such Utility Company that is subsequently added to the Utility Service List. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List.

10. The Debtor shall serve a copy of this Order on each Utility Company listed on the Utility Service List within two business days of the date this Order is entered, and shall also serve this Order on each Utility Company subsequently added by the Debtor to the Utility Service List.

11. The terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry. The Interim Order shall be deemed to be the Final Order with respect to any Utility Company that does not file a timely Procedures Objection as described herein.

12. The Debtor has made a business judgment that it needs to restrict the scope of its business operations during the next ninety (90) days. Accordingly, the Debtor has reduced the extent to which it will need utility services provided for its operations. Listed on Exhibit "B" are the utilities from which the Debtor intends to terminate service on the Petition Date. The terms and conditions of the relief sought in this motion are not applicable to the utilities listed in Exhibit "B."

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

SO ORDERED, this, the ___7___ day of November, 2008.

_____
EDWARD ELLINGTON
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM:

_____
Stephen W. Rosenblatt (MS Bar No. 5676)
Attorney for Debtor

_____
Ronald H. McAlpin
Office of the United States Trustee

-8-

## EXHIBIT "A"

## UTILITY COMPANIES

Atmos Energy
P O Box 9001949
Louisville, KY 40290-1949

AT&T
P.O. Box 105262
Atlanta GA 30348

City of Indianola Water
P.O. Box 269
Indianola MS 38751

Delta Electric Power
P.O. Box 935
Greenwood MS 38935

Global Crossing Telecommunication
1120 Pittsford Victor
Pittsford NY 14534

Memphis Light Gas & Water
P.O. Box 388
Memphis, TN 38145

Questar Gas Company
P.O. Box 45841
Salt Lake City, UT 84139

Rocky Mountain Power
1033 NE 6th Ave.
Portland, OR 97256

Sprint
P.O. Box 660092
Dallas TX 75266

Telesphere Networks Ltd.
9237 E Via de Ventura, Ste. 250
Scottsdale AZ 85258

Verizon Wireless
P.O. Box 660108

Dallas TX 75266

## EXHIBIT "B"

## PARTICIPATING UTILITY COMPANIES

AT&T
P.O. Box 105262
Atlanta GA 30348
(only for account number 601-932-3640-001-0592)

Global Crossing Telecommunication
1120 Pittsford Victor
Pittsford NY 14534

Memphis Light Gas & Water
P.O. Box 388
Memphis, TN 38145

Telesphere Networks Ltd.
9237 E Via de Ventura, Ste. 250
Scottsdale AZ 85258

## EXHIBIT "C"

## NON-PARTICIPATING UTILITY COMPANIES

Atmos Energy
P O Box 9001949
Louisville, KY 40290-1949
Account #: 000940088

AT&T
P.O. Box 105262
Atlanta GA 30348
(for all accounts other than those listed on Exhibit "B" –
specifically account number 662-887-3288-127-0598)

City of Indianola Water
P.O. Box 269
Indianola MS 38751

Delta Electric Power
P.O. Box 935
Greenwood MS 38935

Questar Gas Company
P.O. Box 45841
Salt Lake City, UT 84139

Rocky Mountain Power
1033 NE 6th Ave.
Portland, OR 97256

Sprint
P.O. Box 660092
Dallas TX 75266

Verizon Wireless
P.O. Box 660108
Dallas TX 75266

Jackson 3413114v.1