## PROMISSORY NOTE

$750,000.00                                                                                          Jackson, Mississippi
                                                                                                     _____, 2008

     FOR VALUE RECEIVED, the undersigned, **WAREHOUSE86 VENTURES, LLC**, a Delaware limited liability company (the "Maker"), promises to pay to the order of **STUART M. IRBY**, having a mailing address of P.O. Box 1819, Jackson, Mississippi, 39205-1819 (the "Lender"), the principal sum of SEVEN HUNDRED FIFTY AND NO/100ths DOLLARS ($750,000.00), together with interest from date until maturity upon the unpaid principal balance at the rate of fifteen percent (15%) per annum, with all outstanding principal balance and accrued interest thereon due and payable on _____, 2011 ("Maturity").

     In the event that the interest provisions contained herein should be construed by a court of competent jurisdiction not to constitute a valid, enforceable designation of a rate of interest, the indebtedness hereby evidenced shall bear interest at the maximum effective rate which may be charged by the Lender under applicable law from time to time in effect.

     This Note is secured by a security agreement of even date herewith which grants to Lender a first priority security interest in the Maker's accounts receivable, inventory, equipment, goods, intellectual property and certain other personal property (the "Security Agreement").

     All installments of interest, and the principal hereof, are payable at the address set forth above, or at such other place as the holder may designate in writing, in lawful money of the United States of America, which shall be legal tender in payment of all debts and dues, public and private, at the time of payment.

     Any amounts not paid when due hereunder (whether by acceleration or otherwise) shall bear interest after maturity at the maximum effective rate which it is lawful for the holder hereof to charge.

     If the Maker shall fail to make payment hereunder when due, as above provided, or upon any default in the terms and provisions of the Security Agreement, or upon the dissolution or termination of the existence of Maker, then, in any of such events, the entire unpaid principal balance of the indebtedness evidenced hereby together with all interest then accrued, shall, at the absolute option of the Lender, at once become due and payable, without demand or notice, the same being expressly waived.

     If this Note is placed in the hands of an attorney for collection, by suit or otherwise, or to protect the security for its payment, or to enforce its collection, or to represent the rights of the Lender in connection with any loan documentation executed in connection herewith, the Maker shall pay on demand all costs of collection and litigation (including court costs), together with a reasonable attorney's fee.

Exhibit "B"

The Maker and any endorsers or guarantors hereof waive protest, demand, presentment, and notice of dishonor, and agree that this Note may be extended, in whole or in part, without limit as to the number of such extension or the period or periods thereof, without notice to them and without affecting their liability hereon.

**THE LENDER AND THE MAKER HEREBY WAIVE THE RIGHT TO ANY JURY TRIAL IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM BROUGHT BY EITHER LENDER OR MAKER AGAINST THE OTHER.**

It is the intention of the Lender and the Maker to comply strictly with applicable usury laws; and, accordingly, in no event and upon no contingency shall the Lender ever be entitled to receive, collect, or apply as interest any interest, fees, charges or other payments equivalent to interest, in excess of the maximum rate which the Lender may lawfully charge under applicable statutes and laws from time to time in effect; and in the event that the holder hereof ever receives, collects, or applies as interest any such excess, such amount which, but for this provision, would be excessive interest, shall be applied to the reduction of the principal amount of the indebtedness hereby evidenced; and if the principal amount of the indebtedness evidenced hereby, and all lawful interest thereon, is paid in full, any remaining excess shall forthwith be paid to the Maker, or other party lawfully entitled thereto. In determining whether or not the interest paid or payable, under any specific contingency, exceeds the highest rate which Lender may lawfully charge under applicable law from time to time in effect, the Maker and the Lender shall, to the maximum extent permitted under applicable law, characterize any non-principal payment as a reasonable loan charge, rather than as interest. Any provision hereof, or of any other agreement between the Lender and the Maker, that operates to bind, obligate, or compel the Maker to pay interest in excess of such maximum rate shall be construed to require the payment of the maximum rate only. The provisions of this paragraph shall be given precedence over any other provision contained herein or in any other agreement between the Lender and the Maker that is in conflict with the provisions of this paragraph.

This Note shall be governed and construed according to the statutes and laws of the State of Mississippi from time to time in effect, except to the extent that Section 85 of Title 12 of the United States Code (or other applicable federal statue) may permit the charging of a higher rate of interest than applicable state law, in which event such applicable federal statute, as amended and supplemented from time to time shall govern and control the maximum rate of interest permitted to be charged hereunder; it being intended that, as to the maximum rate of interest which may be charged, received, and collected hereunder, those applicable statutes and laws, whether state or federal, from time to time in effect, which permit the charging of a higher rate of interest, shall govern and control; provided, always, however, that in no event and under no circumstances shall the Maker be liable for the payment of interest in excess of the maximum rate permitted by such applicable law, from time to time in effect.

The privilege is reserved and given to prepay principal and interest due hereunder without penalty.

**WAREHOUSE86 VENTURES, LLC**

By:_____
Title:_____