IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WAREHOUSE 86, LLC | ) | CASE NO. 08-03423-EE |
| | ) | **Chapter 11** |
| **Debtor** | ) | |
| _____ | ) | |

**NOTICE OF SALE AND SALE PROCEDURES,
AUCTION DATE, AND SALE HEARING**

**PLEASE BE ADVISED** that on November 7, 2008, Warehouse 86, LLC, the Debtor and debtor-in-possession herein ("Debtor"), by its attorneys, filed its M*otion for Authority to Sell Assets Free and Clear of All Liens, Claims, Interests and Encumbrances Outside the Ordinary Course of Business and Assuming and Assigning Certain Unexpired Leases and Executory Contracts Pursuant to 11 U.S.C. §§ 105, 363 and 365* (the "Motion"). By the Motion, the Debtor seeks to sell substantially all of its assets more particularly described in the Asset Purchase Agreement (the "APA"), such assets being hereinafter collectively referred to as the "Purchased Assets," to Warehouse 86 Ventures, LLC, a Delaware limited liability company (the "Buyer"), for the total consideration of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) (the "Purchase Price"), subject to Court approval.

**PLEASE BE FURTHER ADVISED** that any objection to the Motion must be filed on or before December 1, 2008.

**PLEASE BE FURTHER ADVISED** that the following Sale Procedures will govern the sale of the Purchased Assets:

In the event some party other than the Buyer desires to bid on the Assets at the Sale Hearing, the following bid procedures will apply:

(A)  Qualified Bidders.  Any bidder must demonstrate to the Debtor's satisfaction that it is qualified to bid on the Purchased Assets, based on, among other things,

statements of interest and certain financial information demonstrating the bidders' financial wherewithal to consummate a purchase of the Purchased Assets (each, a "Qualified Bidder"). Any party interested in purchasing some or all of the Purchased Assets may seek to become a Qualified Bidder and participate in the bidding process by notifying the Debtor (at the address set forth below) on or before 1:00 p.m. Central Time on December 1, 2008, of its interest in bidding on some or all of the Purchased Assets and providing such information as may be required by the Debtor to demonstrate such potential bidder's financial wherewithal to consummate a purchase of the applicable Assets. The Debtor may determine which parties constitute Qualified Bidders.

(B)   Non-Qualified Bidders. Any potential bidder that is not designated as a Qualified Bidder in accordance with the foregoing shall be disqualified from further participation in the bidding process ("Non-Qualified Bidder"). A Non-Qualified Bidder will not be permitted to conduct due diligence, make a bid for any of the Purchased Assets to be sold under the APA or participate at the hearing on the Sale Motion.

(C)   Due Diligence. The Debtor has afforded and will continue to afford any Qualified Bidder such due diligence access or additional information as may be reasonably requested by the Qualified Bidder and that, in their business judgment, the Debtor determines to be reasonable and appropriate. All reasonable requests for additional information and due diligence access from Qualified Bidders shall be coordinated through the Debtor. Unless otherwise determined by the Debtor in its discretion, the availability of additional due diligence to a Qualified Bidder will cease from and after the Objection Deadline.

(D)   Bid Deadline. Not later than 5:00 p.m., Central Time, on December 1, 2008 (the "Bid Deadline"), a Qualified Bidder that desires to participate in the auction shall have filed its objection to the Sale Motion *and* also shall have delivered a written copy of its higher and better bid to Ernie Strahan, 5 River Bend Place, Flowood, MS 39232. Ernie Strahan will distribute a copy of each bid received to counsel for the Debtor.

(E)   Form and Content of Bid. A bid is a signed letter from a Qualified Bidder stating that:

   1.   The Qualified Bidder offers to purchase the Assets for cash of an amount at least 10% greater than the amount offered by the Buyer. The letter must clearly delineate all components of the proposed purchase price and whether any or all of the Purchased Assets will be purchased;

   2.   The Qualified Bidder's offer is irrevocable; and

   3.   The Qualified Bidder's offer is not subject to any due diligence, board approval or financing contingency and does not contain any other material conditions precedent to closing.

-2-

(F) <u>Required Supporting Materials</u>. A Qualified Bidder shall accompany its bid with: (a) written evidence of available cash, a commitment for financing or ability to obtain a satisfactory financing commitment if selected as the Successful Bidder and such other evidence of ability to consummate the Transaction as the Debtor may reasonably request; (b) a copy of a board resolution or similar document demonstrating the authority of the Qualified Bidder to make a binding and irrevocable bid on the terms proposed. To the extent that a Qualified Bidder seeks to purchase any of the Assets subject to existing liens, then such Qualified Bidder's bid must further be accompanied by written evidence reasonably satisfactory to the Debtor that the lien holder has agreed (i) to the creditworthiness of such Qualified Bidders, and (ii) to any proposed or required modified payment terms with respect to the retained liens.

(G) <u>Required Good Faith Deposit</u>.  By the Bid Deadline, a Qualified Bidder must deposit with the Debtor a good faith deposit (the "<u>Good Faith Deposit</u>") of $50,000.00.  The Good Faith Deposit must be made by certified check or wire transfer and will be held by the Debtor's counsel as Escrow Agent.

(H) <u>Qualified Bid</u>. Subject to the terms of this Paragraph, a bid received by the Bid Deadline from a Qualified Bidder that meets the requirements of this Motion is considered a "<u>Qualified Bid</u>." The Debtor reserves the right to waive noncompliance with any one or more of these requirements and deem any otherwise non-qualifying bid to be a Qualified Bid. A Qualified Bid will be evaluated based upon factors such as: (a) the purported amount of the Qualified Bid; (b) the fair, net value to be provided to the Debtor under the Qualified Bid; (c) the ability to close or the likelihood of closing the proposed sale transaction without delay; and (d) any other factors that the Debtor may deem relevant.

(I) <u>Rejection of Bid</u>. Notwithstanding the foregoing, the Debtor shall be entitled to reject any bid, in its discretion after consultation with the Debtor, if the bid:

1. is on terms that are materially more burdensome or conditional than the terms of this Motion;

2. requires any indemnification of such Qualified Bidder in its letter Agreement;

3. is not received by the Bid Deadline;

4. includes a non-cash instrument or similar consideration;

5. requires any regulatory or other approval that would delay the closing;

6. does not satisfy the requirements of this Paragraph; or

7. contains any material conditions precedent to closing.

Any bid rejected pursuant to this Paragraph, Subsection (I) shall be deemed not to be a Qualified Bid.

(J) <u>Auction</u>.  In the event an Objection and a Qualified Bid are timely filed, the Debtor will conduct an Auction which will commence at 10:00 a.m. Central Time on December 2, 2008.  The Auction will be conducted by the Debtor at the United States Bankruptcy Court for the Southern District of Mississippi, United States Bankruptcy Courthouse, 100 East Capitol Street, Jackson, MS 39201.

(K) <u>Qualified Participants</u>.  Unless otherwise ordered by the Bankruptcy Court for cause shown, only a Qualified Bidder that has submitted a Qualified Bid and the Buyer are eligible to participate in the Auction.  Any secured lenders to the Debtor whose collateral is part of the Assets to be sold and their respective representatives are permitted to attend the Auction and observe the Auction.

(L) <u>Bidding Process; Minimum Bids and Selection of Successful Bidder</u>.  At the commencement of the Auction, the Debtor shall identify the prevailing highest and best Qualified Bid, which shall exceed the Buyer's Bid by a minimum of ten percent (10%).  Once the Auction commences, the next three bids for the Assets shall be a minimum of five percent (5%) greater than the preceding Auction bid, and thereafter, any bid shall be a minimum of one percent (1%) higher than the preceding Auction bid, or in such other increments that the Debtor or the Court determine to be reasonable and in the best interest of the estate.  Upon completion of the Auction, the Debtor shall select the Successful Bidder, if any, that has submitted the bid, if any, which represents the highest and best offer and is in the best interest of the Debtor, its estate and its creditors (the "<u>Successful Bid</u>").

(M) <u>Debtor's Discretion</u>.  The Debtor shall conduct the Auction in accordance with this Paragraph 17.  The Debtor, may further conduct the Auction in any manner deemed reasonably prudent to obtain the highest and best result for the estate.

(N) <u>Successful Bidder</u>.  Immediately at the conclusion of the Auction, the Debtor shall advise the Court of the Successful Bidder and the amount and other material terms of the Successful Bid.  Because all bids are irrevocable, the Debtor shall also include the second highest bid who will become the "<u>Back-up Bid</u>" to be approved in case the Successful Bid fails to close, and the third highest bid who will become the "<u>Alternate Back-up Bid</u>" in case the Back-up Bid fails to close.

(O) <u>Sale Hearing</u>.  A hearing with respect to the Sale Motion will take place at the later of: (a) 11:00 a.m. Central Time on December 2, 2008, or (b) immediately at the conclusion of the Auction, at which Sale Hearing the Debtor will seek the entry of a final order from the Bankruptcy Court approving and authorizing the proposed sale to the Successful Bidder on terms and conditions substantially consistent with the Sale Procedures.  The Debtor will also seek to have the second highest bid approved as the "Back-up Bid" in case the Successful Bidder is unable to close and the third highest bid who will become the "Alternate Back-up Bid" in case the Back-up Bid fails to close.

    (P)    <u>Application of Good Faith Deposit</u>.  The Good Faith Deposit submitted by the Successful Bidder, together with all interest thereon, if any, shall be applied against the payment of the purchase price, as defined in the relevant asset purchase agreement, at the closing of the sale to the Successful Bidder.  The Good Faith Deposit, together with all interest accrued thereon, if any, shall be returned to any Qualified Bidder whose bid was not the Successful Bid, the "Back-up Bid" or the  "Alternate Back-up Bid." Upon closing of the Successful Bid, the Good Faith Deposit, together with all interest accrued thereon, shall be returned to the Qualified Bidder holding the Back-up Bid and the "Alternate Back-up Bid," but if the Successful Bidder fails to consummate the Successful Bid in accordance with the terms of the Purchase Agreement, the Debtor will retain the Good Faith Deposit of the Successful Bidder as liquidated damages, and the Back-up Bidder will become the Successful Bidder and the Good Faith Deposit submitted by the Back-up Bidder, together with all interest thereon, if any, shall be applied against the payment of the purchase price, as defined in the relevant asset purchase agreement, at the closing of the sale to the Back-up Bidder.

**PLEASE BE FURTHER ADVISED** that pursuant to the Sale Motion, the Debtor seeks authority to sell the Assets free and clear of any liens, claims, interests and encumbrances to the Buyer, or to the Successful Bidder submitting a higher and better offer as set forth therein.

**PLEASE BE FURTHER ADVISED** that all requests for information concerning either the Purchased Assets or the Sales Procedures should be directed in writing to Stephen W. Rosenblatt, Butler, Snow, O'Mara, Stevens & Cannada, PLLC, 17th Floor, Regions Plaza, 210 East Capitol Street, Jackson, MS 39201.

Dated:  November 7, 2008

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
Email: steve.rosenblatt@butlersnow.com
jack.crawford@butlersnow.com
paul.ellis@butlersnow.com

Jackson 3439120v.1