U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 0 7 2008
DANNY L. MILLER, CLERK
BY_____DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In re: )
)
**WAREHOUSE 86, LLC** ) CASE NO. 08-03423-EE
) Chapter 11
Debtor )
_____ )

### ORDER GRANTING AUTHORITY TO PAY CERTAIN PRE-PETITION EMPLOYEE OBLIGATIONS AND POST-PETITION WORKERS COMPENSATION PREMIUMS
(Dkt. # 11)

THIS MATTER came on for consideration on the *Motion for Authority to Pay Certain Pre-Petition Employee Obligations and Post-Petition Workers Compensation Premiums* (the "Motion") (Dkt. # 11), filed by Warehouse 86, LLC, the Debtor and debtor-in-possession herein (the "Debtor"). The Court, being fully advised in the premises, is of the opinion that the Motion is well-taken and should be approved, and finds as follows:

1. On November 4, 2008 (the "Petition Date"), Debtor filed its Voluntary Petition under Chapter 11 of the Title 11 United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business and manage its properties and assets as debtor-in-possession.

2. No official committee of unsecured creditors has been appointed in this case.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Sections 105(a), 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor has requested that the Court authorize it to pay its ordinary course pre-petition Wage and Employee Obligations, all of which are set forth below.

5. To minimize the personal hardship that the Debtor's employees will suffer if pre-petition employee-related obligations are not paid when due, and to maintain the employees' morale during this critical time, the Debtor has sought authority to pay certain pre-petition claims for, among other items, wages, salaries, commissions and other compensation, and federal and state withholding taxes that the Debtor pays in the ordinary course of business.

6. The Debtor has represented that it employs an aggregate total of approximately 20 employees. The Debtor pays these employees' wages, salaries and other compensation weekly in the ordinary course of the Debtor's businesses. The Company pays Automatic Data Processing, Inc. ("ADP") a sufficient amount each Wednesday to meet all payroll obligations of the Debtor on that Friday for the preceding week's gross payroll. The aggregate weekly gross payroll of the Company is approximately $25,000.00. No payment to any individual hereunder shall exceed the $10,950.00 administrative expense claim amount limitation set forth in 11 U.S.C §507(a)(4).

7. With respect to the most immediate pay period, the Company's employees are to be paid on Friday, November 7, 2008 for work performed during the week beginning October 27, 2008.

8. The Debtor has represented that certain employees also may be entitled to reimbursement of ordinary business expenses incurred in connection with travel, telephone, vehicle, seminar and other business activities ("Reimbursable Expenses"). All such expenses are incurred on behalf of the Debtor and in the furtherance of the Debtor's businesses, and the employees understood at the time they incurred such expenses that they would be timely reimbursed therefor.

9. The Debtor believes that, as of its Petition Date, accrued pre-petition wages, salaries, overtime, jury, holiday, vacation and paid leave, as well as Reimbursable Expenses (collectively "Unpaid Compensation"), which accrued during the most recent pay periods (and within 90 days prior to the filing of the petitions herein) may exist but may remain unpaid. Items of Unpaid Compensation that may be due and owing but may be unpaid on the Petition Date as a result of the following, among other things:

    (a)    the filing of the Chapter 11 petition took place during the regular and customary salary and hourly wage payroll periods;

    (b)    some payroll checks issued to employees prior to the Petition Date may not have been presented for payment or cleared the banking system and, accordingly, have not been honored and paid; and

    (c)    employees have not yet been paid all of their salaries, wages or other compensation for services previously rendered on behalf of the Debtor.

10. The Motion seeks to pay employees in the Motion relates only to Unpaid Compensation owed to those individuals who were actively employed on the Petition Date.

11. In addition to compensation, the Debtor has represented that it deducts from its employees' paychecks some or all the following items (collectively "Employee Deductions"):

    (a)    Payroll taxes and the employees' portion of FICA taxes; and

    (b)    legally ordered deductions, such as garnishments, child support and tax levies.

12. The Debtor regularly deducts the Employee Deductions from the employees' paychecks and forwards it to the appropriate third party recipients. Thus, these Employee

Deductions are trust funds that are not property of the estate the payment of which will prejudice no creditor or interested party herein.

13. The Employee Deductions for the most recent pay periods were or will be withheld by the Debtor as is usually and customarily done. However, due to the commencement of this Chapter 11 case, some or all of these funds may not yet have been or will be timely forwarded to the appropriate third party recipients.

14. Most of the Debtor's employees rely exclusively on receiving their full compensation as and when due in order to continue to pay their daily living expenses. These employees will face exposure to potentially significant financial hardship if the Debtor is not permitted to pay the Unpaid Compensation and Employee Deductions. It is important, therefore, that the payroll cycle is not interrupted.

15. With respect to those Employee Deductions that the Debtor makes at the direction of courts or other governmental authorities, *e.g.*, garnishments or bankruptcy wage orders, the Debtor's failure to continue making such payments will not only subject employees to hardship and potential legal action but may also subject the Debtor to legal actions for such non-compliance.

16. Furthermore, a failure to honor these obligations will severely threaten employee morale and loyalty at a time when their continued dedication and support is critical to the Debtor. Any uncertainty or anxiety aroused with regard to these matters will be detrimental to the Debtor's ability to successfully begin its reorganization efforts and the Debtor's ability to retain its employees. The avoidance of such threats to the welfare of the Debtor's employees, and therefore to the Debtor's reorganization efforts, can and should be avoided by granting the

authority requested the Motion, and the granting of such relief is clearly in the best interests of the Debtor's estate, its employees and all interested parties.

17. The Debtor is required by each state in which it has employees to provide workers compensation coverage. The Debtor is insured in an amount consistent with the required coverage under applicable state law under its insurance policies with AIG – American International Companies for its operations in Mississippi, Alabama and Utah. The annual premium under the renewal policy, will become effective when the present policy expires on or about November 13, 2008, is approximately $23,449.00, which is significantly less than the annual premium of its present policy ($71,603.00), and the Debtor is in the process of having that insurance policy renewed. In the event a renewal policy is issued, the Debtor will be required to make a deposit of approximately $4,700.00, and thereafter make monthly premium payments of approximately $2,094.00 for nine months.

18. The Debtor has requested authority to pay all amounts owed for premiums to its workers compensation insurer as and when due for post-petition amounts in the ordinary course of business in order to remain in compliance with applicable laws and to provide these necessary benefits to its employees.

19. The Debtor has submitted that the Court is authorized to grant the relief requested pursuant to Section 105(a), which provides in pertinent part that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Further, Section 105(a), in conjunction with Sections 1107(a) and 1108, fully permit and authorize the Court to enter such an order approving the Motion.

20. As a fiduciary to the creditors and equity holders of the Debtor's estate, the Debtor is obligated to protect and preserve the value of the estate. *See, e.g., In re Orion Pictures*

*Corp.*, 4 F.3d 1095, 1098-99 (2d Cir. 1993)(emphasizing best interests of estate); 7 *Collier On Bankruptcy* ¶1107.02[4] (15th ed. revised). The bankruptcy estate now before the Court is clearly most valuable as going concern, and the continued and uninterrupted operation of the Debtor's business is vital to sustaining its value. Ensuring that employees are timely paid and remain on the job is essential to the Debtor's preservation of the value of the estate and its ability to most successfully reorganize in a fashion that is best for all interested parties.

21. The Debtor must have its employees to continue operating. Any threat to its continued employment or to employee morale risks tremendous potential harm to the Debtor's ability to continue or maintain operations at its current levels and without interruption. Therefore, the Debtor believes that immediate payment of these claims, together with continuation of the Debtor's plans and policies accompanying employment, is the most practical and provident mechanism for accomplishing the goals of the Debtor's reorganization.

22. Because all of the amounts to be paid as Employee Obligations are entitled to priority status under Section 507(a) and will have to be paid in full in order to confirm a plan of reorganization, the payment of the Unpaid Compensation will only affect the timing and not the amount of employees' claims. Thus, these amounts must be paid in order for the Debtor to confirm a plan. None of the Unpaid Compensation amounts exceed the amounts set forth in Section 507(a).

23. Accordingly, payment of the Employee Obligations and continuation of all Employee Benefit Plans and Employee Policies are equally vital to the health and welfare of the Debtor's employees and to the Debtor's ability to successfully commence its reorganization without imposing possible immediate and irreparable harm to its valued employees or its estate.

24. The authority to grant this relief is further based on the Doctrine of Necessity, which has been explained by the Third Circuit and which "teaches no more than, if payment of a claim that arose prior to reorganization is essential to the continued operation of the [business] during the reorganization, payment may be authorized even if it is made out of corpus." *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3rd Cir. 1981); *see also In re Sharon Steel Corp.*, 159 B.R. 730, 737 (Bankr. W.D. Pa.. 1993)(holding same). Courts have further specifically authorized payment under the Doctrine of Necessity to satisfy pre-petition claims of employees as are being requested herein. In *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989), the employees of Eastern Air Lines were authorized under the Doctrine of Necessity, and with the court's reliance on its powers under Section 105(a), to make these type payments in order to retain its employees and to maintain positive employee morale -- both of which factors were deemed critical to the rehabilitation and operation of an operating debtor.

25. Therefore, the Debtor has requested that the Court exercise its authority under Section 105(a) and otherwise to authorize payment of the Employee Obligations and continuation of the Employee Benefit Plans and the Employee Policies as relief necessary to enable the Debtor to fulfill its duties as Debtor-in-possession and to effectively reorganize under Chapter 11.

26. Additionally, the Debtor has requested that the Court include in any order granting this Motion authorization for and a directive to the Debtor's banks and financial institutions to process, honor, receive and pay all checks and fund transfer requests made by the Debtor pertaining to the Debtor's payroll and the Employee Obligations set forth herein. The Debtor represents to the Court that adequate funds exist in its accounts to satisfy the Employee Obligations.

IT IS THEREFORE, ORDERED that the following relief is granted:

A. The Motion is approved in full;

B. The Debtor is authorized to pay the Employee Obligations;

C. The Debtor is authorized to pay the Employee Deductions;

D. The Debtor is authorized to pay all post-petition workers compensation deposits and premiums as and when due; and

E. The Debtor's bank is authorized to process, honor, receive and pay all checks and fund transfer requests made by the Debtor pertaining to the Debtor's payroll and the Employee Obligations set forth herein.

SO ORDERED, this the 7th day of November, 2008.

_____
EDWARD ELLINGTON
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM:

_____
Stephen W. Rosenblatt (MS Bar No. 5676)
Attorney for Debtor

_____
Ronald H. McAlpin
Office of the United States Trustee