U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 07 2008
DANNY L. MILLER, CLERK
BY_____ DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In re: )
)
WAREHOUSE 86, LLC ) CASE NO. 08-03423-EE
) Chapter 11
Debtor )
_____ )

**ORDER GRANTING MOTION FOR AUTHORITY TO PAY POST-PETITION
INSTALLMENTS ON INSURANCE POLICIES NECESSARY
TO MAINTAIN INSURANCE COVERAGE
(Dkt. # 14)**

THIS MATTER came on for consideration on the *Motion for Authority to Pay Post-Petition Installments on Insurance Policies Necessary to Maintain Insurance Coverage* (the "Motion") (Dkt. # 14) filed by Warehouse 86, LLC, the Debtor and debtor-in-possession herein (the "Debtor"). The Court finds that the Motion is well-taken and should be approved, and further finds as follows:

1. On November 4, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code"). No creditors' committee has yet been appointed in this case by the United States Trustee. The Debtor is continuing in possession of its property and is operating its businesses in the ordinary course as Debtor in possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein are Sections 363 and 364 of the Bankruptcy Code.

4. The Debtor maintains various types of insurance and surety bonds in the ordinary course of operating its business. The types of insurance policies held by the Debtor (the "Policies") include coverage for property, automobile, commercial general liability, umbrella, and workers compensation.[1] There are no life insurance policies covered by this Order. All of these policies are essential to the preservation of the Debtor's estate, business and property. Furthermore, coverage is in some instances required pursuant to applicable contracts, rules or regulations governing the Debtor's business. By the Motion, the Debtor has sought the authority to continue to pay the Post-Petition payments set forth in Exhibit "A" thereto necessary to maintain insurance coverage that is currently in effect or to secure new, replacement insurance coverage.

5. All of these insurance premiums are annual premiums, but are paid over several months. Typically, these premiums are paid with a first-month deposit in an amount which is the equivalent of approximately three months, and thereafter monthly payments for approximately nine months. If the Debtor fails to make a required payment under this arrangement, the policies may be terminated and coverage could lapse.

6. The Debtor requested in the Motion the Court's permission to honor its obligations under the Policies, and specifically including the authority to pay, as the Debtor deems necessary, any and all insurance premiums, payments with respect to premiums that are or will become due under the Policies, including any such premiums or payments with respect to financed premiums that may have accrued or become due in part prior to the filing of the Debtor's Petition. The Debtor has sought such authority in order to prevent cancellation, default,

---

[1] The Debtor has requested that the insurance premium related to the Debtor's workers compensation be authorized under the Motion for Authority to (i) Pay Certain Pre-Petition Employee Obligations and (ii) Continue Employee Plans and Policies; however, out of an abundance of caution, the Debtor includes it in this Motion also.

lapse, assignment or any form of impairment of the coverage presently provided under the Policies and to insure uninterrupted insurance coverage of its businesses, assets and employees.

7. Additionally, in the event it is financially advantageous to the Debtor to maintain the current Policies instead of seeking and obtaining new policies to replace the Policies, the Debtor would like to have that option, which may very well prove to be less costly and more beneficial to the Debtor and its estate. The Debtor believes that the ability to elect whether to maintain its current coverage under the Policies or to obtain new Policies is advantageous to all interested parties herein.

8. In order to prevent any potentially irreparable harm to the Debtor's estate, property or business operations, and to avoid undue administrative and financial burdens, the Debtor is authorized to honor its obligations under the Policies, specifically including making any and all payments of installments for Policy premiums necessary to prevent any impairment of the Policies or the coverage provided thereunder.

9. Due to the importance of maintaining continued insurance coverage with respect to all of its business activities and preservation of the Debtor's assets and its estate, the authority to continue in effect the Policies is in the best interest of its estate and all interested parties.

10. The Court is authorized to grant the relief requested pursuant to Section 105(a), which provides in pertinent part that "the Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Further, the Debtor has represented that Section 105(a), in conjunction with Section 1107(a), fully permits and authorizes the Court to enter such an Order approving the Motion. The Debtor has further submitted that such insurance coverage is required by various regulations, law and contracts that govern the Debtor's business conduct, including, but not limited to, the Chapter 11 Operating

Guidelines and Reporting Requirements of the United States Trustee, Region 5, Judicial District of Louisiana and Mississippi.

11. As a fiduciary to the creditors and equity holders of the Debtor's estate, the Debtor must seek to protect and preserve the value of the bankruptcy estate. The bankruptcy estate is clearly most valuable as a going concern, and the continued and uninterrupted operation of the Debtor's business is vital to sustaining its value. Maintaining adequate insurance is essential to the Debtor's preservation of the value of the estate and is required by the guidelines of the United States Trustee.

12. Accordingly, pursuant to Section 105(a), the Court is fully authorized to grant the Debtor this necessary relief in the interest of preserving the estate.

IT IS THEREFORE, ORDERED, that:

A. The Motion is granted in its entirety; and

B. The Debtor authorized to honor its obligations under the Policies of the types stated herein and, specifically, to pay, as deemed necessary by the Debtor, all obligations that are or will become due under the Policies, including any such premiums, payments with respect to installment premiums that may have accrued or become due, in whole or in part, prior to the filing of the Debtor's Petition, in order to maintain and continue coverage thereunder.

SO ORDERED, this the 7th day of November, 2008.

EDWARD ELLINGTON
UNITED STATES BANKRUPTCY JUDGE

-4-

APPROVED AS TO FORM:

_____
Stephen W. Rosenblatt (MS Bar No. 5676)
Attorney for Debtor

_____
Ronald H. McAlpin
Office of the United States Trustee

# CERTIFICATE OF NOTICE

```
District/off: 0538-3           User: dsawyer              Page 1 of 1            Date Rcvd: Nov 07, 2008
Case: 08-03423                 Form ID: pdf012            Total Served: 1

The following entities were served by first class mail on Nov 09, 2008.
dbpos         +Warehouse 86, LLC,   5 River Bend Place, Ste D,   Flowood, MS 39232-7618

The following entities were served by electronic transmission.
NONE.                                                                                            TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Nov 09, 2008**                        Signature:    _Joseph Speetjens_