U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED

NOV 0 7 2008

DANNY L. MILLER, CLERK
BY_____DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| **WAREHOUSE 86, LLC** ) | CASE NO. 08-03423-EE |
| ) | **Chapter 11** |
| Debtor ) | |
| _____) | |

**ORDER GRANTING EMERGENCY MOTION (A) AUTHORIZING INTERIM USE OF CASH COLLATERAL; (B) PROVIDING ADEQUATE PROTECTION UNDER 11 U.S.C. §§ 361 AND 363; AND (C) SETTING DATE FOR FINAL HEARING ON USE OF CASH COLLATERAL OF STUART M. IRBY**
(Dkt. # 9)

THIS MATTER came on for consideration on the Emergency Motion (1) Authorizing Interim Use of Cash Collateral; (2) Providing Adequate Protection under 11 U.S.C. §§ 361 and 363; and (3) Setting Date for Final Hearing on Use of Cash Collateral of Stuart M. Irby (the "Motion") (Dkt. #9) filed by Warehouse 86, LLC, the Debtor and debtor-in-possession herein (the "Debtor"), with respect to Cash Collateral of Stuart M. Irby ("Irby"). The Court, being fully advised in the premises, is of the opinion that the Motion is well-taken and should be approved, and finds and orders as follows:

1. On November 4, 2008 (the "Petition Date"), Debtor filed its Voluntary Petition under Chapter 11 of the Title 11 United States Code (the "Bankruptcy Code"). Debtor operates an on-line auction business from its offices in Flowood, Mississippi and Memphis, Tennessee, as well as from leased warehouse facilities in Ogden, Utah and Memphis, Tennessee. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business and manage its properties and assets as Debtor in possession.

2. No official committee of unsecured creditors has been appointed in this case.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The statutory bases for the relief requested herein are Sections 361 and 363 of title 11 of the United States Code (11 USC. § 101 et seq., as amended, the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. The Debtor has filed the Motion to incur debt in an amount up to $500,000 as debtor-in-possession financing from DIP Lender under the terms and conditions set forth therein (the "DIP Loan"), and the Court has entered an interim Order in connection therewith (the "Interim Order"). The Interim Order referred to is incorporated herein in full as well as all of its terms, all of which have been negotiated and agreed upon between the Debtor and DIP Lender.

6. In addition to, and in connection with, the DIP Loan, the Debtor has requested that the Court grant it, on an interim basis in accordance with the specific terms and conditions contained in Interim Order, authorization and approval, pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b)(1), to use cash that constitutes Irby's Cash Collateral as well as the cash that constitutes cash collateral of DIP Lender for a period of time of up to ninety (90) days.

7. The Debtor has stipulated and agreed that the Irby Indebtedness is valid and enforceable in the amount stated in the Interim Order, and that the liens and security interests of Irby in the Irby Pre-Petition Collateral are valid and properly perfected and senior in priority to those held by all others, except with respect to any superpriority lien or security interest granted by the Court to DIP Lender in connection with the DIP Loan.

8. The Debtor has proposed to grant adequate protection to Irby by, among other things, preserving the going concern value of the Irby Collateral and by selling the Irby Collateral as soon as reasonably practical as a part of a sale under 11 U.S.C. § 363(f) to maximize its value.

9. In accordance with Bankruptcy Rule 4001(b)(2), the Debtor has requested that this Court schedule the Final Hearing and approve notice with respect thereto, all as more fully described in the proposed Interim Order.

10. The Debtor has an immediate need to use the Irby Cash Collateral for the purpose of meeting necessary expenses incurred in the ordinary course of its business, including payroll, costs of continued provision for goods and services to the residents of its facilities and the costs associated with its restructuring and these proceedings.

11. The Debtor's inability to use Irby Cash Collateral would likely result in an immediate cessation of the ongoing operations of the Debtor's business and would most certainly cause irreparable harm to the Debtor's estate.

12. The continued use by the Debtor of Irby Cash Collateral and the use of the DIP Loan proceeds upon the terms contained in the Interim Order are the only sources of funding the Debtor's ongoing operations as it prepares to sell its assets, and it is in the best interests of the Debtor, all of its creditors and its estate to permit the Debtor to continue to use the Irby Cash Collateral. Such continued use imposes no prejudice or harm on any party-in-interest.

13. All Cash Collateral now existing and hereafter acquired will be deposited and maintained by the Debtor in the ordinary course of business consistent with its pre-petition practice (which the Debtor has requested the authority to continue as set forth in its Emergency

Motion for Authorization to Maintain Pre-Petition Bank Accounts and Cash Management System filed with the Motion) and the provisions of the Interim Order.

14. Pursuant to Bankruptcy Rule 4001(b), the Debtor requested that the Court conduct a preliminary expedited hearing as soon as practicable (the "Preliminary Hearing") to enter the Interim Order authorizing the Debtor to use Cash Collateral pending the Final Hearing.

15. The relief requested in the Motion is necessary in order to avoid immediate and irreparable harm and prejudice to the Debtor's estate and to all parties in interest in the Debtor's chapter 11 case. The Debtor has an urgent and immediate need to use Cash Collateral to continue its business operations while prosecuting this chapter 11 case.

16. Notice of this Motion has been given to: (i) the United States Trustee; (ii) Irby's counsel; and (iii) the DIP Lender and its counsel. In light of the nature of the relief requested, no further notice is required.

IT IS, THEREFORE, ORDERED, that:

A. The Motion is granted in all respects;

B. The Debtor is authorized to the use of cash collateral of the Irby Collateral under the terms of this Order; and

C. A Final Hearing on the relief requested herein be scheduled for December 2, 2008 at 11:00 a.m.

SO ORDERED, this the 7th day of November, 2008.

EDWARD ELLINGTON
UNITED STATES BANKRUPTCY JUDGE

-4-

APPROVED AS TO FORM:

*[signature]*

Stephen W. Rosenblatt (MS Bar No. 5676)
Attorney for Debtor

*[signature] by permission*

Richard A. Montague, Jr.
Attorney for Secured Creditor, Stuart M. Irby

*[signature]*

Ronald H. McAlpin
Office of the United States Trustee

Jackson 341730 1v.1

-5-

# CERTIFICATE OF NOTICE

```
District/off: 0538-3          User: dsawyer             Page 1 of 1         Date Rcvd: Nov 07, 2008
Case: 08-03423                Form ID: pdf012           Total Served: 1

The following entities were served by first class mail on Nov 09, 2008.
dbpos        +Warehouse 86, LLC,   5 River Bend Place, Ste D,   Flowood, MS 39232-7618

The following entities were served by electronic transmission.
NONE.                                                                                       TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Nov 09, 2008**                                     Signature:       *Joseph Speetjens*