IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In re:

WAREHOUSE 86, LLC                                           CASE NO. 08-03423-EE
                                                            Chapter 11
        Debtor

APPLICATION OF DEBTOR TO EMPLOY
HADDOX, REID, BURKES & CALHOUN, PLLC AS ITS ACCOUNTANTS
AND DISCLOSURE OF COMPENSATION

      Warehouse 86, LLC, the Debtor and debtor-in-possession herein ("Debtor"), by its attorneys, files this *Application of Debtor to Employ Haddox Reid Burkes & Calhoun PLLC as its Accountants and Disclosure of Compensation* and in support thereof presents to the Court the following facts:

      1.    On November 4, 2008 (the "Petition Date"), Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its assets as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

      2.    An official Committee of Unsecured Creditors was appointed in this case on November 19, 2008.

      3.    This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. Venue is proper under 28 U.S.C. §§1408 and 1409.

      4.    By this Application, Debtor seeks to employ and retain Haddox Reid Burkes & Calhoun PLLC ("Haddox Reid") *nunc pro tunc* as of November 4, 2008, as its Accountants to perform the following accounting services that will be necessary during its Chapter 11 case, specifically to assume primary responsibility for the preparation and filing of all necessary tax

returns for the Debtor and any of its wholly owned affiliates, specifically including but not limited to G86, LLC, C86, LLC and Bidtopia, LLC, and any work reasonably related thereto.

4. Applicant has discussed with Paul Calhoun of Haddox Reid his availability to be employed as Debtor's accountants in this case and to perform the services required by this estate.

5. For the foregoing and all other necessary and proper purposes, the Applicant desires to retain Paul Calhoun of Haddox Reid as its accountant in this case.

6. Applicant is informed and believes that Paul Calhoun of Haddox Reid has the appropriate accounting skills needed to perform the service of providing the accounting services required by this estate. Paul Calhoun of Haddox Reid has agreed to perform these services and thereafter make application to this Court for compensation and has agreed to accept as his fees such amount as determined by the Court.

7. It is contemplated that Haddox Reid will seek compensation at the following hourly rates: $250 per hour for Paul Calhoun and other members; $144 per hour for Steve McKenzie and other senior accountants (through June 2009); and $25.00 per hour for support staff, plus expenses. It is further contemplated that Haddox Reid will seek interim compensation as permitted by 11 U.S.C. §331.

8. Furthermore, Haddox Reid will require the payment of a security retainer of $40,000.00 to cover its anticipated expenses for post-petition services rendered for the Debtor for years 2008 and 2009. This retainer was calculated based on the historical amounts incurred by Warehouse 86, LLC annually, adjusted for the anticipated accounting and tax complexities associated with the sale of substantially all of its assets. The retainer will be held in trust by Haddox Reid and will not be disbursed without approval by the Bankruptcy Court. Furthermore,

any unused portion of this retainer will be paid over to the bankruptcy estate at the conclusion of this case.

9. Applicant has determined that Paul Calhoun of Haddox Reid is a disinterested person in the meaning of 11 U.S.C. §101(13). While Haddox Reid had a small account receivable owed to it by the Debtor for unbilled pre-petition services ($212.50), Haddox Reid has agreed to waive that claim against the Debtor.

10. To the best of applicant's knowledge, Paul Calhoun of Haddox Reid has no connections with the creditors herein or any other party-in-interest or their respective attorneys and accountants, or with the Office of the United States Trustee, or any employees of the Office of the United States Trustee, which are prohibited, which would interfere with or hinder the performance of accountants' duties herein, or which need to be described herein other than to disclose that Haddox Reid performs accounting and tax work for one former creditor of the Debtor (Stuart Irby) and has prepared the income taxes for a member of the Debtor (Ernest K. Strahan III) and for a former member of the Debtor (Eric Eilertsen). See Affidavit of Paul Calhoun attached hereto as Exhibit "A."

WHEREFORE, the Debtor requests that it be authorized to employ Paul Calhoun and Haddox Reid as its accountant to render services described in the foregoing application with compensation to be paid as an administrative expense in such amounts as this Court may hereinafter determine and allow, effective as of the date of the Order for relief herein.

Respectfully submitted, this the 17th day of December, 2008.

WAREHOUSE 86, LLC

*s/ Stephen W. Rosenblatt*
Stephen W. Rosenblatt (MS Bar No. 5676)
John A. Crawford, Jr, (MS Bar No. 10346)
Paul M. Ellis (MS Bar No. 102259)
ATTORNEYS FOR DEBTOR

OF COUNSEL:
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500

## CERTIFICATE OF SERVICE

I certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically, including:

Ronald H. McAlpin, Esq. (MB No. 2182)
Trial Attorney, Office of the U.S. Trustee
A. H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
Ronald.McAlpin@USDOJ.gov

and by United States Mail, postage prepaid, to the members of the Creditors Committee:

Ms. Teresa M Shipe
Katt Worldwide Logistics, Inc.
4102 So. Mendenhall Road
Memphis, TN 38115

Edwin W. Christensen, Esq.
Overstock.com, Inc.
6350 S. 3000 E.
Salt Lake City, Utah 54212

-5-

Mr. Bobby Thomas
Thomas Sales & Services, Inc.
2300 Sitler St., Bldg. 685
Memphis, TN 38114

This, the 17th day of December, 2008.

*/s/ Stephen W. Rosenblatt*
Stephen W. Rosenblatt

Jackson 3492943v.1

Exhibit "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| **WAREHOUSE 86, LLC** ) | **CASE NO. 08-03423-EE** |
| ) | **Chapter 11** |
| Debtor ) | |
| ) | |

## AFFIDAVIT

**STATE OF MISSISSIPPI**
**COUNTY OF HINDS**

PERSONALLY APPEARED BEFORE ME, the undersigned authority, in and for the jurisdiction aforesaid, Paul Calhoun, (the "Affiant") of Haddox Reid Burkes & Calhoun PLLC (the "Firm"), who after having been by me first duly sworn, stated on oath as follows:

1. This Affidavit is submitted in support of the Application of Debtor to Employ the Firm as its Certified Public Accountants and Disclosure of Compensation (the "Application").

2. Presently, the hourly rates for Haddox Reid Burkes & Calhoun PLLC professionals and paraprofessionals as accountants are as follows: $250 per hour for Paul Calhoun and other members; $144 per hour for Steve McKenzie and other senior accountants; and $25.00 per hour for support staff, plus expenses. These current hourly rates are subject to periodic increases in the normal course of business. The Firm proposes to bill at the rates set forth herein and will submit requests for compensation to the Court for approval. These rates are the same as or less than the rates charged for such services where the compensation is not paid by a bankruptcy estate.

3. Neither the Affiant, nor the Firm, represents interests adverse to the Debtor or the estate and matters upon which the Firm is to be engaged. While Haddox Reid had a small

account receivable owed to it by the Debtor for unbilled pre-petition services ($212.50), Haddox Reid has agreed to waive that claim against the Debtor. Further, Haddox Reid performs accounting and tax work for one former creditor of the Debtor (Stuart Irby) and has prepared the income taxes for a member of the Debtor (Ernest K. Strahan III) and for a former member of the Debtor (Eric Eilertsen).

4.   To the best of Debtor's knowledge, the Firm has no connection with any of the creditors herein or to any other party-in-interest or with the office of the United States Trustee, or any employees of the office of the United States Trustee which are prohibited, which would interfere with or hinder the performance of counsels' duties herein, or which need to be described herein, and its employment would be in the best interest of the estate.

FURTHER AFFIANT SAYETH NAUGHT.

_____
PAUL CALHOUN

## VERIFICATION

SWORN AND SUBSCRIBED before me, the undersigned authority, on this the 17th day of December, 2008.

_____
NOTARY PUBLIC

Jackson 3510520v.1

7-29-2010