IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In re:

WAREHOUSE 86, LLC          CASE NO. 08-03423-EE
                      Chapter 11
      Debtor

ORDER GRANTING APPLICATION OF DEBTOR TO EMPLOY
HADDOX, REID, BURKES & CALHOUN, PLLC AS ITS ACCOUNTANTS
[Dkt. #077]

THIS CAUSE came before the Court upon the Application of Warehouse 86, LLC, the Debtor and debtor-in-possession herein ("Debtor"), by its attorneys, to Employ Haddox Reid Burkes & Calhoun PLLC ("Haddox Reid") as its Accountants (the "Application"). The Court finds that the Application is well taken and should be approved, and further finds as follows:

1. On November 4, 2008 (the "Petition Date"), Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its assets as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. An official Committee of Unsecured Creditors was appointed in this case on November 19, 2008.

3. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. Venue is proper under 28 U.S.C. §§1408 and 1409.

4. The Debtor is authorized to employ and retain Haddox Reid Burkes & Calhoun PLLC ("Haddox Reid") *nunc pro tunc* as of November 4, 2008, as its Accountants to assume primary responsibility for the preparation and filing of all necessary tax returns for the Debtor and any of its wholly owned affiliates, specifically including but not limited to G86, LLC, C86,

LLC and Bidtopia, LLC, during the pendency of this Chapter 11 case, and any work reasonably related thereto.

4. Haddox Reid has the appropriate accounting skills needed to perform the service of providing the accounting services required by the Debtor's bankruptcy estate.

5. Haddox Reid is a disinterested person in the meaning of 11 U.S.C. §101(13). While Haddox Reid had a small account receivable owed to it by the Debtor for unbilled pre-petition services ($212.50), Haddox Reid has agreed to waive that claim against the Debtor. Haddox Reid has no connections with the creditors herein or any other party-in-interest or their respective attorneys and accountants, or with the Office of the United States Trustee, or any employees of the Office of the United States Trustee, which are prohibited, which would interfere with or hinder the performance of accountants' duties herein, or which need to be described herein other than to disclose that Haddox Reid performs accounting and tax work for one former creditor of the Debtor (Stuart Irby) and has prepared the income taxes for a member of the Debtor (Ernest K. Strahan III) and for a former member of the Debtor (Eric Eilertsen), all as reflected in the Affidavit of Paul Calhoun attached hereto as Exhibit "A."

6. Haddox Reid has agreed to perform these services and thereafter make application to this Court for compensation and has agreed to accept as his fees such amount as determined by the Court. It is contemplated that Haddox Reid will seek compensation at the following hourly rates: $250 per hour for Paul Calhoun and other members; $144 per hour for Steve McKenzie and other senior accountants (through June 2009); and $25.00 per hour for support staff, plus expenses. It is further contemplated that Haddox Reid will seek interim compensation as permitted by 11 U.S.C. §331.

7. Haddox Reid will require the payment of a security retainer of $40,000.00 to cover its anticipated expenses for post-petition services rendered for the Debtor for years 2008 and 2009, which retainer was calculated based on the historical amounts incurred by Warehouse 86, LLC annually, adjusted for the anticipated accounting and tax complexities associated with the sale of substantially all of its assets. The retainer must be held in trust by Haddox Reid and may not be disbursed without approval by the Bankruptcy Court. Furthermore, any unused portion of this retainer will be paid over to the bankruptcy estate at the conclusion of this case.

8. The Court approves the retention by the Debtor of Haddox Reid as its accountant to render services described herein on the terms provided herein.

IT IS, THEREFORE, ORDERED that the employment of Haddox Reid Burkes & Calhoun PLLC as accountants for the Debtor be, and it hereby is, approved.

IT IS FURTHER ORDERED that Haddox Reid shall be entitled to receive reasonable compensation, and to receive reimbursement of actual, necessary expenses only after notice and a hearing as contemplated by 11 U.S.C. § 330, as well as Rule 2016, Federal Rules of Bankruptcy Procedure, and any other application or related statutes and rules.

IT IS FURTHER ORDERED that this Order applies to any funds that might be received by Haddox Reid as a retainer or of a similar nature.

IT IS FURTHER ORDERED that any application for compensation and reimbursement for expenses shall set forth the date of entry of all previous orders allowing compensation and expenses and the amounts so allowed.

*Edward Ellington*
Edward Ellington
United States Bankruptcy Judge
Dated: January 20, 2009

APPROVED AS TO FORM:

_____
STEPHEN W. ROSENBLATT (MS BAR NO. 5676)
ATTORNEY FOR DEBTOR

_____
RONALD H. MCALPIN
OFFICE OF THE UNITED STATES TRUSTEE

# CERTIFICATE OF NOTICE

```
District/off: 0538-3          User: ksimmons            Page 1 of 1            Date Rcvd: Jan 20, 2009
Case: 08-03423                Form ID: pdf012           Total Served: 1

The following entities were served by first class mail on Jan 22, 2009.
dbpos         +Warehouse 86, LLC,    5 River Bend Place, Ste D,    Flowood, MS 39232-7618

The following entities were served by electronic transmission.
NONE.                                                                                       TOTAL: 0
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jan 22, 2009**                              **Signature:**        _Joseph Speetjens_