UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

---------------------------------------------------- x
                                                     :    Case No. 08-03423-EE
**In re**                                            :
                                                     :    Chapter 11
**WAREHOUSE 86, LLC,**                               :
                                                     :
        Debtor.                                    :
                                                     :
---------------------------------------------------- x

### MOTION OF SC KIOSKS, INC. AND RADIOSHACK CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY

SC Kiosks, Inc. ("Kiosks") and RadioShack Corporation ("RadioShack"), as and for their Motion for Relief from the Automatic Stay, respectfully represent:

### Requested Relief

1.    By this Motion, Kiosks and RadioShack respectfully request the Court for relief from the automatic stay "for cause" pursuant to 11 U.S.C. § 362(d)(1) so that Kiosks and RadioShack may (a) pursue their claims, if any, against the Debtor and/or the Debtor's insurer, only to the extent of any insurance proceeds and (b) pursuant to section 11 U.S.C. § 553, offset the amount due and owing Kiosks and RadioShack by the Debtor's security deposit.

### Jurisdiction and Venue

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b).

### Background

3.    On November 4, 2008, the Debtor commenced this case by filing a voluntary petition for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330 (as amended) (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On July 11, 2006, before the commencement of this case, Kiosks subleased to the Debtor approximately 177,039 feet of space known as Suite 110 in the Airways Distribution Center located at 481 Airport Industrial Drive, Southaven, Mississippi (the "Premises"), and certain equipment described in Exhibit B to the Sublease (the "Subleased Equipment"). A copy of the Sublease is attached as Exhibit "A."

5. Kiosks is a wholly owned subsidiary of RadioShack.

6. On June 17, 2003, Industrial Developments International, Inc. ("Industrial"), as Landlord, and Wireless Retail, Inc. ("Wireless"), as Tenant, entered into an Industrial Lease Agreement (the "Lease") for the Premises. On October 1, 2004, Wireless transferred and assigned to Kiosks all of its right, title, and interest in, to, and under the Lease. RadioShack guaranteed the obligations of Kiosks to Industrial under the Assignment. (The Guaranty is attached as Exhibit A to the Assignment.) Copies of the Lease and the Assignment are attached as Exhibits "B" and "C."

7. The Sublease required a security deposit in the amount of $35,407.80 (the "Security Deposit"). At all times Kiosks and/or RadioShack has retained possession of the Security Deposit.

8. On February 5, 2008, a tornado struck the Premises damaging the Premises and the Subleased Equipment, leasehold improvements, and other property of Kiosks located on the Premises. Industrial subsequently hired a demolition contractor to repair the Premises. The demolition contractor in turn hired a welding subcontractor to cut away metal debris hanging

from the Premises. And on February 11, 2008, while cutting away the metal debris, the welding subcontractor caused a fire to erupt on the Premises resulting in further damage to the Subleased Equipment and other property of Kiosks located on the Premises.

9.  Kiosks and/or RadioShack incurred a loss amount of approximately $2,765,100. See Interim Report of McLarens Young International attached hereto as Exhibit "D." Kiosks and/or RadioShack also incurred repair expenses in the amount of $59,953.00, as shown in InMotionSystems, LLC Invoice Nos. 11 and 13, attached hereto as composite Exhibit "E."

10. Under the Sublease, the Debtor was obligated to "maintain 'all risk' property insurance with respect to the leasehold improvements and the Subleased Equipment in an amount equal to their replacement value cost." Further, the Debtor was obligated to name Kiosks "as an additional insured" and as a "loss payee" in any such insurance policy.

11. Upon information and belief, the Debtor had an insurance policy in place, carried by Employers Mutual Casualty ("Employers Mutual"), for business personal property in the amount of $1,000,000.00 (the "Policy"). Upon information and belief, the Policy lists Kiosks as having an interest therein. Upon information and belief, the Policy was in full force and effect on February 5 and February 11, 2008.

12. Accordingly, Kiosks and RadioShack (hereinafter collectively referred to as "RadioShack") may have claims against the Debtor and/or Employers Mutual for their losses and repair costs, in addition to their claim against the Debtor for all other unpaid leasehold obligations.

13. All claims against the Debtor have been stayed by operation of section 362(a) of the Bankruptcy Code.

**Argument**

14. Section 362(d)(1) of the Bankruptcy Code permits relief from the automatic stay "for cause." Because section 362 does not offer guidance as to what constitutes "cause," reviewing courts must determine whether cause exists on a case-by-case basis. In re Reitnauer, 152 F.3d 341 (5th Cir. 1998).

**A. Cause Exists to Modify the Stay to the Extent of Insurance Proceeds**

15. Cause exists in this case to modify the stay to permit RadioShack to pursue all claims, if any, against the Debtor and/or Employers Mutual to the extent of any insurance proceeds.

16. The Debtor's insolvency does not release Employers Mutual from their obligations to pay for damages sustained during the term of, and within the coverage of, the Policy.

17. In the event RadioShack is permitted to seek recovery from Employers Mutual, it will offset its claim in this proceeding against any recovery.

18. Granting RadioShack relief from the stay will not hinder, delay, burden, or be inconsistent with this bankruptcy proceeding. But denying RadioShack relief may irreparably harm their interests and their ability to pursue the Debtor and/or Employers Mutual.

**B. Cause Exists to Permit RadioShack to Offset Claim Against Security Deposit**

19. Section 553(a) of the Bankruptcy Code provides in relevant part:

[T]his title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

In other words, a creditor's right to offset a mutual debt owed by a creditor to the debtor that arose before bankruptcy against a claim of the creditor against the debtor that arose before bankruptcy is unaffected by the Bankruptcy Code.

20.  A creditor's right of setoff is within the discretion of the Bankruptcy Court, exercised under the principles of equity.  In re Communicall Cent., Inc., 106 B.R. 540, 545 (Bankr. N.D. Ill. 1989) (citing In re S. Indus. Banking Corp., 809 F.2d 329, 332 (6th Cir. 1987); In re Charter Co., 86 B.R. 280, 283 (Bankr. M.D. Fla. 1988)).

21.  A creditor must obtain relief from the automatic stay, or must obtain an order permitting it to offset a mutual debt, before exercising any right of setoff.  Id. (citing In re Garcia, 23 B.R. 266, 267 (N.D. Ill. 1982)).

22.  It is well-settled that a lessor may setoff the amount of the security deposit under a lease against a prepetition claim for damages owed to the landlord.  In re Scionti, 40 B.R. 947, 948 (Bankr. Mass. 1984).

23.  When the security deposit is less than the amount of the allowed claim, the landlord must deduct the amount of the security deposit from the total allowed claim.  Oldden v. Tonto Realty Corp., 143 F.2d 916, 921 (2d Cir. 1944).  That is, the claim is divided into a secured portion for the amount covered by the security deposit to be setoff and the remaining portion is classified as an unsecured claim.  In re Communicall Cent., Inc., 106 B.R. at 545-46.

24.  RadioShack's claim is a prepetition claim for damages under the Sublease, and the Security Deposit was paid pursuant to the Sublease.  Thus the claim is mutual debt that arose prepetition for purposes of section 553(a) of the Bankruptcy Code.  Therefore, RadioShack is entitled to setoff the $35,407.80 Security Deposit against its prepetition claim.

- 6 -

25. Accordingly, this Court should grant RadioShack relief from the automatic stay and allow it to (a) pursue all claims, if any, it has against the Debtor and/or the Debtor's insurer, only to the extent of any insurance proceeds, and (b) offset the amount due and owing by the Debtor by the Security Deposit.

**WHEREFORE**, SC Kiosks, Inc. and RadioShack Corporation respectfully request the Court to grant the relief requested herein and such other and further relief this Court deems proper and just.

**DATED** this the 3rd day of February, 2009.

Respectfully submitted,

**SC KIOSKS, INC. and RADIOSHACK CORPORATION**

By their attorneys

**BENNETT LOTTERHOS SULSER & WILSON, P.A.**

/s/ Marcus M. Wilson

**Marcus M. Wilson**
Mississippi Bar No. 7308
**BENNETT LOTTERHOS SULSER & WILSON, P.A.**
One Jackson Place, Suite 1400
188 East Capitol Street
Post Office Box 98
Jackson, Mississippi 39205-0098
Telephone: (601) 944-0466
Facsimile: (601) 944-0466
E-mail: mwilson@blswlaw.com

- 7 -

## CERTIFICATE OF SERVICE

I, Marcus M. Wilson, do hereby certify that I have this day forwarded a true and correct copy of **MOTION OF SC KIOSKS, INC. AND RADIOSHACK CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY** by Notice of Electronic Filing and to the following by U. S. Mail:

Stephen W. Rosenblatt, Esquire
Butler Snow O'Mara Stevens & Cannada PLLC
Post Office Box 22567
Jackson, MS 39225-2567

R. Michael Bolen, Esquire
U. S. Trustee
100 W. Capitol St.
Suite 706
Jackson, MS 39269

Warehouse 86, LLC
5 River Bend Place, Ste D
Flowood, MS 39232

This the 3rd day of February, 2009.

/s/ Marcus M. Wilson