# Exhibit "C"

## ASSIGNMENT

WHEREAS, Industrial Developments International Inc., a Delaware Corporation ("Landlord") and Wireless Retail, Inc, a Texas corporation ("Tenant"), entered into that certain lease dated August 1, 2003, relating to certain space known as Suite 110 in the Airways Distribution Center located at 481 Airport Industrial Drive, Southaven, Mississippi (collectively the "Prime Lease");

WHEREAS, SC Kiosks, Inc., a Delaware corporation is the successor in interest to Wireless Retail, Inc. by assignment dated October 1, 2004;

WHEREAS, by Sublease of even date herewith, between SC Kiosks, Inc., as "Sublandlord" and Warehouse 86, LLC, an Arizona limited liability company as "Subtenant," (the "Sublease") Subtenant has subleased from Sublandlord the space subject to the Prime Lease (the "Subleased Premises");

WHEREAS, by agreement dated _____, Subtenant has contracted with UPS Oasis Supply Corp., ("UPS") to perform certain services to and on behalf of UPS ("Service Agreement") and will use the Subleased Premises in the performance thereunder. Pursuant to the Service Agreement UPS is obligated to pay to Subtenant certain sums in the event that UPS terminates the service agreement for its convenience as provided therein (the "Termination Fees"); and

WHEREAS, the execution and delivery of this Assignment by Subtenant is a condition of the Sublease;

NOW, THEREFORE, to induce Sublandlord to enter into the Sublease agreement, to secure payment of sums owed to Sublandlord under the Sublease:

1. **Assignment**. Subtenant hereby assigns to Sublandlord all its right to receive Termination Fees from UPS as provided in the Service Agreement in an amount not to exceed the amount of all sums owed or to be owed, which are due and to become due to Sublandlord from Subtenant under the terms of the Sublease for any remaining term of the Sublease. Sublandlord shall have first priority in receipt of sums owed to Subtenant as Termination Fees until such time as all sums owed to Sublandlord under the Sublease are paid in full.

2. **Direction to Pay**. By this assignment, Subtenant agrees to make payments of Termination Fees directly to Sublandlord

3. **Secured Debt**. This Assignment is made to secure the payment by Assignor to Assignee of the following described obligations (collectively, the "Secured Debt"):

    (a) The payment and performance by Assignor of all of Assignor's Obligations for rent and other sums due to Assignee, under the terms of the Sublease The term

"Obligations" includes but is not limited to the rents and other sums owed or to become due which are or may become payable by Assignor to Assignee under the Sublease; and

(b) All reasonable costs incurred by Assignee to obtain, preserve, and enforce this Assignment, collect the Secured Debt, and maintain and preserve the Leases and the Rents, including specifically, but without limitation, Assignee's reasonable attorneys' fees, disbursements and legal expenses.

4. Assignor's Warranties and Representations.

(a) Ownership of Right to Payment. Assignor is the owner and holder of the right to receive payment of the Termination Fees, and all requisite right, power and authority to assign Assignor's interest in the Termination Fees and the right to receive them, and no other person, firm or corporation has any right, title or interest therein.

(b) No Defaults. Assignor has substantially performed all and singular the terms, covenants, conditions and warranties of the Service Agreement on Assignor's part to be kept, observed and performed.

(c) No Modification of Service Agreement. The Service Agreement is valid and enforceable by Assignor and unmodified except as indicated herein and is in full force and effect; Assignor has not previously sold, assigned, transferred, mortgaged or pledged the Termination Fees or the right to receive Termination Fees, whether now due or hereafter to become due.

(d) Assignability. The right of Assingor to receive Termination Fees under the Service Agreement is assignable, and this assignment is not a breach of the Service Agreement.

5. Assignor's Covenants and Agreements.

(a) Performance. Assignor shall observe, perform and discharge punctually all and singular the obligations, terms, covenants, conditions and warranties of the Sublease, the Service Agreement and this Assignment, and Assignor shall give prompt notice to Assignee of any failure on the part of Assignor to observe, perform and discharge the same.

(b) Modification of Service Agreement. Without obtaining in each instance the prior written consent of Assignee, Assignor shall not cancel, terminate or consent to any surrender of the Service Agreement nor modify or in any way materially alter the terms thereof, including without limitation the rights to receive Termination Fees under Article 11.

Assignment — Page 2

(c)     Financing Statement. Sublandlord may file a UUC financing statement to perfect its claim against the sums assigned hereunder, and Subtenant shall sign and deliver to Sublandlord all instruments, documents, or other writings that may be necessary to perfect Sublandlord's security interest in the sums assigned.

(d)     Collection of Termination Fee. In the event of termination of the Service Agreement by UPS under circumstances in which UPS becomes obligated to pay a Termination Fee, Landlord will submit to Subtenant a statement reflecting the full amount of rent and other sums that may come due through the entire remaining term of the Sublease, and may submit a copy of the statement to UPS accompanied by a demand for payment of such amount. Sublandlord may accelerate the due date of all sums to be paid thereunder and apply the amounts received under this Assignment to such sum without terminating the Sublease or without accelerating the due date of any sum due, hold the Termination Fee received and apply a portion to pay any monthly rent payment or other sums owed on their due date. If Subtenant fails to pay to Assignee any portion of a Termination Fee which is payable under the Service Agreement within 30 days of the notice by Sublessor to UPS of the amount payable, Assignee may by written notice to Assignor and terminate the Sublease and regain possession of the leased premises.

7.    Default. Assignor shall be in default under this Assignment upon the occurrence of any of the following events or conditions:

(a)     If Assignor shall fail, refuse or neglect to pay, in full, any portion or installment of the Secured Debt when same shall become due and payable as agreed by Assignor and Assignee, whether at the due date thereof stipulated in the Sublease or other instrument evidencing the Secured Debt, or by acceleration or otherwise.

(b)     If any representation, warranty or covenant made by Assignor, under or pursuant to the Service Agreement, the Sublease, this Assignment or otherwise executed in connection with the Sublease shall be false or misleading in any material respect.

(c)     If Assignor shall (a) procure the voluntary or allow the involuntary appointment of a receiver, trustee or liquidator for himself or for all or any part of his property, (b) file any petition seeking a discharge, rearrangement or reorganization of his debts, pursuant to the bankruptcy laws or any other debtor relief laws of the United States or any state or any other competent jurisdiction, (c) make a general assignment for the benefit of his creditors, or (d) admit in writing his inability to pay his debts as they mature.

(d)     If (a) a petition is filed against Assignor seeking relief under the bankruptcy, arrangement, reorganization or other debtor relief laws of the United States or any state or other competent jurisdiction and such proceeding is not vacated or dismissed within ninety (90) days of the filing thereof, or (b) a court of competent

Assignment -- Page 3

jurisdiction enters an order, judgment or decree appointing, without the consent of Assignor, a receiver or trustee for him, or for all or any part of his property.

(e)   If UPS terminates the Service Agreement for any reason.

(f)   Any event which results in the acceleration of the maturity of the Debt of Assignor to others under any note, security agreement, mortgage or agreement or undertaking of any kind whatsoever.

(g)   Levy on, seizure, or attachment of the Lessor's interest in the Service Agreement, or any part thereof.

8.   Remedies.   Upon or at any time after the occurrence of an event of default hereunder, Assignee at its option shall have the complete right, power and authority hereunder then or at any time thereafter to exercise and enforce any or all of the following rights and remedies:

(a)   to demand, collect, receive, sue for, attach and levy on the Termination Fees and the right to receive the Termination Fees, and give proper receipts, releases and acquittances therefor, and after deducting all necessary and proper costs and expenses of operation and collection, as reasonably determined by Assignee, including reasonable attorneys' fees, and apply the net proceeds thereof, together with any funds of Assignor deposited with Assignee, in reduction or payment of the Secured Debt in such order of priority as Assignee may, in its sole discretion, determine;

(b)   to declare all sums secured hereby immediately due and payable and, at the option of Assignee, exercise all of the rights and remedies contained in the Sublease and this Assignment;

(c)   to exercise all rights under this Assignment; and

9.   Exculpation of Assignee.   The acceptance by Assignee of this Assignment with all of the rights, powers, privileges and authority created hereby shall not be deemed or construed to constitute assumption by Assignee of any obligation under the Service Agreement.

10.   No Waiver.   The collection of the Termination Fees as provided for in this Assignment shall not be deemed to cure or waive any default or waive, modify or affect any notice of default under the Sublease or invalidate any act done pursuant to any such notice.

11.   Continuation - Termination.   Upon payment and discharge in full of the Secured Debt and of all sums payable hereunder, this Assignment shall become and be void and of no force or effect, but the affidavit of any officer of Assignee stating that any part of the Secured Debt remains unpaid and undischarged shall be and constitute conclusive

Assignment — Page 4

evidence of the validity, effectiveness and continuing force of this Assignment, and any person, firm or corporation may and is hereby authorized to rely thereon.

12. Notices. All notices, demands or documents of any kind which Assignee may be required or may desire to serve upon Assignor hereunder shall be sufficiently served and shall be deemed delivered by personal delivery to Assignor or by depositing a copy thereof addressed to Assignor at the address of Assignor set forth herein or by depositing a copy thereof in the United States mail, postage prepaid and addressed to Assignor at such address.

13. Modifications. No provision hereof shall be modified or limited except by a written agreement expressly referring hereto and to the provision so modified or limited and signed by both Assignor and Assignee, nor by course of conduct, usage of trade, or by the law merchant.

14. Applicable Law. This Assignment shall be construed according to the laws of the State of Texas.

15. Venue. It is agreed that venue in any proceeding hereunder shall be in Tarrant County, Texas.

IMAGING SERVICES

IMAGING SERVICES

Assignment -- Page 5

11/08/2007

168

IN WITNESS WHEREOF, this Assignment is effective as of June \_\_\_, 2006.

ADDRESS:

P.O. Box 17361
Memphis, TN 38187

ASSIGNOR:
Warehouse 86, LLC

By: *(signature)*
Name: Ernest K. Strathmann, III
Title: CFO

ADDRESS:

300 RadioShack Circle
Fort Worth, TX 76102
MS-CF6-314

ASSIGNEE:
SC Kiosks, Inc.

By: *(signature)*
Name: **DAVID S. GOLDBERG**
Title: VP SC Kiosks, Inc.

*(signature)*

# IMAGING SERVICES

Assignment -- Page.6