**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **WAREHOUSE 86, LLC** | ) | **CASE NO.   08-03423-EE** |
| **Chapter 11** | ) | |
| **Debtor** | ) | |
| _____ | ) | |

**DEBTOR'S OBJECTION TO MOTION OF
SC KIOSKS, INC. AND RADIOSHACK CORPORATION
FOR RELIEF FROM THE AUTOMATIC STAY
[Dkt. # 93]**

Debtor Warehouse 86, LLC (the "Debtor") files this Objection to the Motion of SC Kiosks, Inc. ("SC Kiosks") and RadioShack Corporation ("RadioShack") for Relief from the Automatic Stay (the "Motion") [Dkt. # 93], and responds to the allegations thereof as follows:

1.     The Debtor admits that SC Kiosks, now SCK, Inc. ("SCK") and RadioShack have requested relief from the automatic stay, but denies that SCK and/or RadioShack are entitled to relief from the automatic stay (a) to pursue their claims, if any, against the Debtor and/or the Debtor's insurer, or (b) to exercise a right to setoff, if any, against the Debtor's Security Deposit. Furthermore, the Debtor denies that RadioShack has any rights against it whatsoever.

2.     Admitted.

3.     Admitted.

4.     The Debtor admits that it executed the Sublease attached as Exhibit "A" to the Motion, but would show that the Exhibit "A" attached to the Motion contains documents other than the Sublease itself. The Debtor would show that the Sublease speaks for itself. The Debtor denies the remainder of the allegations of paragraph 4 of the Motion.

5.      The Debtor admits, on information and belief, the allegations of paragraph 5 of the Motion, except it would show that SC Kiosks is now SCK, Inc.

6.      The Debtor admits, on information and belief, the allegations of paragraph 6 of the Motion except neither the Assignment nor the Guaranty was attached as exhibits, so the Debtor cannot admit or deny any allegations related to those documents.  Such documents would speak for themselves.

7.      The Debtor lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that SCK or RadioShack has possession of the Security Deposit. The Debtor admits the remainder of the allegations of paragraph 7 of the Motion, except the Debtor would show that RadioShack has no right or interest in the Security Deposit.

8.      The Debtor admits the allegations of paragraph 8 of the Motion.  The Debtor would also show that its property and property of third parties in the Debtor's possession located at the Premises was damaged by the February 5, 2008 tornado and the February 11, 2008 fire as well as some property of SCK.

9.      Denied.

10.      The Debtor admits that that Sublease provided, in part: "Subtenant shall maintain 'all risk' property insurance with respect to the leasehold improvements and the Subleased Equipment in an amount equal to their replacement cost as may be approved by Sublandlord hereunder."   The Debtor admits that it was obligated to name SC Kiosks as an additional named insured.   The Debtor denies the remainder of the allegations of paragraph 10 of the Motion.

11.      Admitted.

12.      The Debtor admits that SCK may be entitled to a portion of the insurance proceeds from the subject insurance policy.  The Debtor denies that RadioShack is a loss payee

under the policy and further denies that RadioShack is entitled to any portion of the insurance proceeds from the policy.   The Debtor denies that either SCK or RadioShack have a claim against the Debtor for any property loss or repair costs.   The Debtor denies the remainder of the allegations of paragraph 12 of the Motion.

13.     Admitted.

14.     The Debtor admits that Section 362(d)(1) of the Bankruptcy Code provides for relief from the stay "for cause."  The Debtor denies the remainder of the allegations of paragraph 14 of the Motion.

15.     Denied.

16.     Admitted.

17.     The Debtor denies that RadioShack is entitled to any recovery against the Debtor or under the Policy.   The Debtor denies the remainder of the allegations of paragraph 17 of the Motion.

18.     Denied.

19.     The Debtor admits that paragraph 19 of the Motion quotes a portion of Section 553(a) of the Bankruptcy Code.  The Debtor denies the remainder of the allegations of paragraph 19 of the Motion.

20.     To the extent a creditor has a right to setoff, the Debtor admits the allegations of paragraph 20 of the Motion.

21.     Admitted.

22.     Denied.

23.     The Debtor denies that SCK and/or RadioShack have an allowed claim in this case.  The Debtor admits the case law cited in paragraph 23 of the Motion speaks for itself.

24.     The Debtor denies that RadioShack and/or SCK have an allowed claim for damages under the Sublease against the Debtor.  The Debtor further denies that RadioShack and/or SCK are entitled to setoff the Security Deposit against any prepetition allowed claim against the Debtor.  The Debtor denies the remainder of the allegations of paragraph 24 of the Motion.

25.     The Debtor denies the allegations of paragraph 25 of the Motion.  The Debtor further denies that RadioShack and/or SCK are entitled to relief from the automatic stay (a) to pursue their claims, if any, against the Debtor and/or the Debtor's insurer, or (b) to exercise a right to setoff, if any, against the Debtor's Security Deposit.

26.     The Debtor denies all allegations contained in the unnumbered paragraph of the Motion beginning, "WHEREFORE."  The Debtor further denies that RadioShack and/or SCK are entitled to any of the relief requested in the Motion.  The Debtor further denies each and every allegation contained in the Motion not specifically admitted herein.

## AFFIRMATIVE RESPONSES

1.     On or around February 3, 2009, RadioShack and SC Kiosks filed their Amended Proof of Claim in the instant case claiming that they are owed $2,765,100 for their property loss caused by the February 5, 2008 tornado and the February 11, 2008 fire at the leased Premises. *See* Claim No. 16-2.   RadioShack and SC Kiosks further claim that they are entitled to some or all of the proceeds under that certain insurance policy issued by Employers Mutual Casualty for policy period 4/15/07 to 04/15/08 (Policy No. 3A2-22-78-08 (the "Policy") to the Debtor which covers property loss at the leased Premises.

2.     The Debtor has no contractual or other liability to RadioShack, and RadioShack has no basis for any claim against the Debtor.  RadioShack was not a party to the Sublease and

its only relationship to the Debtor is through that of its wholly owned subsidiary SCK, a separate legal entity.

3.       The Debtor also suffered significant property loss caused by the February 5, 2008 tornado and the February 11, 2008 fire at the leased Premises.   The Debtor was a named insured under the Policy.  SC Kiosks was an additional named insured under the Policy.  RadioShack was not an additional named insured and has no rights under the Policy or any claim against any proceeds of the Policy.  As the named insured under the Policy, the Debtor is entitled to receive that portion of the insurance proceeds which would constitute property of the Debtor's bankruptcy estate.  *See In re Asay*, 184 B.R. 265, 266-67 (Bkrtcy. N.D. Tex. 1995); *Paskow v. Calvert Fire Ins. Co.,* 579 F.2d 949, 954 (5th Cir. 1978); *Brown v. First Nat'l Bank of Dewey,* 617 F.2d 581, 582 (10th Cir. 1980).

4.       The Debtor is in negotiations with Employers Mutual Casualty and anticipates recovering a substantial amount of monies for property loss caused by the subject tornado and fire at the leased Premises.

5.       In the event the Debtor recovers any monies from Employers Mutual Casualty under the Policy, this Court should determine the amount of monies owed to the Debtor and the amount of monies, if any, owed to SCK under the Policy.   Such a determination is a "core" matter within the meaning of 28 U.S.C. § 157(b).

6.       In *In re U.S. Lines, Inc.* 197 F.3d 631, 639 (2nd Cir. 1999), the Second Circuit Court of Appeals held that a creditor's claim to proceeds under a debtor's insurance policy constituted a "core" matter because resolution of the claim would "directly affect the bankruptcy court's core administrative function of asset allocation among creditors . . . ."   The court stated:

> Notwithstanding that the Trust's claims are upon pre-petition contracts, we
> conclude that the impact these contracts have on other core bankruptcy functions

nevertheless render the proceedings core. Indemnity insurance contracts, particularly where the debtor is faced with substantial liability claims within the coverage of the policy, "may well be . . . 'the most important asset of [i.e., the debtor's] estate,'" As such, **resolving disputes relating to major insurance contracts are bound to have a significant impact on the administration of the estate**.

*Id*. at 638 (emphasis added) (quoting *Dicola v. American S.S. Owners Mut. Protection & Indem. Ass'n*, 170 B.R. 222, 229 (S.D.N.Y. 1994)); *accord In re County Seat Stores, Inc.*, 2002 WL 141875, 5 (S.D.N.Y. 2002).

7.      In the instant case, the anticipated insurance proceeds available under the Policy are by far the most important asset of the Debtor's bankruptcy estate.  The resolution of the claim of RadioShack and SCK to these proceeds will directly impact the Court's core administrative function of asset allocation among creditors.  Accordingly, the claim of RadioShack and SCK against the insurance proceeds constitutes a "core" matter under 28 U.S.C. 157(b)(2)(A).

8.      Furthermore, the claim of RadioShack and SCK to the insurance proceeds under the Policy is a "core" matter within the meaning of 28 U.S.C. § 157(b)(2)(B) because it affects the allowance or disallowance of the claim of RadioShack and SCK against the Debtor's bankruptcy estate.  *See In re Best Reception Systems, Inc.*, 220 B.R. 932, 944-45 (Bkrtcy. E.D. Tenn. 1998) ("[W]here a party has filed a proof of claim in a debtor's case, any action asserted by that party against the debtor that raises the same issues as those encompassed by the proof of claim is a core proceeding under the authority of 28 U.S.C.A. § 157(b)(2)(B).") (cited with approval by *Davis v. Life Investors Ins. Co. of America*,  282 B.R. 186, 193 (S.D. Miss. 2002)); *accord Matter of U.S. Abatement Corp.,* 79 F.3d 393, 398 (5th Cir. 1996) (holding that filing of proof of claim "invokes the special rules of bankruptcy," and that "a claim filed against the estate is a core proceeding because it could arise only in the context of bankruptcy"); *In re Efficient Solutions, Inc.*, 2000 WL 1876356, *5 (E.D.La. 2000) (recognizing that proceedings concerning

a creditor's proof of claim against the debtor are core proceedings, and that even though the creditor could "enforce its state law contract rights against the debtor in state court absent the bankruptcy," once a proof of claim has been filed, the claim is a core proceeding subject to the jurisdiction of the bankruptcy court).

9.      Accordingly, the Court should retain jurisdiction of the instant "core" proceeding and should deny RadioShack's and/or SCK's motion for relief from the automatic stay to pursue their claim against the Debtor seeking to recover insurance proceeds under the Policy. Furthermore, to the extent the insurance proceeds are recovered by the Debtor, this Court should adjudicate the rights of the various parties to such insurance proceeds.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests the Court to deny the Motion of SCK and RadioShack Corporation for Relief from the Automatic Stay.

THIS, the 26th day of February, 2009.

Respectfully submitted,

WAREHOUSE 86, LLC


By:  *s/ Stephen W. Rosenblatt*
Stephen W. Rosenblatt (MS Bar No. 5676)
John A. Crawford, Jr. (MS Bar No. 10346)
Paul M. Ellis (MS Bar No. 102259)
ATTORNEYS FOR DEBTOR

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
Email: steve.rosenblatt@butlersnow.com
jack.crawford@butlersnow.com
paul.ellis@butlersnow.com

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically and was separately served by e-mail on the following persons:

> Ronald H. McAlpin, Esq.
> Trial Attorney, Office of the United States Trustee
> A. H. McCoy Federal Building, Suite 706
> 100 W. Capitol Street
> Jackson, MS 39269
> Ronald.McAlpin@USDOJ.gov

> Marcus M. Wilson
> Bennet Lotterhos Sulser & Wilson, P.A.
> One Jackson Place, Suite 1400
> 188 East Capitol Street
> Jackson, MS 39205-0098
> mwilson@blswlaw.com

and by electronic mail to the following members of the Creditors Committee:

> Ms. Teresa M Shipe
> Katt Worldwide Logistics, Inc.
> 4102 So. Mendenhall Road
> Memphis, TN 38115
> tshipe@kattworld.com

Edwin W. Christensen, Esq.
Overstock.com, Inc.
6350 S. 3000 E.
Salt Lake City, Utah 54212
echristensen@overstock.com

Mr. Bobby Thomas
Thomas Sales & Services, Inc.
2300 Sitler St., Bldg. 685
Memphis, TN 38114
bthomas@abcthomas.com

This, the 26th day of February, 2009.

/s/ Stephen W. Rosenblatt
Stephen W. Rosenblatt

Jackson 3719356v.2