IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **WAREHOUSE 86, LLC** | ) | **CASE NO. 08-03423-EE** |
| | ) | **Chapter 11** |
| **Debtor** | ) | |
| _____ | ) | |

**ORDER GRANTING DEBTOR'S MOTION TO EXTEND EXCLUSIVE RIGHT
TO FILE AND OBTAIN CONFIRMATION OF PLAN**

This matter came on for hearing on the *Motion to Extend Debtor's Exclusive Right to File Plan and Obtain Confirmation of Plan* (the "Motion") filed by the Debtor, Warehouse 86, LLC (the "Debtor"). The Court considered the Motion and the Objection and finds and orders as follows:

1. On November 4, 2008 (the "Petition Date"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). The Debtor remains in possession of its assets and properties as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. An Official Committee of Unsecured Creditors has been appointed in this case.

2. This Court has jurisdiction over this matter pursuant to 28 U. S. C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

3. Notice of the Motion was served on all creditors and parties in interest, and no objection was timely filed thereto by any creditor or party in interest. The notice was reasonable, adequate and sufficient in all respects.

4. The 120-day period during which only the Debtor may file a plan specified by 11 U.S.C. § 1121(b) was to have expired on March 4, 2009.

- 2 -

5. Good cause exists for an extension of the Debtor's exclusive right to file its Plan under 11 U.S.C. § 1121(d) for 90 days from the original expiration date, which is an appropriate extension under the circumstances.

6. This is the Debtor's first requested extension, and the requested extension is well within the maximum extension permitted by 11 U.S.C. §1121(d)(2).

IT IS, THEREFORE, ORDERED that the Debtor's *Motion to Extend Exclusive Right to File Plan and Confirm Plan* is granted so that the Debtor is granted a 90-day extension within which it has the exclusive right to file its Chapter 11 Plan, and the 120-day period of 11 U.S.C. § 1121(c)(1) is hereby extended by 90 days from March 4, 2009, or until June 2, 2009.

IT IS FURTHER ORDERED that the time for the Debtor to have its Plan accepted under 11 U.S.C. § 1121(c)(3) also shall be extended by 92 days until August 3, 2009.

*/s/ Edward Ellington*

Edward Ellington
United States Bankruptcy Judge

Dated: March 27, 2009

Submitted by:

Stephen W. Rosenblatt
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza
210 East Capitol Street (39201)
Post Office Box 22567
Jackson, Mississippi 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500

Jackson 3721145v.1

# CERTIFICATE OF NOTICE

```
District/off: 0538-3          User: dsawyer              Page 1 of 1          Date Rcvd: Mar 27, 2009
Case: 08-03423                Form ID: pdf012            Total Served: 1

The following entities were served by first class mail on Mar 29, 2009.
dbpos        +Warehouse 86, LLC,   5 River Bend Place, Ste D,   Flowood, MS 39232-7618

The following entities were served by electronic transmission.
NONE.                                                                                      TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 29, 2009**                               Signature:    _Joseph Speetjens_