IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WAREHOUSE 86, LLC | ) | CASE NO. 08-03423-EE |
| | ) | Chapter 11 |
| Debtor | ) | |
| _____ | ) | |

FINAL ORDER GRANTING EMERGENCY MOTION OF DEBTOR
FOR AUTHORIZATION TO MAINTAIN EXISTING
BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM
[Dkt. ## 12, 34]

THIS MATTER came on for consideration on final hearing on the *Emergency Motion to Authorize Maintenance of Existing Bank Accounts and Cash Management System* (the "Motion") (Dkt. # 12) filed by Warehouse 86, LLC, the Debtor and debtor-in-possession herein (the "Debtor"). The Court finds that the Motion is well-taken and should be approved. The Court further finds as follows:

1. On November 4, 2008 (the "Petition Date"), Debtor filed its Voluntary Petition under Chapter 11 of the Title 11 United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business and manages its properties and assets as Debtor-in-possession.

2. An Official Committee of Unsecured Creditors was appointed in this case on November 19, 2008 (Dkt. # 62).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

4. An Interim Order granting the relief requested in the Motion was entered herein on November 7, 2008 (Dkt. # 34), and this matter was set for final hearing at 11:00 a.m. on December 2, 2008.

5. Notice of the Motion was served on all creditors and parties in interest in accordance with the Order Approving the Form of Hearing Notice and Establish Notice Parties for First Day Motions (Dkt. # 27) as reflected by the Certificates of Service (Dkt. ## 57-60), and no objection was timely filed thereto by any creditor or party in interest. This notice was reasonable, adequate and sufficient in all respects.

6. The Debtor has represented that, prior to the Petition Date, the Debtor implemented and utilized a cash management system (the "Cash Management System") with Bank of America through several accounts as an efficient means of managing its cash, receiving payments/deposits and moving the funds to have money readily available to cover Company expenses and debts, as well as to provide funds on an as-needed basis at the operating level. A listing of all accounts held by the Debtor through which its Cash Management System is implemented is attached as Exhibit "A" to this Order, which is incorporated herein by reference.

7. From and after the Petition Date, the Debtor seeks to retain and continue to use the Cash Management System for its present bank accounts.

8. The Sweep Account is the main account into which all deposits are made, whether checks, credit card charges or otherwise. The Debtor has represented that the Sweep Account is the funding source of the other bank accounts of the Debtor. Funds from the Sweep Account are transferred nightly into a cash reserves/money market fund and the earnings on that fund are credited to that account. The Sweep Account serves as the clearing house for all of the Company's cash, and all monies paid in by or out to the appropriate account. The Sweep

Account includes an overnight repurchase agreement which provides for the Company's ability to earn interest on amounts held therein.

9. The Debtor also has an "Operating Account" at Bank of America. This Operating Account is used to pay accounts payable and other general obligations owed by the Debtor.

10. The Debtor also has a Payroll Account at Bank of America by which it pays to Automatic Data Processing, Inc. ("ADP") all moneys for payroll obligations, including wages, tax withholdings, garnishments, and other withholdings for the Company's employees.

11. The Debtor has represented that these accounts also have the feature, although presently disabled by the Company, where they can be controlled disbursement or "zero balance accounts" ("ZBA") that are linked to the Sweep Account in which the ZBA accounts can be funded from the Sweep Account upon presentation of items to the bank for payment. This feature, when functioning, enables the Company to earn interest by ensuring only necessary transfers of cash are made with the balance remaining in the Sweep Account and eliminates the need for personnel to transfer amounts each day manually.

12. In order to supervise the administration of Chapter 11 cases, the Office of the United States Trustee has established certain operating guidelines for Debtor-in-possession. These guidelines, as regular procedure, require Debtor to, among other things, (a) close all existing bank accounts and to open new debtor in possession accounts at approved depository banks, and (b) obtain checks for such debtor in possession accounts which bear the designation "debtor in possession," the bankruptcy case number, and the type of account. The Debtor has requested that the Court provide relief in the form of waiver of these account guidelines so that the Debtor's pre-petition bank accounts, check-issuing system, and Cash Management System may be maintained.

13.     The Debtor represents that it will ensure that the appropriate designation is made on its checks to identify itself as "debtor-in-possession" as soon as it can practically do so. The Debtor's bank, however, has required that it be furnished with a copy of an Order of the Bankruptcy Court before it will be able to do so.

14.     Maintaining the pre-petition bank accounts and the Cash Management System is in the best interest of the Debtor's estate, employees, and creditors. Because of the size, scope and automated nature of the Cash Management System, it would be extremely difficult, disruptive, and expensive for the Debtor to close its existing accounts and open new accounts. Additionally, any disruption of the existing system would not only impair current operations, but would interrupt and delay financial reporting by the Debtor to the Court because the existing internal accounting system is based on the availability of the data generated as a by-product of the existing Cash Management System.

15.     Maintaining the Debtor's existing accounts will preserve business continuity and lessen the confusion among employees, vendors, and customers that often follows a chapter 11 filing. Opening new bank accounts would be unduly burdensome and would disrupt the Debtor's ongoing business operations during the initial stages of the reorganization process -- in some cases, the process of arranging a new account could take several weeks to complete. Changing the electronic checks and deposit slips would require reprogramming certain printers and programs which would require unnecessary time and expense. New electronic transfer instructions would have to be issued by the Debtor for each of the accounts directing daily transfer to newly established operating accounts. Electronic transfer instructions would have to be issued for the new operating accounts to make disbursements to new payroll and account payable accounts.

16. To mitigate against the possibility of the payment of pre-petition obligations that are not otherwise approved by the Court, the Debtor shall order a stop-pay for any check drawn on the General Operating Account, except as otherwise permitted by an Order of this Court. Invoices subsequently entered into the system for payment are systematically put on "hold" until individually reviewed by the proper accounting person with the Debtor. Based on the invoice date, delivery date, service dates, etc., the Debtor shall release those invoices related solely to post-petition claims and will follow up on those invoices determined to be partially or completely pre-petition.

17. The Debtor shall also implement a check number gap of at least 100 checks between any pre-petition checks drawn on any of the existing accounts and those checks that are drawn post-petition. This procedure is a further safeguard to ensure that only appropriate post-petition checks are honored.

18. The Debtor has further requested that the Court authorize the Debtor to continue to use its current checks and business forms related to the Debtor's existing bank accounts without requiring the Debtor to imprint the legend "Debtor in Possession" on those forms, until such time as is practicable. Given the provision for at least a 100-check gap between pre-petition and post-petition checks, there is no risk of payment confusion. The Debtor has already sought to have its checks imprinted as the United States Trustee requires but may not be able to do so with respect to all checks necessary to be issued post-filing.

19. Bankruptcy Code Section 345 requires that any deposit or other investment made by a debtor, except those insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States,

be secured by a bond in favor of the United States of a corporate surety approved by the United States Trustee or the deposit of securities of the kind specified in 31 U.S.C. § 9303.

20. At this time, the Debtor does not seek a waiver of any of the requirements of 11 U.S.C. § 345. The Debtor has represented that it will work with the United States Trustee's office for the Southern District of Mississippi to develop a program for maintenance of its accounts in accordance with the Bankruptcy Code to the extent that any further action is required in this regard.

21. The Debtor has consulted with the United States Trustee prior to filing and has discussed and explained the Cash Management System and the related matters set forth herein. The Debtor has affirmatively represented that it will work with the United States Trustee to maintain compliance with all Orders of this Court, specifically including an Order concerning these matters.

IT IS THEREFORE, ORDERED, as follows:

A. The Debtor may maintain its existing Cash Management System for a period of ninety (90) days from the entry of this Order;

B. The Debtor may continue utilizing its existing bank accounts for a period of ninety (90) days from the entry of this Order, subject to the procedures and practices set forth herein, and that the Debtor's financial institutions allow transfers to be made from and deposits to be placed in those accounts in the same manner as transfers and deposits were made prior to the Petition Date; and

C. The Debtor's bank is authorized to re-style the Debtor's accounts as "Debtor-in-possession" accounts.

D.  The Debtor's existing business forms may continue to be used without the necessity of placing the legend "Debtor in Possession" on those forms.

SO ORDERED,

*Edward Ellington*
Edward Ellington
United States Bankruptcy Judge
Dated: April 2, 2009

SUBMITTED BY:

Stephen W. Rosenblatt (MS Bar No. 5676)
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
Email: steve.rosenblatt@butlersnow.com
Attorney for Debtor

## Exhibit "A"

## List of Existing Bank Accounts

| **Name of Bank** | **Account No. (Last 4 digits)** | **Purpose** |
|---|---|---|
| Bank of America | 3903 | Main Account / Sweep |
| Bank of America | 5429 | Payroll |
| Bank of America | 9451 | General Operating / Payables |