IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In re:      )
      )
**WAREHOUSE 86, LLC**      )    CASE NO. 08-03423-EE
      )    Chapter 11
**Debtor**      )
_____)

**FINAL ORDER GRANTING EMERGENCY MOTION
(A) AUTHORIZING USE OF CASH COLLATERAL AND (B) PROVIDING
ADEQUATE PROTECTION UNDER 11 U.S.C. §§ 361 AND 363**
[Dkt. # 9, 36]

THIS MATTER came on for consideration for final hearing on December 2, 2008 on the Emergency Motion (1) Authorizing Interim Use of Cash Collateral and (2) Providing Adequate Protection under 11 U.S.C. §§ 361 and 363 and 3) Setting Date for Final Hearing on Use of Cash Collateral (the "Motion") (Dkt. #9) filed by Warehouse 86, LLC, the Debtor and debtor-in-possession herein (the "Debtor"), with respect to Cash Collateral of Stuart M. Irby ("Irby"). The Court, being fully advised in the premises, is of the opinion that the Motion is well taken and should be approved, and finds and orders as follows:

1. On November 4, 2008 (the "Petition Date"), Debtor filed its Voluntary Petition under Chapter 11 of the Title 11 United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business and manage its properties and assets as Debtor in possession.

2. An Official Committee of Unsecured Creditors was appointed in this case on November 19, 2008 (Dkt. # 62).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. An Interim Order granting the relief requested in the Motion was entered herein on November 7, 2008 (Dkt. # 36), and this matter was set for final hearing at 11:00 a.m. on December 2, 2008.

5. Notice of the Motion was served on all creditors and parties in interest in accordance with the Order Approving the Form of Hearing Notice and Establish Notice Parties for First Day Motions (Dkt. # 27) as reflected by the Certificates of Service (Dkt. ## 57-60), and no objection was timely filed thereto by any creditor or party in interest. The notice was reasonable, adequate and sufficient in all respects.

6. The statutory bases for the relief requested herein are Sections 361 and 363 of title 11 of the United States Code (11 U.S.C. § 101 et seq., as amended, the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. The Debtor has filed the Motion to incur debt in an amount up to $500,000 as debtor-in-possession financing from DIP Lender under the terms and conditions set forth therein (the "DIP Loan"), and the Court has entered an interim Order in connection therewith (the "Interim Order") (Dkt. # 37). The Interim Order referred to is incorporated herein in full as well as all of its terms, all of which have been negotiated and agreed upon between the Debtor and DIP Lender.

8. Notice of the Motion was served on all creditors and parties in interest in accordance with the Order Approving the Form of Hearing Notice and Establish Notice Parties

for First Day Motions (Dkt. # 27) as reflected by the Certificates of Service (Dkt. ## 57-60), and no objections were timely filed thereto by any creditor or party in interest.

9. In addition to, and in connection with, the DIP Loan, the Debtor has requested that the Court grant it, on an interim basis in accordance with the specific terms and conditions contained in Interim Order, authorization and approval, pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b)(1), to use cash that constitutes Irby's Cash Collateral as well as the cash that constitutes cash collateral of DIP Lender for a period of time of up to ninety (90) days.

10. The Debtor has stipulated and agreed that the Irby Indebtedness is valid and enforceable in the amount stated in the Interim Order, and that the liens and security interests of Irby in the Irby Pre-Petition Collateral are valid and properly perfected and senior in priority to those held by all others, except with respect to any superpriority lien or security interest granted by the Court to DIP Lender in connection with the DIP Loan.

11. The Debtor has proposed to grant adequate protection to Irby by, among other things, preserving the going concern value of the Irby Collateral and by selling the Irby Collateral as soon as reasonably practical as a part of a sale under 11 U.S.C. § 363(f) to maximize its value.

12. Irby has consented to the use of the cash collateral for the purposes described herein.

13. In accordance with Bankruptcy Rule 4001(b)(2), this Court scheduled the Final Hearing and approved the notice with respect thereto, all as more fully described in the Interim Order.

14. The Debtor has a need to use the Irby Cash Collateral for the purpose of meeting necessary expenses incurred in the ordinary course of its business, including payroll, costs of continued provision for goods and services to the residents of its facilities and the costs associated with its restructuring and these proceedings.

15. The Debtor's inability to use Irby Cash Collateral would likely result in an immediate cessation of the ongoing operations of the Debtor's business and would most certainly cause irreparable harm to the Debtor's estate.

16. The continued use by the Debtor of Irby Cash Collateral and the use of the DIP Loan proceeds upon the terms contained in the Interim Order are the only sources of funding the Debtor's ongoing operations as it prepares to sell its assets, and it is in the best interests of the Debtor, all of its creditors and its estate to permit the Debtor to continue to use the Irby Cash Collateral. Such continued use imposes no prejudice or harm on any party-in-interest.

17. All Cash Collateral now existing and hereafter acquired will be deposited and maintained by the Debtor in the ordinary course of business consistent with its pre-petition practice (which the Debtor has requested the authority to continue as set forth in its Emergency Motion for Authorization to Maintain Pre-Petition Bank Accounts and Cash Management System filed with the Motion) and the provisions of the Interim Order.

IT IS, THEREFORE, ORDERED, that:

    A. The Motion is granted in all respects; and

    B. The Debtor is authorized to the use of cash collateral of the Irby Collateral under the terms of this Order.

SO ORDERED,

*Edward Ellington*
Edward Ellington
United States Bankruptcy Judge
Dated: April 2, 2009

SUBMITTED BY:

Stephen W. Rosenblatt (MS Bar No. 5676)
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
Email: steve.rosenblatt@butlersnow.com
Attorney for Debtor

# CERTIFICATE OF NOTICE

```
District/off: 0538-3          User: dsawyer              Page 1 of 1            Date Rcvd: Apr 02, 2009
Case: 08-03423                Form ID: pdf012            Total Served: 1

The following entities were served by first class mail on Apr 04, 2009.
dbpos        +Warehouse 86, LLC,   5 River Bend Place, Ste D,   Flowood, MS 39232-7618

The following entities were served by electronic transmission.
NONE.                                                                                        TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Apr 04, 2009**                               **Signature:**        *Joseph Speetjens*