IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In re:

**WAREHOUSE 86, LLC**             **CASE NO. 08-03423-EE**
                                                            **Chapter 11**
         **Debtor**

**FINAL ORDER GRANTING APPLICATION OF DEBTOR TO EMPLOY
ATTORNEYS AND DISCLOSURE OF COMPENSATION**
**[Dkt. # 8, 28]**

THIS MATTER came on for final hearing on December 2, 2008 on the *Application to Employ Attorneys and Disclosure of Compensation* (Dkt. # 8) filed by of Warehouse 86, LLC (the "Debtor"). The Court considered the Application and finds that notice and a hearing were adequate and appropriate in the circumstances. The Court finds that the Application is well-taken and should be approved, effective as of the day before the Petition Date, and further finds as follows:

1. On November 4, 2008 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its assets as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. Venue is proper under 28 U.S.C. §§1408 and 1409.

3. An Official Committee of Unsecured Creditors was appointed in this case on November 19, 2008 (Dkt. # 62).

4. An Interim Order granting the relief requested in the Motion was entered herein on November 7, 2008 (Dkt. # 28), and this matter was set for final hearing at 11:00 a.m. on December 2, 2008.

5. Notice of the Motion was served on all creditors and parties in interest in accordance with the Order Approving the Form of Hearing Notice and Establish Notice Parties for First Day Motions (Dkt. # 27) as reflected by the Certificates of Service (Dkt. ## 57-60), and no objection was timely filed thereto by any creditor or party in interest. The notice was reasonable, adequate and sufficient in all respects.

6. The Debtor has filed its Application to employ and retain Butler, Snow, O'Mara, Stevens & Cannada, PLLC ("Butler Snow") (the "Firm") as its principal bankruptcy counsel with regard to the filing of its Chapter 11 petition and the prosecution of its Chapter 11 case to perform the legal services that will be necessary during its Chapter 11 case, as more fully described below:

    (a)    to advise the Debtor with respect to its powers and duties as debtor-in-possession in the continued management and operation of its business;

    (b)    to attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the case, including all of the legal and administrative requirements of operating in Chapter 11;

    (c)    to take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against it, negotiations concerning contracts to which the Debtor is a party, negotiations concerning all litigation in which the Debtor is involved, evaluations of claims and liens of various creditors, and, where appropriate, to object to such claims or liens against the estate or its property;

    (d)    to prepare on behalf of the Debtor all motions, applications, answers, orders, contracts, reports, accounts, documents and papers necessary to the administration of the estate;

    (e)    to advise and consult with the Debtor in connection with any disclosure statement and plan of reorganization, and to represent the Debtor in any matter arising out of, related to or in connection with such plan of reorganization, disclosure

statement, and all related agreements or documents, as well as any matters that are necessary for the confirmation, implementation or consummation of such plan, or that may relate to its rejection, and

(f) to perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case.

7. For professional services, the Firm's fees are based in part on its customary hourly rates, which are periodically adjusted in accordance with their regular practice. The work will be assigned within the Firm to minimize any duplication of work as much as practical.

8. Presently, the hourly rates for Butler, Snow, O'Mara, Stevens & Cannada, PLLC professionals and paraprofessionals as counsel for debtors in Chapter 11 cases in Mississippi are as follows: Stephen W. Rosenblatt - $300; John A. Crawford, Jr. ("Jack") - $265; R. Barry Cannada - $300; Paul M. Ellis - $170; paralegals/legal assistants - $100. These current hourly rates, which are the same as or less than the rates charged for such services on a non-bankruptcy matter, are subject to periodic increases in the normal course of business, usually as of January 1 of each year. The Firm proposes to bill at the rates set forth herein and will submit requests for compensation to the Court for approval, but the Court will reserve its decision whether to approve these rates until the first fee application is filed by Butler Snow.

9. The Court, therefore, approves the retention of Butler Snow as Debtor's counsel on the terms herein provided.

IT IS, THEREFORE, ORDERED that the employment of Butler, Snow, O'Mara, Stevens & Cannada, PLLC as attorneys and legal counsel for the Debtor-in-possession be, and it hereby is, approved.

IT IS FURTHER ORDERED that Butler Snow shall, within ten days of the entry hereof, file with the Court the statement of compensation required by 11 U.S.C. Section 329 and Rule

2016 (b), Federal Rules of Bankruptcy Procedure, if this report has not already been filed or included within its Application.

IT IS FURTHER ORDERED that Butler Snow shall be entitled to receive reasonable compensation, and to receive reimbursement of actual, necessary expenses only after notice and a hearing as contemplated by 11 U.S.C. § 330, as well as Rule 2016, Federal Rules of Bankruptcy Procedure, and any other application or related statutes and rules.

IT IS FURTHER ORDERED that this Order applies to any funds that might have been received by Butler Snow as a retainer or of a similar nature.

IT IS FURTHER ORDERED that any application for compensation and reimbursement for expenses shall set forth the date of entry of all previous orders allowing compensation and expenses and the amounts so allowed.

SO ORDERED,

*Edward Ellington*
Edward Ellington
United States Bankruptcy Judge
Dated: April 15, 2009

SUBMITTED BY:

Stephen W. Rosenblatt (MS Bar No. 5676)
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
Email: steve.rosenblatt@butlersnow.com
Attorney for Debtor

Jackson 3784006v.1