IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In re: )
)
    WAREHOUSE 86, LLC ) CASE NO. 08-03423-EE
) Chapter 11
    Debtor )
_____ )

**FINAL ORDER GRANTING MOTION OF DEBTOR FOR AUTHORITY TO PAY
COLLECTED PRE-PETITION SALES AND USE TAXES IN ORDINARY COURSE**
[Dkt. # 7, 29]

THIS MATTER came on for final hearing on December 2, 2008 on the *Motion for Authority to Pay Collected Pre-Petition Sales and Use Taxes in the Ordinary Course* (the "Motion") (Dkt. #7) filed by Warehouse 86, LLC, the Debtor and debtor-in-possession herein (the "Debtor"). The Court finds that the Motion is well-taken and should be approved, and further finds as follows:

1. On November 4, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code"). The Debtor is continuing in possession of its property and is operating its business in the ordinary course as debtor-in-possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein are Sections 363 and 364 of the Bankruptcy Code.

4. An Official Committee of Unsecured Creditors was appointed in this case on November 19, 2008 (Dkt. # 62).

5. An Interim Order granting the relief requested in the Motion was entered herein on November 7, 2008 (Dkt. # 29), and this matter was set for final hearing at 11:00 a.m. on December 2, 2008.

6. Notice of the Motion was served on all creditors and parties in interest in accordance with the Order Approving the Form of Hearing Notice and Establish Notice Parties for First Day Motions (Dkt. # 27) as reflected by the Certificates of Service (Dkt. ## 57-60), and no objection was timely filed thereto by any creditor or party in interest. The notice was reasonable, adequate and sufficient in all respects.

7. In the normal operation of its business, the Debtor incurs sales and use taxes (collectively, the "Taxes") on behalf of various taxing authorities (the "Taxing Authorities") for payment to such Taxing Authorities. The Taxes are paid over to the various Taxing Authorities on varying periodic bases.

8. The Debtor has represented that in the ordinary course of business, it pays sales and use taxes to various Taxing Authorities in Mississippi, Arizona, Tennessee and Utah, as applicable. These Taxes are calculated after generation of sales and use reports from which these calculations are made.

9. The Debtor has sought authority to pay such pre-petition and post-petition Taxes to the applicable Taxing Authorities in the ordinary course of business, as and when such payments become due. The Debtor has also requested that (i) all depositories on which checks were drawn in payment of the pre-petition Taxes be authorized and required to clear such checks as and when presented for payment; (ii) all such depositories be authorized to rely on the Debtor's designation of any particular check for such Taxes; and (iii) the Debtor be authorized to reissue any check that was drawn in payment that is not cleared by a depository.

10. The Court's general equitable powers are codified in Section 105(a) of the Bankruptcy Code. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984)). Under section 105(a), a court "can permit a pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992).

11. The Court is authorized to grant the relief requested pursuant to Section 105(a), which provides in pertinent part that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The payment of pre-petition Taxes to the applicable Taxing Authorities is essential to ensure such a result. The prompt and timely payment of Taxes that have accrued in the ordinary course of the Debtor's business is necessary to avoid immediate and irreparable harm and is essential to preserve its potential for reorganization. The Court may exercise its equitable powers to grant the relief requested in the Motion.

12. The Debtor alleges that payment of the Taxes does not unduly prejudice other interested parties. The Debtor has submitted that the Taxes are entitled to priority status pursuant to 11 U.S.C. § 507(a) (8) and thus, must be paid in full under any plan of reorganization. See 11 U.S.C. § 1129(a)(9)(C). Therefore, the payment of the Taxes at this time only affects the timing of the payment and does not prejudice the rights of other creditors.

13. In addition, the sales and use Taxes constitute so-called "trust fund" taxes, which are required to be collected from third parties and held in trust for payment to the Taxing Authorities. *See, e.g., In re Shank*, 792 F.2d 829, 830 (9th Cir. 1986) (sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax); *DeChiaro v. New York State Tax Commission*, 760 F.2d 432, 433-34 (2nd Cir. 1985) (same). To the extent these "trust fund" taxes are collected, they are not the property of the Debtor's estate under Section 541(d). *See In re American Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (excise and withholding taxes); *In re Tap, Inc.*, 52 B.R. 271, 278 (Bankr. D. Mass. 1985) (withholding taxes). The Debtor does not have an equitable interest in these Taxes. Accordingly, the Court should grant the Motion and authorize the Debtor to pay the sales and use Taxes to the Taxing Authorities as they become due.

14. Furthermore, to the extent the Taxes constitute "trust fund" taxes, the laws of Mississippi, Arizona, Tennessee and Utah may provide that officers and directors of the collecting entity be held personally liable for payment of some of the Taxes. To the extent any accrued Taxes were unpaid by the Debtor as of the Petition Date in such jurisdictions, even though withheld and available for payment when due, the Debtor's officers and directors may be subject to lawsuits in such jurisdictions during the pendency of this proceeding. Such potential lawsuits would prove extremely distracting for the Debtor, especially where it has collected these sales and use Taxes and holds them in trust for the benefit of the Taxing Authorities. Debtor has represented that it is in the best interest of the Debtor's estate and the reorganization policy of the Bankruptcy Code to eliminate the possibility of the foregoing distractions.

15. For all the foregoing reasons, granting the relief requested herein is appropriate and in the best interest of its estate.

16. Nothing in the Motion or the Order should be construed as impairing the Debtor's ability to contest the amounts of the Taxes owing to the various Taxing Authorities.

IT IS THEREFORE, ORDERED, that the following relief is granted:

A. The Motion is approved in its entirety; and

B. The Debtor is authorized to pay the Taxes in the ordinary course of its business.

SO ORDERED,

*Edward Ellington*
Edward Ellington
United States Bankruptcy Judge
Dated: April 15, 2009

SUBMITTED BY:

Stephen W. Rosenblatt (MS Bar No. 5676)
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, Regions Plaza (39201)
Post Office Box 22567
Jackson, MS 39225-2567
Telephone: (601) 948-5711
Fax: (601) 985-4500
Email: steve.rosenblatt@butlersnow.com
Attorney for Debtor

Jackson 3783890v.1

-5-

# CERTIFICATE OF NOTICE

```
District/off: 0538-3          User: dsawyer              Page 1 of 1           Date Rcvd: Apr 15, 2009
Case: 08-03423                Form ID: pdf012            Total Served: 1

The following entities were served by first class mail on Apr 17, 2009.
dbpos         +Warehouse 86, LLC,   5 River Bend Place, Ste D,   Flowood, MS 39232-7618

The following entities were served by electronic transmission.
NONE.                                                                                        TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Apr 17, 2009**                    **Signature:**   _Joseph Speetjens_