**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WAREHOUSE 86, LLC | ) | CASE NO. 08-03423-EE |
| | ) | Chapter 11 |
| Debtor | ) | |
| _____ | ) | |

**DEBTOR'S SECOND MOTION TO EXTEND EXCLUSIVE RIGHT**
**TO FILE AND OBTAIN CONFIRMATION OF PLAN**

Warehouse 86, LLC, the Debtor and debtor-in-possession herein ("Debtor"), by its attorneys, files this *Second Motion to Extend the Exclusive Right to File and Obtain Confirmation of Plan Pursuant to 11 U.S.C. §1121(d)(2)* (the "Motion") to extend under § 1121(d) the periods in which only the Debtor may file Chapter 11 plans and solicit acceptance thereof. In support of this Motion, the Debtor states as follows:

**Introduction**

1. On November 4, 2008 (the "Petition Date"), Debtor filed its Voluntary Petition under Chapter 11 of the Title 11 United States Code (the "Bankruptcy Code"). Debtor operates an on-line auction business from its offices in Flowood, Mississippi and Memphis, Tennessee, as well as from leased warehouse facilities in Ogden, Utah and Memphis, Tennessee. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to manage its assets as Debtor in possession.

2. An Official Committee of Unsecured Creditors (the "Committee") was appointed in this case on November 19, 2008 [Dkt. # 062]. No request for appointment of a trustee or examiner has been made herein.

**Jurisdiction and Venue**

3.	This Court has jurisdiction over this matter pursuant to 28 U. S. C. §§ 157 and 1334. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. §1121(d)(2). This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (L) and (O).

**Background**

4.	The 120-day period during which only the Debtor may file a plan specified by 11 U.S.C. § 1121(b) expired on March 4, 2008, but this Court entered its Order (Dkt. # 111) on March 27, 2009 granting an extension of the Debtor's exclusive right to file its Plan under 11 U.S.C. § 1121(d) until June 2, 2009.

5.	Since the Petition Date, the Debtor has sold the majority of its business assets pursuant to the Sale Order entered herein on December 10, 2008 [Dkt. #070] and has received $100,000.00 as the net proceeds of that sale. These funds are on deposit in the Debtor's account and can be withdrawn only by Order of this Court.

6.	The Debtor has dealt with consignors with respect to their goods remaining in the Debtor's possession, and has also dealt with utilities, landlords and lessors with respect to the Debtor's rights and obligations to each of them.

7.	The Debtor's primary remaining asset is its right to recovery of proceeds under its insurance policy (the "Policy") with Employer's Mutual Casualty Insurance Company ("EMC"). The Debtor has had, and continues to have, negotiations with the insurance adjuster assigned to handle that claim for EMC. Documentation for this claim has been submitted to EMC, and this claim either will be resolved amicably and the funds tendered to the named insured and the named

co-insured under the Policy or paid into either (i) the registry of the Court or (ii) a joint escrow account, and such proceeds would be able to be disbursed only by Order of the Court.

8. The Debtor needs to resolve its rights to these insurance proceeds vis-à-vis the rights of SCK, Inc. ("SCK"), a named co-insured under the Policy. Although SCK has filed its motion to lift the stay to pursue its rights under the Policy, the Debtor has opposed that motion since its rights to the insurance proceeds under the Policy are more significant than those of SCK. That matter is presently set for preliminary hearing on July 14, 2009.

9. Since the Petition Date, the Debtor has resolved the rights of all others named co-insureds previously listed under the Policy so that they are no longer parties in interest and will not have to be made parties to any proceeding to determine the rights to the insurance proceeds under the Policy.

10. The Debtor believes that it is in the best interest of its creditors and parties in interest for the bankruptcy estate to realize the full value for the insurance proceeds and for this Court to determine the rights of the Debtor in the Policy. Although this determination will not necessarily be required in order for the Debtor to formulate its Plan and Disclosure Statement, it will be helpful to further clarify the issues and to determine the time frame within which the dispute is likely to be resolved.

11. Therefore, the Debtor believes that it would be premature and not in the interest of the bankruptcy estate for the Debtor or any other party to file a Plan at this time.

12. The Debtor believes that an extension for an additional 30 days, or until Tuesday, July 2, 2009, would be an appropriate extension under the circumstances. This extension will permit the Debtor to be in a more definitive and informed position to propose an appropriate Plan to its creditors, and still, at the same time, keep this bankruptcy case on a fairly tight schedule.

13.     Section 1121(d) provides as follows:

(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

(2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

14.     This is the Debtor's second requested extension, and the requested extension is well within the maximum extension permitted by 11 U.S.C. §1121(d)(2).

15.     No prejudice will result by granting the Debtors the relief requested herein. Therefore, the Debtors believe that good cause exists under Section 1121(d) for the Court to grant to the Debtors the requested extensions.

## Relief Requested

16.     Section 1121(b) provides for an initial 120-day period after the Petition Date (the "Plan Proposal Period") within which the Debtor has the exclusive right to file a plan or plans in this case. Section 1121(c)(3) further provides for an initial 180-day period after the Petition Date to solicit acceptances on such a plan (the "Solicitation Period"). The Debtor's Plan Proposal Period and the Solicitation Period (collectively, the "Exclusivity Periods") are presently set to expire on June 2, 2009 and August 3, 2009, respectively.

17.     By this motion, the Debtor seeks, pursuant to 11 U.S.C. § 1121(d), an order extending (i) the Plan Proposal Period through July 2, 2009 (30 days) and (ii) the Solicitation Period through September 2, 2009 (30 days), without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.

18. The Debtors request that the Court enter the submitted *interim* order preserving the *status quo* and extending the Exclusivity Periods on an *interim* basis until final disposition of the Motion.

19. Such extensions will allow the Debtor additional necessary time to work toward formulation of its Plan and a successful conclusion of this Chapter 11 case.

20. Because the requested extension is for such a short period, and because the Official Committee of Unsecured Creditors and the United States Trustee have consented to this extension, no notice is required of this Motion.

WHEREFORE, the Debtor, Warehouse 86, LLC, respectfully requests that this Court enter an Order extending the Exclusivity Periods as set forth above, without prejudice to the Debtors' rights to request further extensions in the future.

This, the 2nd day of June, 2009.

        Respectfully submitted,

        WAREHOUSE 86, LLC

        By: *s/Stephen W. Rosenblatt*
            Stephen W. Rosenblatt
            One of Its Attorneys

OF COUNSEL:

Stephen W. Rosenblatt; MB No. 5676
Paul M. Ellis; MB No. 102259
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Box 22567
Jackson, MS 39225-2567
Telephone No.: 601-948-5711
Facsimile: 601-985-4500

- 6 -

## CERTIFICATE OF SERVICE

I, Stephen W. Rosenblatt, certify that I have this date served, via either electronic filing transmission or United States mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

>Ronald McAlpin, Esq.
>Office of the United States Trustee
>Suite 706, A. H. McCoy Federal Building
>100 West Capitol Street
>Jackson, MS 39269
>
>Ms. Teresa M Shipe
>Katt Worldwide Logistics, Inc.
>4105 So. Mendenhall Road
>Memphis, TN 38115
>tshipe@kattworld.com
>
>Edwin W. Christensen, Esq.
>Overstock.com, Inc.
>6350 S. 3000 E.
>Salt Lake City, Utah 54212
>echristensen@overstock.com
>
>Mr. Bobby Thomas
>Thomas Sales & Services, Inc.
>2300 Sitler St., Bldg. 685
>Memphis, TN 38114
>bthomas@abcthomas.com

THIS, the 2nd day of June, 2009.

>*s/ Stephen W. Rosenblatt*
>Stephen W. Rosenblatt

Jackson 4031323v.1