IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| **WAREHOUSE 86, LLC** ) | **CASE NO. 08-03423-EE** |
| ) | **Chapter 11** |
| **Debtor** ) | |
| _____ ) | |

**FIRST APPLICATION OF
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD
NOVEMBER 4, 2008 THROUGH JUNE 30, 2009**

Butler, Snow, O'Mara, Stevens & Cannada, PLLC ("Butler Snow" or the "Applicant") files this First Application for Approval and Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period of November 4, 2008 through June 30, 2009 for its services as attorney for Warehouse 86, LLC (the "Debtor"), and presents to the Court the following:

1. On November 4, 2008 (the "Petition Date"), Warehouse 86, LLC filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to manage its assets as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. An official committee of unsecured creditors (the "Committee") was appointed by the United States Trustee on November 19, 2008 [Dkt. # 62]. No request for appointment of a trustee or examiner has been made herein.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 327, 330 and 331; Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Retention Orders (as defined below). Venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

4. By orders of the Court dated November 7, 2008 [Dkt. # 28] and April 15, 2009 [Dkt. # 115], the Debtor was authorized to employ and retain Butler Snow as its bankruptcy counsel to prosecute this Chapter 11 case and all related matters and to render the legal services necessary to the Debtor during its Chapter 11 case, as more fully described in that Order (the "Retention Orders").

5. Butler Snow does not hold or represent any interest adverse to the Debtor's estate, and is a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code as modified by § 1107(b) of the Bankruptcy Code, as disclosed in the Affidavit of Stephen W. Rosenblatt which is an exhibit to the *Application to Employ Butler Snow as Bankruptcy Counsel* [Dkt. #008]. Butler Snow also disclosed its connections to various parties-in-interest that it has been able to ascertain using reasonable efforts.

6. The Retention Orders authorizes the Debtor to compensate Butler Snow at its regular hourly rates charged for services of this type (subject to the hourly rate limitations stated in the Retention Orders) and to reimburse Butler Snow for actual and necessary out-of-pocket expenses that it incurs, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, and all orders of this Court.

7. The services rendered by Butler Snow as bankruptcy counsel for the Debtor and its bankruptcy estate and the expenses incurred by Butler Snow has benefited the bankruptcy estate. An Affidavit reflecting the legal services rendered and expenses incurred by Butler Snow is attached as Exhibit "A." The Affidavit certifies and represents to the Court that the services rendered to the Debtor were reasonable and necessary and that these services actually have been rendered. A detailed itemization of the services rendered by Butler Snow and the expenses incurred by Butler Snow is attached as Exhibit "B."

8.     The fees charged and expenses incurred by Butler Snow represents reasonable and necessary fees and expenses that were required to be extended by counsel to the Debtor in all matters which arise in handling bankruptcy case administration and litigation, and which were necessary to protect and preserve all rights of the Debtor and the interests of creditors in furtherance of counsel's obligation herein. Such fees and expenses have served to enhance the value of the property of the estate.

9.     In accordance with the factors enumerated in 11 U.S.C. § 330, the amount of fees requested for Butler Snow is fair and reasonable given: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

10.    In accordance with Bankruptcy Rule 20 16(b), Butler Snow has neither shared, nor agreed to share, (a) any compensation it has received or may receive with another part or person other than as permitted by section 504(b) of the Bankruptcy Code, or (b) any compensation another person or party has received or may receive in connection with these cases.

11.    Butler Snow was paid a total retainer of $45,000.00 for pre-petition services, all of which was exhausted prior to the filing of the Bankruptcy Case. Furthermore, Butler Snow wrote off those amounts of its statement for pre-petition services that were not covered by its pre-petition retainer.

12.    This is the first request by the Debtor for allowance of compensation for professional services rendered in this proceeding by Butler Snow. This request covers the period of November 4, 2008 through June 30, 2009 (the "<u>Initial Fee Period</u>"), and is for the total amount of $93,590.87 during the Fee Period, of which $89,198.50 is for fees for services rendered and $4,392.37 is for expenses incurred.

WHEREFORE, Butler Snow prays that it be granted allowed administrative expenses claim for the: (i) reasonable and necessary professional services Butler Snow has rendered to the Debtor during the Initial Fee Period of $89,198.50, and (ii) reimbursement of actual and necessary costs and expenses incurred by Butler Snow during the Initial Fee Period of $4,392.37, for a total claim of $93,590.87 for Butler Snow.

THIS, the 17th day of July, 2009.

Respectfully submitted,

WAREHOUSE 86, LLC

By: *s/Stephen W. Rosenblatt*
    Stephen W. Rosenblatt
    One of Its Attorneys

OF COUNSEL:

Stephen W. Rosenblatt; MB No. 5676
Paul M. Ellis; MB No. 102259
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Box 22567
Jackson, MS 39225-2567
Telephone No.: 601-948-5711
Facsimile: 601-985-4500

## CERTIFICATE OF SERVICE

I, Stephen W. Rosenblatt, certify that I have this date caused to be served, via electronic filing transmission or United States mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Ronald McAlpin, Esq.
Office of the United States Trustee
Suite 706, A. H. McCoy Federal Building
100 West Capitol Street
Jackson, MS 39269

- 5 -

Ms. Teresa M Shipe
Katt Worldwide Logistics, Inc.
4105 So. Mendenhall Road
Memphis, TN 38115
tshipe@kattworld.com

Edwin W. Christensen, Esq.
Overstock.com, Inc.
6350 S. 3000 E.
Salt Lake City, Utah 54212
echristensen@overstock.com

Mr. Bobby Thomas
Thomas Sales & Services, Inc.
2300 Sitler St., Bldg. 685
Memphis, TN 38114
bthomas@abcthomas.com

THIS, the 17th day of July, 2009.

                                      *s/ Stephen W. Rosenblatt*
                                      Stephen W. Rosenblatt

Jackson 4173442v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **WAREHOUSE 86, LLC** | ) | CASE NO. 08-03423-EE |
| | ) | **Chapter 11** |
| **Debtor** | ) | |
| | ) | |

### AFFIDAVIT

PERSONALLY APPEARED BEFORE ME, the undersigned authority, in and for the jurisdiction aforesaid, Stephen W. Rosenblatt (the "Affiant"), attorney for the Debtor, who after having been first by me duly sworn, states on oath that this Affidavit is submitted in support of Butler, Snow, O'Mara, Stevens & Cannada, PLLC's First Application for Allowance of Compensation and Reimbursement of Necessary Expenses (the "Application") and that the statements which are attached to the Application as Exhibit "B" represent a detailed statement of its reasonable fees and expenses.

_____
STEPHEN W. ROSENBLATT

STATE OF MISSISSIPPI
COUNTY OF HINDS

SWORN TO AND SUBSCRIBED BEFORE ME, this the 17th day of July, 2009.

_____
NOTARY PUBLIC

My Commission Expires:

Jackson 4173442v.1



EXHIBIT "A"