IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WAREHOUSE 86, LLC | ) | CASE NO. 08-03423-EE |
| | ) | Chapter 11 |
| Debtor | ) | |
| | ) | |

**FIRST APPLICATION OF
HADDOX, REID, BURKES & CALHOUN, PLLC
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD
NOVEMBER 4, 2008 THROUGH JUNE 30, 2009**

Haddox Reid Burkes & Calhoun PLLC ("Haddox Reid" or the "Applicant") files this First Application for Approval and Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period of November 4, 2008 through June 30, 2009 for its services as attorney for Warehouse 86, LLC (the "Debtor"), and presents to the Court the following:

1. On November 4, 2008 (the "Petition Date"), Warehouse 86, LLC filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to manage its assets as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. An official committee of unsecured creditors (the "Committee") was appointed by the United States Trustee on November 19, 2008 [Dkt. # 62]. No request for appointment of a trustee or examiner has been made herein.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 327, 330 and 331; Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Retention Order (as defined below). Venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

4. By order of the Court dated January 26, 2009 [Dkt. # 090], the Debtor was authorized to employ and retain Haddox Reid as its outside accounting firm to prepare and file all necessary tax returns for the Debtor in this Chapter 11 case and all related matters and to render such accounting services reasonably related thereto for the Debtor during its Chapter 11 case, as more fully described in that Order (the "Retention Order").

5. Haddox Reid does not hold or represent any interest adverse to the Debtor's estate, and is a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code as modified by § 1107(b) of the Bankruptcy Code, as disclosed in the Affidavit of Paul Calhoun which is an exhibit to the Retention Order. Haddox Reid also disclosed its connections to various parties-in-interest that it has been able to ascertain using reasonable efforts.

6. The Retention Order authorizes the Debtor to compensate Haddox Reid at its regular hourly rates charged for services of this type (subject to the hourly rate limitations stated in the Retention Orders) and to reimburse Haddox Reid for actual and necessary out-of-pocket expenses that it incurs, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, and all orders of this Court.

7. The services rendered by Haddox Reid as bankruptcy accountants for the Debtor and its bankruptcy estate and the expenses incurred by Haddox Reid has benefited the bankruptcy estate. An Affidavit reflecting the accounting services rendered and expenses incurred by Haddox Reid is attached as Exhibit "A." The Affidavit certifies and represents to the Court that the services rendered to the Debtor were reasonable and necessary and that these services actually have been rendered. A detailed itemization of the services rendered by Haddox Reid and the expenses incurred by Haddox Reid is attached as Exhibit "B."

- 3 -

8. The fees charged and expenses incurred by Haddox Reid represents reasonable and necessary fees and expenses that were required to be extended by the accountants to the Debtor in all matters which arise in relation to tax return preparation and related issues. Such fees and expenses have served to enhance the value of the property of the estate and to permit the Debtor to comply with its obligations as debtor-in-possession.

9. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount of fees requested for Haddox Reid is fair and reasonable given: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

10. In accordance with Bankruptcy Rule 2016(b), Haddox Reid has neither shared, nor agreed to share, (a) any compensation it has received or may receive with another part or person other than as permitted by section 504(b) of the Bankruptcy Code, or (b) any compensation another person or party has received or may receive in connection with these cases.

11. Haddox Reid was paid a total post-petition security retainer of $40,000.00 for post-petition services. Furthermore, Haddox Reid wrote off those amounts of its unpaid statement for pre-petition services in the amount of $212.50..

12. This is the first request by the Debtor for allowance of compensation for professional services rendered in this proceeding by Haddox Reid. This request covers the period of November 4, 2008 through June 30, 2009 (the "Initial Fee Period"), and is for the total amount of $8,499.00 during the Fee Period, of which $8,399.00 is for fees for services rendered and $100.00 is for expenses incurred.

WHEREFORE, Haddox Reid prays that it be granted allowed administrative expenses claim for the: (i) reasonable and necessary professional services Haddox Reid has rendered to the Debtor

during the Initial Fee Period of $8,399.00 and (ii) reimbursement of actual and necessary costs and expenses incurred by Haddox Reid during the Initial Fee Period of $100.00, for a total claim of $8,499.00 for Haddox Reid.

THIS, the 17th day of July, 2009.

Respectfully submitted,

WAREHOUSE 86, LLC

By: *s/Stephen W. Rosenblatt*
 Stephen W. Rosenblatt
 One of Its Attorneys

OF COUNSEL:

Stephen W. Rosenblatt; MB No. 5676
Paul M. Ellis; MB No. 102259
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Box 22567
Jackson, MS 39225-2567
Telephone No.: 601-948-5711
Facsimile: 601-985-4500

CERTIFICATE OF SERVICE

I, Stephen W. Rosenblatt, certify that I have this date caused to be served, via electronic filing transmission or United States mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Ronald McAlpin, Esq.
Office of the United States Trustee
Suite 706, A. H. McCoy Federal Building
100 West Capitol Street
Jackson, MS 39269

Ms. Teresa M Shipe
Katt Worldwide Logistics, Inc.
4105 So. Mendenhall Road
Memphis, TN 38115
tshipe@kattworld.com

- 5 -

Edwin W. Christensen, Esq.
Overstock.com, Inc.
6350 S. 3000 E.
Salt Lake City, Utah 54212
echristensen@overstock.com

Mr. Bobby Thomas
Thomas Sales & Services, Inc.
2300 Sitler St., Bldg. 685
Memphis, TN 38114
bthomas@abcthomas.com

THIS, the 17th day of July, 2009.

                *s/ Stephen W. Rosenblatt*
                Stephen W. Rosenblatt

Jackson 4171786v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In re:                                      )
                                            )
    **WAREHOUSE 86, LLC**              )    CASE NO. 08-03423-EE
                                            )    Chapter 11
    **Debtor**                          )
_____)

### AFFIDAVIT

PERSONALLY APPEARED BEFORE ME, the undersigned authority, in and for the jurisdiction aforesaid, Paul Calhoun (the "Affiant"), who after having been first by me duly sworn, states on oath that this Affidavit is submitted in support of Haddox Reid Burkes & Calhoun PLLC ('s First Application for Allowance of Compensation and Reimbursement of Necessary Expenses (the "Application") and that the statements which are attached to the Application as Exhibit "B" represent a detailed statement of its reasonable fees and expenses.

/s/ Paul Calhoun
PAUL CALHOUN

STATE OF MISSISSIPPI
COUNTY OF HINDS

SWORN TO AND SUBSCRIBED BEFORE ME, this the __17th__ day of July, 2009.

/s/ Debora J. Letteri
NOTARY PUBLIC

My Commission Expires:____
DEBORA LETTERI
Mississippi Statewide Notary Public
My Commission Expires July 14, 2009

Jackson 4173679v.1



EXHIBIT "A"

HADDOX REID BURKES & CALHOUN PLLC                                                                                                    Exhibit B
Services and Expenses

| Individual | Date | Time | Rate | Amount | Comment |
|---|---|---|---|---|---|
| Paul Calhoun | 12/03/08 | 0.50 | 250.00 | 125.00 | Discussions with Ernie Strahan re 2008 income tax returns. |
| Paul Calhoun | 12/15/08 | 0.25 | 250.00 | 62.50 | Discussions with Ernie Strahan re 2008 income tax returns. |
| Paul Calhoun | 12/29/08 | 1.25 | 250.00 | 312.50 | Discussions with Stephen Rosenblatt re 2008 income tax returns. |
| Paul Calhoun | 02/26/09 | 0.50 | 250.00 | 125.00 | Discussions with Ernie Strahan re 2008 income tax returns. |
| Paul Calhoun | 03/03/09 | 0.25 | 250.00 | 62.50 | Discussions with Ernie Strahan re 2008 income tax returns. |
| Paul Calhoun | 04/11/09 | 0.75 | 250.00 | 187.50 | Discussions with Ernie Strahan re 2008 income tax returns. |
| Paul Calhoun Totals | | 3.50 | | 875.00 | |
| | | | | | |
| Scott McKenzie | 11/10/08 | 1.00 | 144.00 | 144.00 | Tennessee Franchise Tax 2006 & 2007 |
| Scott McKenzie | 01/06/09 | 2.75 | 144.00 | 396.00 | Research re TN sales tax |
| Scott McKenzie | 04/13/09 | 0.25 | 144.00 | 36.00 | Preparation of return |
| Scott McKenzie | 05/13/09 | 5.50 | 144.00 | 792.00 | Preparation of return |
| Scott McKenzie | 05/14/09 | 4.00 | 144.00 | 576.00 | Preparation of return |
| Scott McKenzie | 05/15/09 | 1.00 | 144.00 | 144.00 | Preparation of return |
| Scott McKenzie | 05/18/09 | 6.00 | 144.00 | 864.00 | Preparation of return |
| Scott McKenzie | 05/19/09 | 4.50 | 144.00 | 648.00 | Preparation of return |
| Scott McKenzie | 05/20/09 | 0.75 | 144.00 | 108.00 | Preparation of return |
| Scott McKenzie | 06/08/09 | 1.00 | 144.00 | 144.00 | Preparation of return |
| Scott McKenzie | 06/09/09 | 6.25 | 144.00 | 900.00 | Preparation of return |
| Scott McKenzie | 06/10/09 | 1.25 | 144.00 | 180.00 | Preparation of return |
| Scott McKenzie | 06/11/09 | 0.25 | 144.00 | 36.00 | Preparation of return |
| Scott McKenzie | 06/15/09 | 1.50 | 144.00 | 216.00 | Preparation of return |
| Scott McKenzie | 06/19/09 | 2.50 | 144.00 | 360.00 | Preparation of return |
| Scott McKenzie | 06/23/09 | 3.00 | 144.00 | 432.00 | Preparation of return |
| Scott McKenzie | 06/24/09 | 7.50 | 144.00 | 1,080.00 | Preparation of return |
| Scott McKenzie | 06/30/09 | 3.25 | 144.00 | 468.00 | Preparation of return |
| Scott McKenzie Totals | | 52.25 | | 7,524.00 | |
| | | | | | |
| Total Services | | | | 8,399.00 | |
| | | | | | |
| Tennessee Franchise Tax | | | | 100.00 | |
| | | | | | |
| Total | | | | 8,499.00 | |



EXHIBIT "B"