IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| WAREHOUSE 86, LLC ) | CASE NO. 08-03423-EE |
| ) | Chapter 11 |
| Debtor ) | |
| _____ ) | |

RESPONSE OF WAREHOUSE 86, LLC TO OBJECTION OF
RADIO SHACK CORPORATION AND SCK INC. TO
<u>DEBTOR'S DISCLOSURE STATEMENT FOR ITS CHAPTER 11 PLAN</u>
[Dkt. # 177]

Warehouse 86, LLC ("<u>Debtor</u>" or "<u>Warehouse 86</u>"), through its attorneys, files this Response to the Objection of RadioShack Corporation ("<u>RadioShack</u>") and SCK, Inc. ("<u>SKC</u>") to the Disclosure Statement for Debtor's Chapter 11 Plan (Dkt. # 177), and presents to the Court the following:

1. The Debtor admits the allegations of Paragraph 1.

2. The Debtor admits the allegations of Paragraph 2.

3. The Debtor admits that its most significant remaining asset is the proceeds from the insurance policy with Employers Mutual Insurance Companies ("<u>EMC</u>") related to the fire and tornado losses to the Debtor's Southaven facility (the "<u>Insurance Proceeds</u>"). The Debtor denies the remaining allegations of Paragraph 3.

4. The Debtor admits that on or about June 17, 2003, Industrial Development International, Inc. ("<u>Industrial</u>"), as Landlord, and Wireless Retail, Inc. ("<u>Wireless</u>"), as Tenant, entered into a Lease Agreement (the "<u>Lease</u>") for a certain space located at 481 Airport Industrial Drive, Suite 110, Southaven, Mississippi (the "<u>Southaven Warehouse</u>"). The Debtor denies the remaining allegations of Paragraph 4.

5. On information and belief, the Debtor admits the allegations of Paragraph 5.

6.      The Debtor admits that SCK subleased the Southaven Warehouse, along with certain equipment located therein, to the Debtor pursuant to the terms and conditions of that certain Sublease, dated July 11, 2006 (the "Sublease").  The Debtor denies the remaining allegations of Paragraph 6.

7.      The Debtor admits that it paid to RadioShack a security deposit of $35,407.80 (the "Security Deposit"), but the Debtor denies the remaining allegations of Paragraph 7.

8.      The Debtor would show that the Sublease speaks for itself.  The Debtor admits that it named SCK as a loss payee under its property insurance policy with EMC.  The Debtor denies the remaining allegations of Paragraph 8.

9.      The Debtor admits that on February 5, 2008, a tornado struck the Southaven Warehouse damaging the building and the property and equipment located therein, including some property and equipment of SCK.  The Debtor further admits, on information and belief, that on February 11, 2008, a welding subcontractor, while repairing the tornado-damaged building, caused a fire which resulted in additional damage to the Southaven Warehouse and the equipment and property located therein, including inventory, property and equipment of the Debtor and property and equipment of SCK.  The Debtor denies the remaining allegations of Paragraph 9.

10.     The Debtor admits the allegations of Paragraph 10, but would show that on or about March 28, 2008, SCK unilaterally and without any prior notice to Warehouse 86, terminated the Sublease.  This action by SCK was directly contrary to and in violation of its covenant to Warehouse 86 under Paragraph 11 of the Sublease "not to voluntarily terminate the Prime Lease or otherwise place in jeopardy the validity of the Prime Lease. . ."

11.     The Debtor denies the allegations of Paragraph 11.

-3-

12. The Debtor admits the allegations of Paragraph 12.

13. The Debtor admits the allegations of Paragraph 13.

14. The Debtor admits the allegations of Paragraph 14.

15. The Debtor admits the allegations of Paragraph 15.

16. The Debtor admits the allegations of Paragraph 16.

17. The Debtor admits that SCK's interest in the Security Deposit is scheduled as a contingent, unliquidated and disputed debt. The Debtor further admits that SCK is listed as having a contingent, unliquidated and disputed unsecured non-priority claim to the "Rent Deposit." The Debtor denies the remaining allegations of Paragraph 17.

18. The Debtor admits the allegations of Paragraph 18.

19. The Debtor admits the allegations of Paragraph 19.

20. The Debtor denies the allegations of Paragraph 20.

21. The Debtor admits that SCK objects to the adequacy of the Disclosure Statement on the stated grounds, but denies that the objection is meritorious.

22. The Debtor believes that most of the objections of SCK relate to the Plan confirmation, rather than to the adequacy of the Disclosure Statement. The Debtor acknowledges SCK's right to object to the Plan confirmation at the appropriate time.

23. The Debtor admits the allegations of Paragraph 23.

24. The Debtor denies the allegations of Paragraph 24. SCK has sufficient time to file its motion for temporary allowance of its claim under Bankruptcy Rule 3018(a), but to date, it has failed to do so.

25. The Debtor denies the allegations of Paragraph 25.

26.     The Debtor admits that SCK is named as a loss payee under the Policy and that the Insurance Proceeds are payable jointly to SCK and the Debtor.  The Debtor denies the remaining allegations of Paragraph 26.

27.     The Debtor denies the allegations of Paragraph 27.  Clearly, the Insurance Proceeds are property of the Debtor's bankruptcy estate, as each of the cases cited by the SCK so hold.

28.     The Debtor denies the allegations of Paragraph 28.

29.     The Debtor denies the allegations of Paragraph 29.

30.     The Debtor admits that it does not list any potential Avoidance Actions in its Disclosure Statement.  The Debtor admits that Avoidance Actions are assets of the Debtor's bankruptcy estate.  The Debtor denies that the Disclosure Statement should set forth all potential Avoidance Actions and the actual projected realizable value from any recovery therefrom, as well as the remaining allegations of Paragraph 30.

31.     The Debtor admits the allegations of Paragraph 31.

32.     The Debtor denies the allegations of Paragraph 32, and specifically that the Creditors' Committee is currently being advised by counsel to the Debtor.  The Debtor would affirmatively show that one of the members of the Creditors' Committee is a licensed attorney who serves as in-house corporate counsel to Overstock.com.  Furthermore, that member of the Creditors' Committee has secured local counsel to represent its interest in this bankruptcy case.

33.     The allegations of Paragraph 33 are denied.

34.     The Debtor denies Paragraph 34.  The Debtor admits that the Disclosure Statement proposes to appoint a manager and the CFO of the Debtor to serve as the Disbursing Agent. The remaining allegations of Paragraph 34 are denied.

35. The Debtor denies the allegations of Paragraph 35.

36. The Debtor admits that the Disclosure Statement should be amended to reflect the deposit of the Insurance Proceeds into the Registry of the Court pending adjudication by the Court of the rights of the Debtor and SCK to the Insurance Proceeds.

37. The Debtor admits the allegations of Paragraph 37.

38. The Disclosure Statement will be revised to reflect that only that portion of the Insurance Proceeds found by the Court to be property of the bankruptcy estate shall vest in the Disbursing Agent. The Debtor denies the remaining allegations of Paragraph 38.

39. The intent of the Plan is that the Debtor will not be granted a discharge of any claims against it. To the extent necessary, the Disclosure Statement will be revised accordingly.

WHEREFORE, the Debtor respectfully requests that this Court approve its Disclosure Statement with the agreed-upon modifications set forth herein, and will grant it such other and further relief as this Court deems just and proper.

Dated: August 25, 2009.

Respectfully submitted,

WAREHOUSE 86, LLC

By: *s/Stephen W. Rosenblatt*
    STEPHEN W. ROSENBLATT (MB # 5676)
    PAUL M. ELLIS (MB # 102259)
    Its Attorneys

-6-

<u>CERTIFICATE OF SERVICE</u>

I, Stephen W. Rosenblatt, certify that I have this date served, via either electronic filing transmission or United States mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the following persons:

    Ronald McAlpin, Esq.
    Office of the United States Trustee
    Suite 706, A. H. McCoy Federal Building
    100 West Capitol Street
    Jackson, MS 39269

    Marcus M. Wilson, Esq.
    Bennett Lotterhos Sulser & Wilson, P.A.
    One Jackson Place, Suite 1400
    188 East Capitol Street
    Jackson, MS 39205-0098

    Ms. Teresa M Shipe
    Katt Worldwide Logistics, Inc.
    4105 So. Mendenhall Road
    Memphis, TN 38115
    tshipe@kattworld.com

    Edwin W. Christensen, Esq.
    Overstock.com, Inc.
    6350 S. 3000 E.
    Salt Lake City, Utah 54212
    echristensen@overstock.com

    Mr. Bobby Thomas
    Thomas Sales & Services, Inc.
    2300 Sitler St., Bldg. 685
    Memphis, TN 38114
    bthomas@abcthomas.com

THIS, the 25th day of August, 2009.

                                        *s/ Stephen W. Rosenblatt*
                                        Stephen W. Rosenblatt

Jackson 4306277v1