UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Case No. 08-03423-EE |
|  | : | Chapter 11 |
| WAREHOUSE 86, LLC, | : |  |
| Debtor. | : |  |
|  | : |  |
| SCK, INC. and | : |  |
| RADIOSHACK CORPORATION, | : | Adv. Pro. No. 09-00139-EE |
| Plaintiffs | : |  |
| v. | : |  |
| WAREHOUSE 86, LLC, | : |  |
| Defendant. | : |  |

**ANSWER AND DEFENSES OF WAREHOUSE 86, LLC**
**[Dkt. # 197]**

Warehouse 86, LLC. ("Warehouse 86") hereby answers the Complaint for Declaratory Judgment (docket no. 197), paragraph by paragraph, and would respectfully show the following:

1. Warehouse 86 is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint for Declaratory Judgment, and therefore denies same.

2.      Warehouse 86 is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint for Declaratory Judgment, and therefore denies same.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      The Debtor admits that on December 10-11, 2008, it sold substantially all of its assets to Warehouse 86 Ventures, LLC, the designee of Kenneth A. May.  Excluded from the sale of the assets were the Debtor's rights to the Insurance Proceeds.  The Debtor no longer conducts the business activities it conducted prior to the sale, but is winding up its financial affairs so it can distribute its assets under a plan to be approved by this Court.  The remainder of the allegations of paragraph 7 are denied.

8.      Admitted.

9.      Warehouse 86 admits that Exhibit A to the Complaint for Declaratory Judgment appears to be a true and correct copy of the sublease, which sublease speaks for itself.  To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same.  Warehouse 86 denies that all equipment listed in the sublease was still being leased from SCK at the time of the tornado and the fire, but would show that it purchased the material handling equipment prior to the tornado and the fire.

10.     Warehouse 86 admits the tornado, and that same caused damage.  To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same.

11.     Warehouse 86 admits the fire, and that same caused damage. To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same.

12.     Warehouse 86 admits that Exhibit B to the Complaint for Declaratory Judgment appears to be a true and correct copy of the referenced report, which report speaks for itself. To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same.

13.     Warehouse 86 admits that Exhibit C to the Complaint for Declaratory Judgment appears to be a true and correct copy of the referenced policy, which policy speaks for itself. To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same.

14.     Warehouse 86 admits that Exhibit C to the Complaint for Declaratory Judgment appears to be a true and correct copy of the referenced policy, which policy speaks for itself. To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same.

15.     Warehouse 86 admits that EMC issued checks totaling $2,089,882.35 payable jointly to both Warehouse 86 and to SCK. To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same.

16.     Admitted.

17.     Admitted, except that (a) the correct amount of one of the checks was nine hundred seventy <u>nine</u> thousand, <u>eight</u> hundred eighty two dollars and thirty five cents; and (b) there was not a separate check for $4,900 for debris removal, but rather, the check in the amount of $979,882.35 was for "any and all claims for business personal property."

18. Warehouse 86 admits that it has records of three EMC checks, totaling $2,089,882.35, which are payable to "Warehouse 86 and SC Kiosks, Inc." To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same.

19. Admitted.

20. Admitted.

21. Warehouse 86 admits that the sublease speaks for itself. To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same. Warehouse 86 specifically denies that Plaintiffs are entitled to the relief that they seek.

22. Warehouse 86 admits that the sublease speaks for itself. To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same. Warehouse 86 specifically denies that Plaintiffs are entitled to the relief that they seek.

23. Warehouse 86 admits that the sublease speaks for itself. To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same. Warehouse 86 specifically denies that Plaintiffs are entitled to the relief that they seek.

24. Denied. Warehouse 86 admits that the sublease speaks for itself. To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same. Warehouse 86 specifically denies that Plaintiffs are entitled to the relief that they seek.

25.     Denied. Warehouse 86 admits that the policy speaks for itself. To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same. Warehouse 86 specifically denies that Plaintiffs are entitled to the relief that they seek.

26.     Denied.

27.     Denied.

28.     Warehouse 86 admits that the sublease speaks for itself. To the extent that this paragraph of the Complaint for Declaratory Judgment alleges anything other or further, Warehouse 86 denies same. Warehouse 86 specifically denies that Plaintiffs are entitled to the relief that they seek.

29.     Warehouse 86 is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint for Declaratory Judgment, and therefore denies same.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Warehouse 86 is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph of the Complaint for Declaratory Judgment, and therefore denies same.

34.     Except as expressly admitted above, Warehouse 86 denies each and every, all and singular, the allegations of the Complaint for Declaratory Judgment; demands strict proof thereof; and denies that Plaintiffs are entitled to the relief requested.

### First Affirmative Defense

35. RadioShack has no right or interest in the property at issue, and no standing, and has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

36. Granting the relief sought by Plaintiffs would not accord with equitable principles.

### Third Affirmative Defense

37. SCK breached the sublease by terminating the lease. Had SCK performed, some or all of the property at issue would have become the property of Warehouse 86. Because equity regards as done that which ought to have been done, and because SCK ought to have performed, rather than breached, the sublease, this Court ought to regard said property as having become the property of Warehouse 86.

### Fourth Affirmative Defense

38. Warehouse 86 purchased a portion of the leased equipment (the material handling equipment) prior to the tornado and the fire, and therefore, it, not SCK, is the owner of the material handling equipment.

### Counterclaim

39. Warehouse 86 is entitled, by virtue of the policy, the sublease, the law, and equity, to the "insurance proceeds."

40. By terminating the lease, SCK breached the sublease, to Warehouse 86's damage.

WHEREFORE, premises considered, Warehouse 86 prays that it will be granted judgment declaring that it is entitled to the "insurance proceeds"; directing the Clerk pay same to Warehouse 86, together with accrued interest on the deposited funds; and that Warehouse 86 is

entitled to a judgment against SCK for breach of the sublease; and for such other or further relief, in law or equity, as to which Warehouse 86 may be justly entitled.

>Respectfully submitted,
>
>WAREHOUSE 86, LLC
>
>By: _s/Stephen W. Rosenblatt_____
>  ROBERT M. FREY (MSB No. 5531)
>  STEPHEN W. ROSENBLATT (MSB No. 5676)
>  Its Attorneys

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
601-948-5711
601-985-4500 (fax)

## CERTIFICATE OF SERVICE

I, Stephen W. Rosenblatt, one of the attorneys for Warehouse 86, LLC, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered via the ECF system to the following persons:

>Marcus M. Wilson, Esq.
>BENNETT LOTTERHOS SULSER & WILSON, P.A.
>One Jackson Place
>188 East Capitol Street, Suite 1400
>Jackson, Mississippi 39201
>
>ATTORNEYS FOR SCK, INC. and RADIOSHACK CORPORATION

        Ronald McAlpin, Esq.
        OFFICE OF THE UNITED STATES TRUSTEE
        Suite 706, A. H. McCoy Federal Building
        100 West Capitol Street
        Jackson, Mississippi 39269
        Ronald.McAlpin@USDOJ.gov

This, the 1st day of December, A.D. 2009.

                                    *s/Stephen W. Rosenblatt*_____
                                    STEPHEN W. ROSENBLATT

Jackson 4623894v1