IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **WAREHOUSE 86, LLC** ) | **CASE NO. 08-03423-EE** |
| ) | **Chapter 11** |
| **Debtor** ) | |
| ) | |

ORDER APPROVING SECOND APPLICATION OF
HADDOX, REID, BURKES & CALHOUN, PLLC
FOR ALLOWANCE OF FIRST ADMINISTRATIVE CLAIM
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
[Dkt. # 199]

This matter came on for hearing before the Court on the *Second Application for Approval and Allowance of Administrative Claim for Compensation and Reimbursement of Expenses of Haddox Reid Burkes & Calhoun PLLC* ("Haddox Reid") as accountants for Warehouse 86,LLC (the "Debtor") (the "Application") [Dkt. # 199) seeking the allowance of $16,247.75 for fees for services rendered and reimbursement of expenses of $210.15 for the period of July 1, 2009 through October 31, 2009 for a total of $16,457.90, pursuant to 11 U.S.C. §§ 328 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of this Court and the *Amended Order Granting Application of Debtor to Employ Haddox, Reid, Burkes & Calhoun, PLLC as its Accountants* [Dkt. # 090] (the "Retention Order)". The Court considered the Application and the entire record herein and finds that notice of the Application was properly given to all required creditors and parties in interest, and no objections to the Application were timely filed. The Court finds that the Application is well taken and should be granted as set forth herein. The Court further finds as follows:

1. On November 4, 2008 (the "Petition Date"), Warehouse 86, LLC filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to manage its assets as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. On November 19, 2008 the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") [Dkt. # 62].

3. The Debtor retained Haddox Reid as its outside accounting firm to prepare and file all necessary tax returns for the Debtor in this Chapter 11 case and all related matters and to render such accounting services reasonably related thereto for the Debtor during its Chapter 11 case, as more fully described in the Retention Order.

4. The Retention Order authorizes the Debtor to compensate Haddox Reid at its regular hourly rates charged for services of this type and to reimburse Haddox Reid for actual and necessary out-of-pocket expenses that it incurs, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, and all orders of this Court.

5. Haddox Reid was paid a post-petition security retainer of $40,000.00 by the Debtor to secure the payment of post-petition services it renders to the Debtor. Any unused portion of the retainer will be remitted to the Debtor.

6. The fees charged and expenses incurred by Haddox Reid represent reasonable and necessary fees and expenses that were required to be extended by the accountants to the Debtor in all matters which arise in relation to tax return preparation and related issues. The services rendered and expenses incurred by Haddox Reid as bankruptcy accountants for the Debtor have benefited the bankruptcy estate and permitted the Debtor to comply with its obligations as debtor-in-possession.

- 3 -

7. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount of fees requested for Haddox Reid is fair and reasonable in the context of: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

8. In accordance with Bankruptcy Rule 2016(b) and Section 504 of the Bankruptcy Code, Haddox Reid has neither shared, nor agreed to share, either (a) any compensation it has received or may receive with another part or person other than as permitted by section 504(b) of the Bankruptcy Code, or (b) any compensation another person or party has received or may receive in connection with these cases.

9. This is the second request by the Debtor for allowance of compensation for professional services rendered in this proceeding by Haddox Reid. This request covers the period of July 1, 2009 through October 31, 2009 (the "Second Fee Period"), and is for the total amount of $16,247.75 for fees for services rendered and reimbursement of expenses of $210.15 for a total of $16,457.90.

10. The court has previously allowed fees and expenses to Haddox Reid in this case in the amount of $8,499.00 in its *Order Approving First Application of Haddox, Reid, Burkes & Calhoun, PLLC for Allowance of First Administrative Claim for Compensation and Reimbursement of Expenses* (Docket No. 173) dated August 12, 2009 for the Initial Fee Period of November 4, 2008 through June 30, 2009.

IT IS, THEREFORE, ORDERED as follows:

(a) Haddox Reid is herby allowed interim compensation and reimbursement of expenses in the amount of $16,457.90 pursuant to the terms of this Order;

- 4 -

    (b)    After the entry of this Order, Haddox Reid may withdraw from the security retainer it is holding and pay itself the sum of $16,457.90, which represents the fees and expenses incurred for the period July 1, 2009 through October 31, 2009.

SO ORDERED,

*Edward Ellington*
Edward Ellington
United States Bankruptcy Judge
Dated: December 22, 2009

SUBMITTED BY:

Stephen W. Rosenblatt; MB No. 5676
Paul M. Ellis; MB No. 102259
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010
Ridgeland, MS 39158-6010
Telephone: (601) 948-5711
Fax: (601) 985-4500
steve.rosenblatt@butlersnow.com
paul.ellis@butlersnow.com

Attorney for Debtor

Jackson 4672467v1

- 4 -