UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

---------------------------------------------------------------- x
:  Case No. 08-03423-EE
In re: :
:  Chapter 11
WAREHOUSE 86, LLC, :
:
　　　　　Debtor. :
:
---------------------------------------------------------------- x

**LIMITED RESPONSE OF SCK, INC. AND RADIOSHACK CORPORATION TO DEBTOR'S MOTION TO COMPROMISE AND SETTLE DISPUTED CLAIM WITH EMPLOYERS MUTUAL CASUALTY INSURANCE COMPANY (Dkt. #206)**

SCK, Inc. f/k/a S.C. Kiosks, Inc. and RadioShack Corporation (collectively, "SCK"), as and for their limited response to the above-captioned debtor and debtor in possession's (the "Debtor") Motion to Compromise and Settle Disputed Claims with Employers Mutual Casualty Insurance Company ("EMC") (Dkt. #206) (the "Motion"), respectfully represent:

1. The Debtor states in the Motion that "SCK had leased certain conveyors and racking to the Debtor, and a portion of that equipment also was damaged by the tornado." Those certain conveyors and racking were the Conveyor/Racking and Miscellaneous Owned Equipment (the "Equipment"), as defined in that certain sublease (the "Sublease") by and between the Debtor and SCK.[1]

2. After the casualties, the Debtor was required to pay to SCK, or to the lessor of the Subleased Equipment, as defined in the Sublease, (i) the Stipulated Loss Value of the

---

[1] The Debtor purchased certain of the Subleased Equipment, as defined in the Sublease -- the Material Handling Equipment, as defined in the Sublease -- prior to the casualties by check dated September 7, 2007, in the amount of $84,659.86, which included a purchase price of $69,000, sales taxes of $4,305 and property taxes of $11,354.86. The Sublease respecting the Material Handling Equipment terminated upon the Debtor's purchase thereof.

Equipment, as defined in the Sublease, and (ii) all rent due for the Equipment as of the next rent payment date after the casualties.

3. But the Debtor never paid for the Equipment, in default of its obligations under the Sublease.

4. As a result, SCK paid to the lessor (i) the Stipulated Loss Value and (ii) all rent due for the Equipment as of the next rent payment date after the casualties in the total amount of $1,064,361.78.

5. It should be further noted that SCK seeks to recover the insurance proceeds for the loss of the Subleased Equipment as well as for all costs incurred in the restoration of the Improvements, as defined in the Sublease, including but not limited to any deductible payable under the subject insurance policy and any deductible payable under SCK's and/or the landlord's insurance policy. Indeed, as the Debtor states in Paragraph 8 of the Motion, the subject property insurance policy covered the interests of SCK in the Subleased Equipment and in the Improvements.

6. Separately, SCK requests that the Debtor provide for inspection and copying all documents regarding its settlement negotiations with EMC, including but not limited to all (i) notices of the losses; (ii) signed, sworn proofs of loss; (iii) written descriptions of how and when the losses occurred; (iv) inventories of the damaged and undamaged property, including quantities, costs, values and amount of loss claimed, for both losses; and (v) correspondence between the Debtor and EMC regarding the losses.

7. Further, SCK requests that the Debtor explain in writing why it settled certain claims against EMC, including identifying the particular property and amounts it compromised.

- 3 -

SCK has previously asked the Debtor for this information by letter dated September 15, 2009, attached as **Exhibit A**.

        8.      SCK does not otherwise respond or object to the Motion.

Dated: December 22, 2009

        Respectfully submitted,

        SCK, INC. and RADIOSHACK CORPORATION

        /s/ Marcus M. Wilson
        Marcus M. Wilson (MS Bar #7308)
        Andrew R. Wilson (MS Bar #102862)
        BENNETT LOTTERHOS SULSER
        & WILSON, P.A.
        One Jackson Place
        188 East Capitol Street
        Suite 1400
        Jackson, Mississippi 39201
        Telephone: (601) 944-0466
        Facsimile: (601) 944-0467
        mwilson@blswlaw.com
        awilson@blswlaw.com

        ATTORNEYS FOR SCK, INC. AND RADIOSHACK CORPORATION

- 4 -

CERTIFICATE OF SERVICE

I, Marcus M. Wilson, certify that I have this date served, via electronic filing transmission a true and correct copy of the above and foregoing Limited Response of SCK, Inc. and RadioShack Corporation to Debtor's Motion to Compromise and Settle Disputed Claim with Employers Mutual Casualty Insurance Company (Dkt. #206) to the following:

Ronald McAlpin, Esq.
Ronald.McAlpin@USDOJ.gov

Ms. Teresa M Shipe
tshipe@kattworld.com

Edwin W. Christensen, Esq.
echristensen@overstock.com

Mr. Bobby Thomas
bthomas@abcthomas.com

Stephen W. Rosenblatt
Steve.Rosenblatt@butlersnow.com

Dated:  December22, 2009.

/s/ Marcus M. Wilson

# **Exhibit A**

# BENNETT LOTTERHOS SULSER & WILSON, P.A.
ATTORNEYS AT LAW

ONE JACKSON PLACE • SUITE 1400
188 EAST CAPITOL STREET
JACKSON, MISSISSIPPI 39201-2127
TELEPHONE (601) 944-0466
FAX (601) 944-0467

MAILING ADDRESS:
POST OFFICE BOX 98
JACKSON, MISSISSIPPI 39205-0098

WEBSITE: www.blswlaw.com

Writer's Direct: (601) 944-0064
mwilson@blswlaw.com

RICHARD T. BENNETT*
JOSEPH E. LOTTERHOS
MARCUS M. WILSON
CHARLES E. F. BARBOUR
ANDREW R. WILSON

*Of Counsel:*
FLOYD M. SULSER, JR.

* Also Admitted in the District of Columbia

September 15, 2009

**VIA HAND DELIVERY**

Stephen W. Rosenblatt, Esq.
Butler, Snow, O'Mara, Stevens & Canada, PLLC
210 East Capitol Street, 17th Floor
Jackson, Mississippi 39201

   Re: In re Warehouse 86 LLC, Chapter 11, Case No. 08-03423-EE, United States
      Bankruptcy Court (S.D. Miss.)
      Our File No. 3470.01

Dear Steve:

  As you know, the hearing to consider the adequacy of Warehouse 86 LLC's Disclosure Statement for its Chapter 11 Plan was reset for Tuesday, October 6, 2009, to foster a settlement between Warehouse 86 and SCK Inc. respecting the disputed Insurance Proceeds.

  To aid negotiations, please provide to us, as regards the tornado and fire losses at Warehouse 86's Southaven Warehouse, the following:

  1. All notices of the losses;

  2. All signed, sworn proofs of loss;

  3. All written descriptions of the circumstances of the losses;

  4. All inventories of the damaged and undamaged property, including but not limited to quantities, costs, values and amount of loss claimed, for both losses; and

  5. All correspondence between Warehouse 86 and Employers Mutual Casualty Company, or EMC Insurance Companies.

  Additionally, please explain Warehouse 86's compromise of the tornado loss, including but not limited to why the claim was compromised, the amount of the compromise, and the identification of the property and values compromised.

  Finally, please advise whether Warehouse 86 has any past or pending claims against EMC, other than the fire and tornado claims.

  Thank you.

BENNETT LOTTERHOS
SULSER & WILSON, P.A.

Stephen W. Rosenblatt, Esq.
September 15, 2009
Page 2

   Please call me if you have any questions.

                              Sincerely,

                              BENNETT LOTTERHOS SULSER
                              & WILSON, P.A.

                              Marcus M. Wilson

MMW/gls
cc:   SCK Inc. (via e-mail)
      RadioShack Corporation (via e-mail)