## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **WAREHOUSE 86, LLC** | ) | **CASE NO. 08-03423-EE** |
| | ) | **Chapter 11** |
| **Debtor** | ) | |
| _____ | ) | |

## ORDER APPROVING SECOND APPLICATION OF
## BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
## FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR
## COMPENSATION AND REIMBURSEMENT OF EXPENSES
### [Dkt. # 198]

This matter came on for hearing before the Court on the *Second Application for Approval and Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for Butler, Snow, O'Mara, Stevens & Cannada, PLLC* ("Butler Snow") as counsel for Warehouse 86, LLC (the "Debtor") (the "Application") [Dkt. # 198] seeking the allowance of compensation of $30,237.00 ($30,292.00 less $55.00 for a paralegal rate holdback reserve as described on Exhibit "A" attached hereto) and reimbursement of expenses of $5,915.34 for the period of July 1, 2009 through October 31, 2009 for a total of $36,152.34, pursuant to 11 U.S.C. §§ 328 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of this Court and the *Order Granting Application of Debtor to Employ Attorneys and Disclosure of Compensation* [Dkt. # 28] (the "Retention Order"). The Court considered the Application and the entire record herein and finds that notice of the Application was properly given to all required creditors and parties in interest, and no objections to the Application were timely filed. The Court finds that the Application is well taken and should be granted in its entirety. The Court further finds as follows:

1.  On November 4, 2008 (the "Petition Date"), Warehouse 86, LLC filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its assets as debtor-in-possession.

2.  On November 19, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") [Dkt. # 62].

3.  The Debtor retained Stephen W. Rosenblatt and Butler, Snow, O'Mara, Stevens & Cannada, PLLC as counsel to represent it in this bankruptcy case, and by the Retention Order, the Debtor was authorized to employ and retain Butler Snow as its bankruptcy counsel to prosecute this Chapter 11 case and all related matters and to render the legal services necessary to the Debtor during its Chapter 11 case, as more fully described in the Retention Order.

4.  The Retention Order authorized the Debtor to compensate Butler Snow at its regular hourly rates charged for services of this type and to reimburse Butler Snow for actual and necessary out-of-pocket expenses that it incurs, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, and all orders of this Court.

5.  Butler Snow and the United States Trustee have agreed that the hourly rate for legal assistants (or paralegals), will be approved herein at the rate of $85.00 per hour, instead of their regular hourly rate charged by Butler Snow, which results in an adjustment for this Application in the amount of $55.00, all as reflected on Exhibit "A" hereto. The parties have agreed to reserve their rights for a future hearing as to whether the hourly rates for legal assistants (or paralegals) should be approved at their normal and customary hourly rate instead of being capped at $85.00 per hour, and this Order is without prejudice to those reserved rights by Butler Snow and the United States Trustee.

6.  The fees charged and expenses incurred by Butler Snow represent reasonable and necessary fees and expenses that were required to be rendered by counsel to the Debtor in all matters

which arise in handling bankruptcy case administration and litigation, and which were necessary to protect and preserve all rights of the Debtor and the interests of creditors in furtherance of counsel's obligations herein. Such fees and expenses have served to enhance the value of the property of the bankruptcy estate and have benefited the bankruptcy estate.

7. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount of fees requested for Butler Snow is fair and reasonable in the context of: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

8. In accordance with Bankruptcy Rule 2016 and Section 504 of the Bankruptcy Code, Butler Snow has neither shared, nor agreed to share, either, (a) any compensation it has received or may receive with another part or person other than as permitted by section 504(b) of the Bankruptcy Code, or (b) any compensation another person or party has received or may receive in connection with these cases

9. This is the second interim request by Butler Snow for the allowance compensation for professional services rendered in the proceeding by Butler Snow. In this request, which is for the period of July 1, 2009 through October 31, 2009 (the "Second Fee Period"), Butler Snow incurred fees in the amount of $30,237.00 ($30,292.00 less $55.00 for a paralegal rate holdback reserve) and expenses of $5,915.34 for a total of $36,152.34, which fees and expenses should be allowed. Such amount represents Butler Snow's usual and customary charges for services of a similar nature performed for other clients of the firm.

10. The court has previously allowed fees and expenses to Butler Snow in this case in the amount of $93,156.37 in its *Order Approving First Application of Butler, Snow, O'Mara, Stevens & Cannada, PLLC for Allowance of Administrative Claim for Compensation and Reimbursement of*

*Expenses* (Docket No. 17) dated August 12, 2009 for the Initial Fee Period of November 4, 2008 through June 30, 2009, of which $88,764.00 ($89,198.50 less $434.50 for paralegal rate hold back reserve) was for fees for services rendered and $4,392.37 was for expenses incurred.

IT IS, THEREFORE, ORDERED as follows:

(a) Butler, Snow, O'Mara, Stevens & Cannada, PLLC is hereby allowed interim compensation and reimbursement of expenses in the amount of $36,152.34 pursuant to the terms of this Order;

(b) The sums allowed and approved as interim compensation and reimbursement of expenses are priority administrative expenses under 11 U.S.C. §§ 503(b)(4) and 507(a)(1), and the Debtor is authorized and directed to pay Butler, Snow, O'Mara, Stevens & Cannada, PLLC the sum of $36,152.34 as soon as practicable after the entry of this Order;

(c) To the extent necessary, the Debtor may pay the allowed fees and expenses from the proceeds of the sale of the assets of the Debtor as approved by this Court in its *Order Granting Debtor's Motion for Authority to Sell Assets Free and Clear of all Liens, Claims, Interests and Encumbrances Outside the Ordinary Course of Business and Assuming and Assigning Certain Unexpired Leases and Executory Contracts Pursuant to 11 U.S.C. §§ 105, 363 and 365* entered on December 10, 2008 [Dkt. #070); and

(d) The Court will hold in abeyance any decision as to the appropriate hourly rate at which legal assistants (or paralegals) may be compensated by the bankruptcy estate.

SO ORDERED,

Edward Ellington
United States Bankruptcy Judge
Dated: December 22, 2009

SUBMITTED BY:

Stephen W. Rosenblatt; MB No. 5676
Paul M. Ellis; MB No. 102259
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS  39157
P.O. Box 6010
Ridgeland, MS 39158-6010
Telephone:  (601) 948-5711
Fax: (601) 985-4500
steve.rosenblatt@butlersnow.com
paul.ellis@butlersnow.com

Attorney for Debtor

Jackson 4671925v1

- 5 -

## EXHIBIT "A"

## Summary of Rate Adjustments

**Statement Date**
11-19-09

| Name | Number of Billed Hours | Regular Hourly Rate | Capped Hourly Rate | Hourly Rate Difference | Dollar Difference |
|---|---|---|---|---|---|
| Donna P. Hardin | 2.20 | $110.00 | $85.00 | $25.00 | $55.00 |

**Total Adjustment**      **$55.00**

Jackson 4671925v1

# CERTIFICATE OF NOTICE

```
District/off: 0538-3          User: dsawyer              Page 1 of 1               Date Rcvd: Dec 22, 2009
Case: 08-03423                Form ID: pdf012            Total Noticed: 1

The following entities were noticed by first class mail on Dec 24, 2009.
dbpos        +Warehouse 86, LLC,   P O Box 16692,   Jackson, MS 39236-6692

The following entities were noticed by electronic transmission.
NONE.                                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Dec 24, 2009**              Signature:        _Joseph Speetjens_