**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**In re:**

**WAREHOUSE 86, LLC** — **CASE NO. 08-03423-EE**
**Chapter 11**

**Debtor**

# THIRD APPLICATION OF HADDOX, REID, BURKES & CALHOUN, PLLC FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD NOVEMBER 1, 2009 THROUGH MARCH 31, 2010

Haddox Reid Burkes & Calhoun PLLC ("Haddox Reid" or the "Applicant") files this Third Application for Approval and Allowance of Administrative Claim for Compensation and Reimbursement of Expenses seeking the allowance of $4,378.25 for fees for services rendered and reimbursement of expenses of $368.60 for the Period of November 1, 2009 through March 31, 2010 ("Third Fee Period") for a total of $4,746.85 for its services as accountant for Warehouse 86, LLC (the "Debtor"), and presents to the Court the following:

1. On November 4, 2008 (the "Petition Date"), Warehouse 86, LLC filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to manage its assets as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. An official committee of unsecured creditors (the "Committee") was appointed by the United States Trustee on November 19, 2008 [Dkt. # 62]. No request for appointment of a trustee or examiner has been made herein.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 327, 330 and 331; Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"); and the Retention Order (as defined below). Venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

4. By order of the Court dated January 26, 2009 [Dkt. # 090], the Debtor was authorized to employ and retain Haddox Reid as its outside accounting firm to prepare and file all necessary tax returns for the Debtor and its affiliates in this Chapter 11 case and all related matters and to render such accounting services reasonably related thereto for the Debtor during its Chapter 11 case, as more fully described in that Order (the "Retention Order").

5. Haddox Reid does not hold or represent any interest adverse to the Debtor's estate, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, as disclosed in the Affidavit of Paul Calhoun which is an exhibit to the Retention Order. Haddox Reid also disclosed its connections to various parties-in-interest that it has been able to ascertain using reasonable efforts.

6. The Retention Order authorizes the Debtor to compensate Haddox Reid at its regular hourly rates charged for services of this type (subject to the hourly rate limitations stated in the Retention Orders) and to reimburse Haddox Reid for actual and necessary out-of-pocket expenses that it incurs, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, and all orders of this Court.

7. The services rendered by Haddox Reid as bankruptcy accountants for the Debtor and its bankruptcy estate and the expenses incurred by Haddox Reid has benefited the bankruptcy estate. An Affidavit reflecting the accounting services rendered and expenses incurred by Haddox Reid is attached as Exhibit "A." The Affidavit reflects that the services rendered to the Debtor were reasonable and necessary and that these services actually have been rendered. A detailed itemization

of the services rendered by Haddox Reid and the expenses incurred by Haddox Reid is attached as Exhibit "B."

8. The fees charged and expenses incurred by Haddox Reid represents reasonable and necessary fees and expenses that were required to be extended by the accountants to the Debtor in all matters which arise in relation to tax return preparation and related issues. Such fees and expenses have served to enhance the value of the property of the estate and to permit the Debtor to comply with its obligations as debtor-in-possession.

9. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount of fees requested for Haddox Reid is fair and reasonable in light of: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

10. In accordance with Bankruptcy Rule 2016(b), Haddox Reid has neither shared, nor agreed to share, (a) any compensation it has received or may receive with another part or person other than as permitted by section 504(b) of the Bankruptcy Code, or (b) any compensation another person or party has received or may receive in connection with these cases.

11. Haddox Reid was paid a total post-petition security retainer of $40,000.00 for post-petition services. Furthermore, Haddox Reid wrote off those amounts of its unpaid statement for pre-petition services in the amount of $212.50.

12. In its First Application [Dkt. #165], Haddox Reid sought the allowance of compensation for professional services rendered in this proceeding for a total amount of $8,499.00, of which $8,399.00 is for fees for services rendered and $100.00 for expenses incurred for the period of November 4, 2008 through June 30, 2009. By its Order dated August 12, 2009 [Dkt. #173], the Court approved an award to Haddox Reid of $8,399.00 for allowed fees for services rendered as

accountant to Debtor plus expenses of $100.00 incurred as accountant to the Debtor, for a total of $8,499.00.

13. In its Second Application [Dkt.#199], Haddox Reid sought the allowance of compensation for professional services rendered in this proceeding for a total amount of $16,457.90, of which $16,247.75 is for fees for services rendered and $210.15 for expenses incurred for the period of July 1, 2009 through October 31, 2009. By its Order dated December 22, 2009 [Dkt. #212], the Court approved an award to Haddox Reid of $16,247.75 for allowed fees for services rendered as accountant to Debtor plus expenses of $210.15 incurred as accountant to the Debtor, for a total of $16,457.90.

14. This is the third request by the Debtor for allowance of compensation for professional services rendered in this proceeding by Haddox Reid. This request covers the Third Fee Period, and is for the total amount of $4,746.85, of which $4,378.25 is for fees for services rendered and $368.60 is for expenses incurred.

WHEREFORE, Haddox Reid prays that it be granted allowed administrative expenses claim for the: (i) reasonable and necessary professional services Haddox Reid has rendered to the Debtor during the Third Fee Period of $4,378.25 and (ii) reimbursement of actual and necessary costs and expenses incurred by Haddox Reid of $368.60, for a total claim for Haddox Reid of $4,746.85.

THIS, the 4th day of May, 2010.

Respectfully submitted,

WAREHOUSE 86, LLC

By: *s/Stephen W. Rosenblatt*
Stephen W. Rosenblatt
One of Its Attorneys

OF COUNSEL:

Stephen W. Rosenblatt; MB No. 5676
Paul M. Ellis; MB No. 102259
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010
Ridgeland, MS 39158-6010
Telephone: (601) 948-5711
Fax: (601) 985-4500
steve.rosenblatt@butlersnow.com
paul.ellis@butlersnow.com

CERTIFICATE OF SERVICE

I, Stephen W. Rosenblatt, certify that I have this date caused to be served, via electronic filing transmission or United States mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Ronald McAlpin, Esq.
Office of the United States Trustee
Suite 706, A. H. McCoy Federal Building
100 West Capitol Street
Jackson, MS 39269

Ms. Teresa M Shipe
Katt Worldwide Logistics, Inc.
4105 So. Mendenhall Road
Memphis, TN 38115
tshipe@kattworld.com

Edwin W. Christensen, Esq.
Overstock.com, Inc.
6350 S. 3000 E.
Salt Lake City, Utah 54212
echristensen@overstock.com

Mr. Bobby Thomas
Thomas Sales & Services, Inc.
2300 Sitler St., Bldg. 685
Memphis, TN 38114
bthomas@abcthomas.com

THIS, the 4th day of May, 2010.

*s/ Stephen W. Rosenblatt*
Stephen W. Rosenblatt

Jackson 5087742v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **WAREHOUSE 86, LLC** | ) | **CASE NO. 08-03423-EE** |
| | ) | **Chapter 11** |
| **Debtor** | ) | |
| | ) | |

## AFFIDAVIT

PERSONALLY APPEARED BEFORE ME, the undersigned authority, in and for the jurisdiction aforesaid, Paul Calhoun (the "Affiant"), who after having been first by me duly sworn, states on oath that this Affidavit is submitted in support of the Third Application for Allowance of Compensation and Reimbursement of Necessary Expenses of Haddox Reid Burkes & Calhoun PLLC the "Application"), and that the statement which is attached to the Application as Exhibit "B" represents a detailed statement of its reasonable fees and expenses.

PAUL CALHOUN

STATE OF MISSISSIPPI

COUNTY OF HINDS

SWORN TO AND SUBSCRIBED BEFORE ME, this the 30th day of April, 2010.

NOTARY PUBLIC

My Commission Expires:




Jackson 5089586v1

EXHIBIT
"A"

HADDOX REID BURKES & CALHOUN PLLC
Certified Public Accountants

1100 REGIONS PLAZA
P.O. DRAWER 22507
JACKSON, MISSISSIPPI 39225-2507
TELEPHONE 601/948-2924
FACSIMILE 601/960-9154
FEDERAL I.D. NO. 64-0414329

**Invoice Date:** April 22, 2010

**Invoice Number:** 00182082

**Client Number:** 09228 001

WAREHOUSE 86, LLC
P O BOX 16692
JACKSON, MS 39236

---

| | |
|---|---|
| Final billing on accounting and tax services necessary for the preparation of Federal and State of Mississippi partnership income tax returns for the year ended December 31, 2009. | $4,746.85 |
| **Total Invoice Amount** | $4,746.85 |




TERMS: Invoices payable upon receipt. A service charge will be added to past due accounts equal to 1 1/2% per month (18% annually) on the previous month's balance less payments received during the month.

HADDOX REID BURKES & CALHOUN PLLC
Services and Expenses

Exhibit B

| Individual | Date | Time | Rate | Amount | | Comment |
|---|---|---|---|---|---|---|
| Paul Calhoun | 02/09/10 | 0.50 | 250.00 | 125.00 | Preparation of return | |
| | 02/09/10 | 1.00 | 250.00 | 250.00 | Preparation of return | |
| Paul Calhoun Totals | | 1.50 | | 375.00 | | |
| Ted Edwards | 02/09/10 | 1.00 | 250.00 | 250.00 | Preparation of return | |
| Ted Edwards Totals | 09/09/09 | 1.00 | 250.00 | 250.00 | | |
| Scott McKenzie | 01/19/10 | 0.50 | 149.00 | 74.50 | Preparation of return | |
| | 01/26/10 | 1.50 | 149.00 | 223.50 | Preparation of return | |
| | 01/27/10 | 1.50 | 149.00 | 223.50 | Preparation of return | |
| | 01/29/10 | 2.75 | 149.00 | 409.75 | Preparation of return | |
| | 02/04/10 | 0.50 | 149.00 | 74.50 | Preparation of return | |
| | 02/04/10 | 0.50 | 149.00 | 74.50 | Preparation of return | |
| | 02/09/10 | 2.00 | 149.00 | 298.00 | Preparation of return | |
| Scott McKenzie Totals | | 9.25 | | 1,378.25 | | |
| Katie Hoggatt | 01/19/10 | 6.00 | 116.00 | 696.00 | Preparation of return | |
| | 01/20/10 | 0.75 | 116.00 | 87.00 | Preparation of return | |
| | 01/20/10 | 0.25 | 116.00 | 29.00 | Preparation of return | |
| | 01/21/10 | 4.00 | 116.00 | 464.00 | Preparation of return | |
| | 01/22/10 | 3.00 | 116.00 | 348.00 | Preparation of return | |
| | 01/22/10 | 0.50 | 116.00 | 58.00 | Preparation of return | |
| | 01/22/10 | 0.75 | 116.00 | 87.00 | Preparation of return | |
| | 01/22/10 | 0.75 | 116.00 | 87.00 | Preparation of return | |
| | 01/22/10 | 0.50 | 116.00 | 58.00 | Preparation of return | |
| | 01/27/10 | 1.75 | 116.00 | 203.00 | Preparation of return | |
| | 01/28/10 | 1.00 | 116.00 | 116.00 | Preparation of return | |
| | 02/09/10 | 0.50 | 116.00 | 58.00 | Preparation of return | |
| | 02/09/10 | 0.25 | 116.00 | 29.00 | Preparation of return | |
| | 02/09/10 | 0.25 | 116.00 | 29.00 | Preparation of return | |
| Katie Hoggattt totals | | 20.25 | | 2,349.00 | | |
| Robin Evans | 02/09/10 | 0.25 | 26.00 | 6.50 | Copying and assembly | |
| | 02/09/10 | 0.25 | 26.00 | 6.50 | Copying and assembly | |
| Robin Evans Totals | | 0.50 | | 13.00 | | |
| Sandra Robinson | 02/09/10 | 0.25 | 26.00 | 6.50 | Copying and assembly | |
| | 02/09/10 | 0.25 | 26.00 | 6.50 | Copying and assembly | |
| Sandra Robinson Totals | | 0.50 | | 13.00 | | |
| Total Services | | | | 4,378.25 | | |
| Computer and xerox charges | | | | 104.40 | | |
| Tennessee Franchise Tax | | | | 264.20 | | |
| Total | | | | 4,746.85 | | |