**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **WAREHOUSE 86, LLC** | ) | **CASE NO.** 08-03423-EE |
| | ) | **Chapter 11** |
| **Debtor** | ) | |
| _____ | ) | |

**MOTION OF WAREHOUSE 86, LLC FOR AUTHORITY
TO PAY INSURANCE PROCEEDS FOR "PROPERTY OF OTHERS"
TO OWNER OF PROPERTY**

Warehouse 86, LLC, the Debtor and Debtor-in-Possession herein ("Debtor"), by its attorneys, files this *Motion for Authority to Pay Insurance Proceeds for "Property of Others" to Owner of Property* (the "Motion"). In support of the Motion, the Debtor presents to the Court the following:

**Introduction**

1.      On November 4, 2008 (the "Petition Date"), Debtor filed its Voluntary Petition in this bankruptcy case (the "Bankruptcy Case") under Chapter 11 of the Title 11 United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to manage its assets as Debtor in possession. No trustee or examiner has been appointed in this Bankruptcy Case.

2.      An Official Committee of Unsecured Creditors (the "Committee") was appointed in this Bankruptcy Case on November 19, 2008 [Dkt. # 062].

**Jurisdiction and Venue**

3.     This Court has jurisdiction over this matter pursuant to 28 U. S. C. §§ 157 and 1334.  Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.  This matter is governed by Rule 2002(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

4.     Prior to February 5, 2008, Debtor operated an on-line auction business.  The Debtor leased corporate office and warehouse in Southaven, Mississippi at 481 Airport Industrial Drive, Southaven, Mississippi (the "Location").

5.     The Debtor occupied the Location under that certain Sublease with SCK, Inc., f/k/a S.C. Kiosks, Inc. ("SCK").

6.     The Debtor was the named insured in that certain commercial property insurance policy numbered 3A2-22-78-08, issued by Employers Mutual Casualty Insurance Company with effective dates from April 15, 2007 to April 15, 2008 (the "Policy").  In accordance with its obligations under the Sublease, SCK also was a named "loss payee" in the Policy with respect to the Location with respect to "Covered Property."

7.     The Policy had a $1,000,000 per occurrence loss limit for personal property loss, but it also have a separate per occurrence loss limit of $50,000 for business income loss, a $10,000 per occurrence loss limit for debris removal, a $25,000 per occurrence loss limit for extra expenses, and a $10,000 per occurrence loss limit for property of others.

8.     On or about February 5, 2008, the Debtor's corporate offices and its primary warehouse and distribution center at the Location were damaged by a tornado.  In addition to damage to the building at the Location, the Debtor suffered losses for its owned inventory at the Location and for cleanup and repair expenses related to its inventory, as well as for its personal

property, such as its conveyor and racking system, other business personal property, business supplies, and for debris removal. In addition, the Debtor incurred covered losses for business income loss, as well as for extra expenses and claims preparations. In addition to the property owned by the Debtor that was damaged by the tornado, SCK had leased certain conveyors and racking to the Debtor, and a portion of that equipment also was damaged by the tornado. All of these losses suffered by the Debtor were covered under the Policy (collectively, the "Tornado Loss").

9.       On or about February 11, 2008, during cleanup operations from the tornado, the Location was further damaged by a fire. In addition to damage to the building at the Location, the Debtor suffered losses for its owned inventory at the Location, as well as for its personal property such as its betterments and improvements and the conveyor and racking system, and for debris removal. In addition, the Debtor incurred business income loss. In addition to the property owned by the Debtor that was damaged by the fire, SCK had leased certain conveyors and racking to the Debtor, and a portion of that equipment also was damaged by the fire. All of these losses suffered by the Debtor were covered under the Policy (collectively, the "Fire Loss").

10.      Following extensive negotiations with EMC, the Debtor secured a settlement of claims for the Tornado Loss and for the Fire Loss for close to the limits of liability of the Policy. EMC has tendered the total amount of $2,099,882.35 (the "Insurance Proceeds") in four checks made payable to Debtor and SCK, as follows:

| Date | Payees | Check Number | Amount |
|------|--------|--------------|--------|
| 07/23/2009 | Warehouse 86, LLC and SC Kiosks, Inc. | H03305822 | $1,060,000.00 |
| 08/12/2009 | Warehouse 86, LLC and SC Kiosks, Inc. | H03306059 | $979,882.35 |
| 08/12/2009 | Warehouse 86, LLC and SC Kiosks, Inc. | H03306060 | $50,000.00 |
| 07/22/2009 | Warehouse 86, LLC | H03305808 | $10,000.00 |
| **Total** | | | **$2,099,882.35** |

11.     Of the Insurance Proceeds totaling $1,060,000.00 represented by Check Number H03305822 for the fire loss, the subcategories and sub-policy limits under which the payments were made were as follows:

      (A)    $1,000,000.00 – payments for personal property losses (policy limits);

      (B)    $50,000 – payments of the sublimits for Business Income loss and Extra Expenses (sub-policy limits); and

      (C)    $10,000.00 – payment for debris removal (sub-policy limits).

12.     Of the Insurance Proceeds represented by Check Numbers H03306059 ($979,882.35) and H03306060 ($50,000.00) for the tornado loss, the subcategories and sub-policy limits under which the payments were made were as follows:

      (A)    $979,882.35 – payments for all personal property losses (check number H03306059); and

      (B)    $50,000 – payment of the sublimit for Business Income loss (check number H033060600

13.     The Insurance Proceeds described in paragraphs 12 and 13 above were endorsed by both the Debtor and SCK and were deposited into the registry of the Court on August 26, 2009 pending determination by the Court of the extent to which each party is entitled to those funds. *See Order Approving Joint Motion of Warehouse 86 LLC and SCK, Inc f/k/a Kiosks, Inc for authority to deposit Insurance proceeds into the registry of the court in contemplation of the filing of a Complaint for Declaratory Judgment,* entered on August 26, 2009 [Dkt. # 184] and the receipts filed by the deputy clerk of the Bankruptcy Court on August 26, 2009 reflecting such deposits.

14.     On November 2, 2009, SCK and RadioShack Corporation filed a Complaint for Declaratory Judgment against Warehouse 86, LLC in this Bankruptcy Case, Adversary Proceeding No. 09-00139 [Dkt. # 197] to determine the rights to the Insurance Proceeds listed above, and that matter is now pending in the Bankruptcy Court.  On December 1, 2009, the Debtor filed its Answer and Defenses to the Complaint [Dkt. # 205].   A mediation was conducted before Honorable David W. Houston III on August 24, 2010.

15.     In addition to the Insurance Proceeds represented by Check Numbers H03305822, H03306059 and H03306060, the Debtor also received Insurance Proceeds represented by Check Number H03305808, in the amount of $10,000.00 (the "Property-of-Others Check") , a copy of which is attached hereto as Exhibit "B."

16.     The $10,000 Property-of-Others Check was the amount of the sub-policy limits for "property of others," which was a payment for the personal property of Eric Eilertsen ("Eilertsen") that was located in the office of the Debtor at the Location that was destroyed. Eilertsen is a former equity interest holder in and a member of the Debtor.  The $10,000 Property-of-Others Check was endorsed by the Debtor and deposited into the Debtor's account pending authorization by Order of the Court to disburse it.

17.     The Property-of-Others Check was made payable only to the Debtor because SCK had no interest in the "property of others."   "Property of Others" is defined in the Insurance Policy as follows:

"A.  Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1.  Covered Property
Covered Property, as used in this Coverage Part, means the type of property described in this Section, A.1., and limited in A.2., Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.
…
c.  **Personal Property Of Others** that is:
(1)  In your care, custody or control; and
(2)  Located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises.
However, our payment for loss of or damage to personal property of others will only be for the account of the owner of the property."

18.     Although other equity members of the Debtor had some personal property at the Location that was destroyed, Eilertsen owned the vast majority of the "property of others."  The total value of the "Property of Others" was far in excess of the $10,000 sub-limits of the Insurance Policy.  Furthermore, the other persons who had their own personal property at the Location have agreed to allow Eilertsen to receive the entire proceeds of the $10,000 Property-of-Others Check paid by the Insurance Company.

19.     The Debtor, therefore, requests that it be authorized to disburse to Eilertsen the proceeds of the $10,000 Property-of-Others Check for the insurance proceeds for the "Property of Others," or to such other party or parties as the Court may direct.

WHEREFORE, the Debtor requests that the Court authorize the Debtor to pay the $10,000.00 proceeds of the Property-of-Others Check for "Property of Others" to Eric Eilertsen,

or to such party or parties as the Court may direct.  Warehouse 86, LLC further prays for such

other general or other special relief to which, in equity, it might be entitled.

Dated:  August 26, 2010.

Respectfully submitted,

WAREHOUSE 86, LLC

By: *s/Stephen W. Rosenblatt*
        STEPHEN W. ROSENBLATT (Miss. Bar # 5676)
        PAUL M. ELLIS (Miss. Bar # 102259)
        Its Attorneys


CERTIFICATE OF SERVICE

I, Stephen W. Rosenblatt, certify that I have this date served, via electronic filing

transmission or United States mail, postage prepaid, a true and correct copy of the above and

foregoing to the following:

Ronald McAlpin, Esq.
Office of the United States Trustee
Suite 706, A. H. McCoy Federal Building
100 West Capitol Street
Jackson, MS 39269
Ronald.McAlpin@USDOJ.gov

Ms. Teresa M Shipe
Katt Worldwide Logistics, Inc.
4105 So. Mendenhall Road
Memphis, TN 38115
tshipe@kattworld.com

Edwin W. Christensen, Esq.
Overstock.com, Inc.
6350 S. 3000 E.
Salt Lake City, Utah 54212
echristensen@overstock.com

Mr. Bobby Thomas
Thomas Sales & Services, Inc.
2300 Sitler St., Bldg. 685
Memphis, TN 38114
bthomas@abcthomas.com

Dated: August 26, 2010.

_s/ Stephen W. Rosenblatt_
STEPHEN W. ROSENBLATT

Jackson 5441480v1