IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| **WAREHOUSE 86, LLC** ) | **CASE NO. 08-03423-EE** |
| ) | **Chapter 11** |
| **Debtor** ) | |
| ) | |

**FOURTH APPLICATION OF
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD
<u>APRIL 1, 2010 THROUGH SEPTEMBER 15, 2010</u>**

Butler, Snow, O'Mara, Stevens & Cannada, PLLC ("<u>Butler Snow</u>" or the "<u>Applicant</u>") files this Fourth Application for Approval and Allowance of Administrative Claim for Compensation and Reimbursement of Expenses (the "<u>Application</u>") seeking the allowance of compensation of $85,030.50 and reimbursement of expenses of $4,113.64 for the period of April 1, 2010 through September 15, 2010 ("<u>Fourth Fee Period</u>"), for a total of $89,144.14 , for its services as attorneys for Warehouse 86, LLC (the "<u>Debtor</u>"), and in support of its Application presents to the Court the following:

1. On November 4, 2008 (the "<u>Petition Date</u>"), Warehouse 86, LLC filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code.  The Debtor continues to manage its assets as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. An official committee of unsecured creditors (the "<u>Committee</u>") was appointed by the United States Trustee on November 19, 2008 [Dkt. # 62].  No request for appointment of a trustee or examiner has been made herein.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 327, 330 and 331; Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"); and the Retention Orders (as defined below). Venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

4. By orders of the Court dated November 7, 2008 [Dkt. # 28] and April 15, 2009 [Dkt. # 124], the Debtor was authorized to employ and retain Butler Snow as its bankruptcy counsel to prosecute this Chapter 11 case and all related matters and to render the legal services necessary to the Debtor during its Chapter 11 case, as more fully described in that Order (the "Retention Orders").

5. Butler Snow does not hold or represent any interest adverse to the Debtor's estate, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, as disclosed in the Affidavit of Stephen W. Rosenblatt which is an exhibit to the *Application to Employ Butler Snow as Bankruptcy Counsel* [Dkt. #008]. Butler Snow also disclosed its connections to various parties-in-interest that it has been able to ascertain using reasonable efforts.

6. The Retention Orders authorizes the Debtor to compensate Butler Snow at its regular hourly rates charged for services of this type (subject to the hourly rate limitations stated in the Retention Orders) and to reimburse Butler Snow for actual and necessary out-of-pocket expenses that it incurs, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, and all orders of this Court.

7. The services rendered by Butler Snow as bankruptcy counsel for the Debtor and its bankruptcy estate and the expenses incurred by Butler Snow has benefited the bankruptcy estate. The Affidavit of Stephen W. Rosenblatt addresses the legal services rendered and expenses incurred by Butler Snow is attached as Exhibit "A." The Affidavit reflects that the services rendered to the Debtor were reasonable and necessary and that these services actually have been rendered. A

detailed itemization of the services rendered by Butler Snow and the expenses incurred by Butler Snow is attached as Exhibit "B."

8. The fees charged and expenses incurred by Butler Snow represent reasonable and necessary fees and expenses that were required to be extended by counsel to the Debtor in all matters which arise in handling bankruptcy case administration and litigation, and which were necessary to protect and preserve all rights of the Debtor and the interests of creditors in furtherance of counsel's obligation herein. Such fees and expenses have served to enhance the value of the property of the estate.

9. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount of fees requested for Butler Snow is fair and reasonable in light of: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

10. In accordance with Bankruptcy Rule 2016(b), Butler Snow has neither shared, nor agreed to share, (a) any compensation it has received or may receive with another part or person other than as permitted by section 504(b) of the Bankruptcy Code, or (b) any compensation another person or party has received or may receive in connection with these cases.

11. In its First Application [Dkt. #164], Butler Snow sought the allowance of compensation for professional services rendered in this proceeding for the total amount of $93,590.87, of which $89,198.50 was for fees for services rendered and $4,392.37 is for expenses incurred the period of November 4, 2008 through June 30, 2009. By its Order dated August 12, 2009 [Dkt. #172], the Court approved an award to Butler Snow of $88,764.00 ($89,198.50 less $434.50 for a paralegal rate holdback reserve) for allowed fees for services rendered as counsel to the Debtor, plus expenses of $4,392.37 for expenses incurred as counsel to the Debtor, for a total of $93,156.37.

12. In its Second Application [Dkt. #198], Butler Snow sought the allowance of compensation for professional services rendered in this proceeding for fees of $30,237.00 ($30,292.00 less $55.00 for a paralegal rate holdback reserve) and $5,915.34 for expenses incurred the period of July 1, 2009 through October 31, 2009 for a total of $36,152.34.  By its Order dated December 22, 2009  [Dkt. #211], the Court approved an award to Butler Snow of  $30,237.00 ($30,292.00 less $55.00 for a paralegal rate holdback reserve) for allowed fees for services rendered as counsel to the Debtor, plus expenses of $5,915.34for expenses incurred as counsel to the Debtor, for a total of $36,152.34.

13. In its Third Application [Dkt. #229], Butler Snow sought the allowance of compensation for professional services rendered in this proceeding for fees of $31,914.00 and $2,365.92 for expenses incurred the period of November 1, 2009 through March 31, 2010 for a total of $34,279.92.  By its Order dated June 2, 2010 [Dkt #238], the court approved an award to Butler Snow of $31,914.00 for allowed fees for services rendered as counsel to the Debtor, plus expenses of $2,365.92 for expenses incurred as counsel to the Debtor, for a total of $34,279.92.

14. This is the fourth request by the Debtor for allowance of compensation for professional services rendered in this proceeding by Butler Snow.  This request covers the Fourth Fee Period and seeks the allowance of compensation of  $85,030.50 and reimbursement of expenses of  $4,113.64, for a total amount requested of $89,144.14.

WHEREFORE, Butler Snow prays that it be granted allowed administrative expenses claim for the: (i) reasonable and necessary professional services Butler Snow has rendered to the Debtor during the Fourth Fee Period of $85,030.50 and (ii) reimbursement of actual and necessary costs and expenses incurred by Butler Snow during the Fourth Fee Period of  $4,113.64, for a total amount requested by Butler Snow of $89,144.14.

THIS, the 30th day of September, 2010.

             Respectfully submitted,

             WAREHOUSE 86, LLC

             By: *s/Stephen W. Rosenblatt*
               Stephen W. Rosenblatt
               One of Its Attorneys

OF COUNSEL:
Stephen W. Rosenblatt; MB No. 5676
Christopher R. Maddux; MB No. 100501
Paul M. Ellis; MB No. 102259
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS  39157
P.O. Box 6010
Ridgeland, MS 39158-6010
Telephone:  (601) 948-5711
Fax: (601) 985-4500
steve.rosenblatt@butlersnow.com
chris.maddux@butlersnow.com
paul.ellis@butlersnow.com

## CERTIFICATE OF SERVICE

  I, Stephen W. Rosenblatt, certify that I have this date caused to be served, via electronic filing transmission or United States mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

  Ronald McAlpin, Esq.
  Office of the United States Trustee
  Suite 706, A. H. McCoy Federal Building
  100 West Capitol Street
  Jackson, MS 39269

Ms. Teresa M Shipe
Katt Worldwide Logistics, Inc.
4105 So. Mendenhall Road
Memphis, TN 38115
tshipe@kattworld.com

Edwin W. Christensen, Esq.
Overstock.com, Inc.
6350 S. 3000 E.
Salt Lake City, Utah 54212
echristensen@overstock.com

Mr. Bobby Thomas
Thomas Sales & Services, Inc.
2300 Sitler St., Bldg. 685
Memphis, TN 38114
bthomas@abcthomas.com

THIS, the 30th day of September, 2010.

            *s/ Stephen W. Rosenblatt*
            Stephen W. Rosenblatt

Jackson 5610638v1