**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**In re:**

**WAREHOUSE 86, LLC**          **CASE NO. 08-03423-EE**
                                                          **Chapter 11**
           **Debtor**

**ORDER GRANTING MOTION OF WAREHOUSE 86, LLC
FOR AUTHORITY TO PAY INSURANCE PROCEEDS FOR "PROPERTY OF
OTHERS" TO OWNER OF PROPERTY**
**[Dkt. #254]**

THIS CAUSE came on for consideration on the *Motion of Warehouse 86, LLC for Authority to Pay Insurance Proceeds for "Property of Others" to Owner of Property* (the "Motion") [Dkt. #254], filed by Warehouse 86, LLC, the Debtor and debtor-in-possession herein ("Debtor"). The Court, having considered this matter and finding that no objections to the Motion were filed, finds that the Motion is well-taken and should be granted. The Court further finds as follows:

1. On November 4, 2008 (the "Petition Date"), Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its assets as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. An official Committee of Unsecured Creditors was appointed in this case on November 19, 2008.

3. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. Venue is proper under 28 U.S.C. §§1408 and 1409.

4. That prior to February 5, 2008, Debtor operated an on-line auction business. The Debtor leased corporate office and warehouse in Southaven, Mississippi at 481 Airport Industrial Drive, Southaven, Mississippi (the "Location").

5. That the Debtor occupied the Location under that certain Sublease with SCK, Inc., f/k/a S.C. Kiosks, Inc. ("SCK").

6. That the Debtor was the named insured in that certain commercial property insurance policy numbered 3A2-22-78-08, issued by Employers Mutual Casualty Insurance Company with effective dates from April 15, 2007 to April 15, 2008 (the "Policy"). In accordance with its obligations under the Sublease, SCK also was a named "loss payee" in the Policy with respect to the Location with respect to "Covered Property."

7. That the Policy had a $1,000,000 per occurrence loss limit for personal property loss, but it also have a separate per occurrence loss limit of $50,000 for business income loss, a $10,000 per occurrence loss limit for debris removal, a $25,000 per occurrence loss limit for extra expenses, and a $10,000 per occurrence loss limit for property of others.

8. That on or about February 5, 2008, the Debtor's corporate offices and its primary warehouse and distribution center at the Location and certain equipment at the Location were damaged by a tornado, which losses were covered under the Policy (collectively, the "Tornado Loss").

9. That on or about February 11, 2008, during cleanup operations from the tornado, the Location was further damaged by a fire, which losses suffered also were covered under the Policy (collectively, the "Fire Loss").

10. That following extensive negotiations with EMC, the Debtor secured a settlement of claims for the Tornado Loss and for the Fire Loss for close to the limits of liability of the

Policy. EMC has tendered the total amount of $2,099,882.35 (the "Insurance Proceeds") in four checks made payable to Debtor and SCK, as follows:

| Date | Payees | Check Number | Amount |
|---|---|---|---|
| **07/23/2009** | Warehouse 86, LLC and SC Kiosks, Inc. | H03305822 | $1,060,000.00 |
| **08/12/2009** | Warehouse 86, LLC and SC Kiosks, Inc. | H03306059 | $979,882.35 |
| **08/12/2009** | Warehouse 86, LLC and SC Kiosks, Inc. | H03306060 | $50,000.00 |
| **07/22/2009** | Warehouse 86, LLC | H03305808 | $10,000.00 |
| **Total** | | | **$2,099,882.35** |

11. Of the Insurance Proceeds totaling $1,060,000.00 represented by Check Number H03305822 for the fire loss, the subcategories and sub-policy limits under which the payments were made were as follows:

    (A)    $1,000,000.00 – payments for personal property losses (policy limits);

    (B)    $50,000 – payments of the sublimits for Business Income loss and Extra Expenses (sub-policy limits); and

    (C)    $10,000.00 – payment for debris removal (sub-policy limits).

12. Of the Insurance Proceeds represented by Check Numbers H03306059 ($979,882.35) and H03306060 ($50,000.00) for the tornado loss, the subcategories and sub-policy limits under which the payments were made were as follows:

    (A)    $979,882.35 – payments for all personal property losses (check number H03306059); and

    (B)    $50,000 – payment of the sublimit for Business Income loss (check number H033060600

13. The Insurance Proceeds described in paragraphs 11 and 12 above were endorsed by both the Debtor and SCK and were deposited into the registry of the Court on August 26, 2009 pending determination by the Court of the extent to which each party is entitled to those

funds. *See Order Approving Joint Motion of Warehouse 86 LLC and SCK, Inc f/k/a Kiosks, Inc for authority to deposit Insurance proceeds into the registry of the court in contemplation of the filing of a Complaint for Declaratory Judgment,* entered on August 26, 2009 [Dkt. # 184] and the receipts filed by the deputy clerk of the Bankruptcy Court on August 26, 2009 reflecting such deposits.

14.  On November 2, 2009, SCK and RadioShack Corporation filed a Complaint for Declaratory Judgment against Warehouse 86, LLC in this Bankruptcy Case, Adversary Proceeding No. 09-00139 [Dkt. # 197] to determine the rights to the Insurance Proceeds listed above, and that matter is now pending in the Bankruptcy Court.  On December 1, 2009, the Debtor filed its Answer and Defenses to the Complaint [Dkt. # 205].  A mediation was conducted before Honorable David W. Houston III on August 24, 2010, and the matter was settled, subject to approval of the settlement by this Court.

15.  That in addition to the Insurance Proceeds represented by Check Numbers H03305822, H03306059 and H03306060, the Debtor also received Insurance Proceeds represented by Check Number H03305808, in the amount of $10,000.00 (the "Property-of-Others Check").

16.  That the $10,000 Property-of-Others Check was the amount of the sub-policy limits for "property of others," which was a payment for the personal property of Eric Eilertsen ("Eilertsen") that was located in the office of the Debtor at the Location that was destroyed. Eilertsen is a former equity interest holder in and a member of the Debtor.  The $10,000 Property-of-Others Check was endorsed by the Debtor and deposited into the Debtor's account pending authorization by Order of the Court to disburse it.

17.  That the Property-of-Others Check was made payable only to the Debtor because

SCK had no interest in the "property of others."

18.     Although other equity members of the Debtor had some personal property at the Location that was destroyed, Eilertsen owned the vast majority of the "property of others."  The total value of the "Property of Others" was far in excess of the $10,000 sub-limits of the Insurance Policy.  Furthermore, the other persons who had their own personal property at the Location have agreed to allow Eilertsen to receive the entire proceeds of the $10,000 Property-of-Others Check paid by the Insurance Company.

19.     Proper notice of the Motion was provided by the Debtor as reflected in the Notice of Hearing (the "Notice") [Dkt. # 257] that was served on all parties in interest on August 30, 2010, as evidenced by the Certificate of Service filed herein [Dkt. # 258].

20.     No objections were timely filed to the Motion by any creditor or party in interest.

21.     The Debtor, therefore, is authorized to disburse to Eilertsen the proceeds of the $10,000 Property-of-Others Check for the insurance proceeds for the "Property of Others."

IT IS, THEREFORE, ORDERED that the *Motion for Authority to Pay Insurance Proceeds for "Property of Others" to Owner of Property* be granted.

IT IS FURTHER ORDERED that the Debtor pay the $10,000.00 proceeds of the Property-of-Others Check for "Property of Others" to Eric Eilertsen.

*Edward Ellington*
Edward Ellington
United States Bankruptcy Judge
Dated: October 1, 2010

Submitted by:

Stephen W. Rosenblatt (MS Bar No. 5676)
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: (601) 948-5711
Fax: (601) 985-4500
steve.rosenblatt@butlersnow.com

Jackson 5608482v1

# CERTIFICATE OF NOTICE

```
District/off: 0538-3          User: ksimmons             Page 1 of 1           Date Rcvd: Oct 01, 2010
Case: 08-03423                Form ID: pdf012            Total Noticed: 1

The following entities were noticed by first class mail on Oct 03, 2010.
dbpos         +Warehouse 86, LLC,   P O Box 16692,   Jackson, MS 39236-6692
The following entities were noticed by electronic transmission.
NONE.                                                                                               TOTAL: 0
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 03, 2010**                    Signature:    _Joseph Speetjens_