UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

------------------------------------------------------------------- x
: Case No. 08-03423-EE
In re: :
: Chapter 11
WAREHOUSE 86, LLC, :
:
Debtor. :
:
------------------------------------------------------------------- x

## EMERGENCY MOTION TO APPOINT A TRUSTEE

SCK, Inc., formerly SC Kiosks, Inc., and RadioShack Corporation request entry of an order directing the appointment of a chapter 11 trustee to investigate and prosecute avoidance actions for the benefit of Warehouse 86, LLC's general, unsecured creditors, on the grounds that, without the appointment of a trustee, valuable avoidance actions may be lost upon the running of the two-year statute of limitations on November 4, 2010, and in any event, under the circumstances, the investigation and prosecution of avoidance actions by a trustee is in the best interests of creditors. Because the deadline to pursue avoidance actions is imminent, SCK and RadioShack request an expedited hearing on this motion. In support of this motion, SCK and RadioShack respectfully represent:

### Jurisdiction and Venue

1.    This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b).

2. The rules and statutory predicates for the requested relief are Rule 2007.1 of the Federal Rules of Bankruptcy Procedure and sections 105(a) and 1104(a) of the Bankruptcy Code.

## Background

3. Warehouse 86 filed for chapter 11 bankruptcy on November 4, 2008.

4. On November 19, 2008, the United States trustee noticed (Dkt. # 62) the appointment of an unsecured creditors' committee. The members of the committee are Katt Worldwide Logistics, Inc.; Overstock.com, Inc.; and Thomas Sales & Services, Inc.

5. On December 10, 2008, the Court entered an order (Dkt. # 70) approving the sale of substantially all of Warehouse 86's assets to Warehouse 86 Ventures, LLC. Warehouse 86's business operations were terminated on or before the sale, and the subsequent activities of Warehouse 86 and its management have been concerned with the liquidation of all remaining assets.

6. On June 30, 2009, Warehouse 86 filed a proposed plan of liquidation (Dkt. # 152) and disclosure statement (Dkt. # 153). The proposed plan provides, in pertinent part, that avoidance actions against insiders and third parties are to be assigned to the creditors' committee for prosecution for the benefit of general, unsecured creditors, provided that a majority of the members of the creditors' committee file a notice of acceptance of avoidance actions at least five business days before the date first set for the plan confirmation hearing.

7. Pursuant to an order (Dkt. # 209) dated December 4, 2009, the Court is holding in abeyance consideration of, among other things, the adequacy of the disclosure statement and the plan, pending resolution of the adversary proceeding (Adv. P. No. 09-

00139-EE) involving SCK, RadioShack, and Warehouse 86, and Warehouse 86's largest remaining asset, the insurance proceeds.

8. On August 24, 2010, SCK, RadioShack, and Warehouse 86 settled the adversary proceeding at a mediation conference moderated by the Honorable David W. Houston III. The parties anticipate filing the settlement agreement for Court approval shortly.

9. In the meantime, in accordance with section 546(a) of the Bankruptcy Code, the statute of limitations on avoidance actions expires on November 4, 2010, two years from the commencement of this case.

10. To date, no avoidance actions have been filed. Moreover, Warehouse 86 has not evaluated potential avoidance actions, in light of the proposed plan provisions, as stated by counsel to Warehouse 86 in an e-mail dated October 2, 2010, a copy of which is attached as Exhibit A. And, despite repeated requests, the creditors' committee has not told SCK and RadioShack whether it has investigated potential avoidance actions. Copies of a letter and e-mail to members of the creditors' committee are attached as Exhibit B.

11. Appointing a chapter 11 trustee will extend the limitations period on avoidance actions to one year from the date of the order appointing a trustee, pursuant to section 546(a) of the Bankruptcy Code.

12. Potential avoidance actions include claims for preference transfers to creditors and fraudulent conveyances to insiders. According to Warehouse 86's statement of financial affairs (Dkt. # 3), Warehouse 86 paid about $685,698.09 to creditors within 90 days immediately preceding the commencement of this case, including $50,000.00 to American Express; $59,365.91 to AON Innovative Solutions; $21,189.00 to

Overstock.com; $116,060.16 to UPS; and $64,201.49 to Willow Lake Property, LLC. Warehouse 86 paid about $562,955.00 to insiders within one year immediately preceding the commencement of this case.

### Cause Exists To Appoint A Trustee, And Appointment Of A Trustee Is In The Interest Of Creditors

13. Section 1104(a) of the Bankruptcy Code governs the appointment of chapter 11 trustees and provides in pertinent part:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . [or]
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . . .

11 U.S.C. § 1104(a).

14. The appointment of a chapter 11 trustee is generally considered an exceptional remedy on the presumption that "the debtor-in-possession's usual familiarity with the business it had already been managing at the time of the bankruptcy filing, often mak[es] it the best party to conduct operations during the reorganization." *In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 471 (3d. Cir. 1998) (citing *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d. Cir. 1989)). Here, Warehouse 86 no longer operates its business. Therefore, this presumption in favor of the debtor-in-possession should not apply, and the appointment of a chapter 11 trustee should not be considered an exceptional remedy. *See id.*

15. Cause for the appointment of a trustee under section 1104(a)(1) can take many forms. "[T]he court need not find any of the enumerated wrongs in order to find

cause for appointing a trustee." *Oklahoma Ref. Co. v. Blaik (In re Oklahoma Ref. Co.)*, 838 B.R. 1133, 1136 (10th Cir. 1988) (citing *In re William H. Vaughn & Co., Inc.*, 40 B.R. 524 (Bankr. E.D. Pa. 1984)). Courts look at numerous factors in determining whether cause is present, including: (i) materiality of the misconduct; (ii) evenhandedness, or lack thereof, in dealings with insiders vis-à-vis other creditors; (iii) existence of prepetition voidable preferences or fraudulent transfers; (iv) unwillingness or inability of management to pursue estate causes of action; (v) conflicts of interest interfering with management's ability to fulfill fiduciary duties to the debtor; and (vi) self-dealings by management or squandering of corporate assets. *In re Sundale, Ltd.*, 400 B.R. 890, 900 (Bankr. S.D. Fla. 2009).

16. "Even if the Court does not find that 'cause' exists to appoint a chapter 11 trustee under § 1104(a)(1), the Court may still appoint a trustee [pursuant to § 1104(a)(2)] if it is in the 'interest of creditors . . . and other interests of the estate.'" *In re The 1031 Tax Group, LLC*, 374 B.R. 78, 90 (Bankr. S.D.N.Y. 2007). Section 1104(a)(2) "'envisions a flexible standard' and 'gives the [] court discretion to appoint a trustee when doing so would serve the parties' and estate's interests.'" *Id.* "Courts construing [§ 1104(a)(2)] 'eschew rigid absolutes and look to the practical realities and necessities' of the record to determine whether the appointment of a trustee is in the best interests of the estate." *In re Taub*, 427 B.R. 208, 227 (Bankr. E.D.N.Y. 2010) (citing *In re Adelphia Commc'ns Corp.*, 342 B.R. 122, 125 (S.D.N.Y. 2006). "[T]he standard [for the appointment of a trustee under § 1104(a)(2)] is amorphous and necessarily involves a great deal of judicial discretion . . . ." *1031 Tax Group*, 374 B.R. at 91. The "[d]etermination of whether appointment of a chapter 11 trustee is in the best interests of creditors entails exercise of a

spectrum of discretionary powers and equitable considerations. It must therefore be determined on a case by case basis and will rely heavily on the facts." *In re New Orleans Paddlewheels, Inc.*, 350 B.R. 667, 692 (Bankr. E.D. La. 2006).

17. Here, cause exists for the appointment of a trustee, and the appointment of a trustee is in the interests of creditors, because the statute of limitations on avoidance actions expires in less than one month, yet neither Warehouse 86 nor the creditors' committee is apparently willing or able to investigate, preserve, or timely pursue any avoidance actions. Indeed, if a chapter 11 trustee is not forthwith appointed, valuable avoidance actions may be lost. Additionally, the appointment of a chapter 11 trustee ensures that potential avoidance actions are given due consideration and that viable avoidance actions are aggressively pursued for the benefit of general, unsecured creditors.

18. The benefits provided to creditors by the appointment of a chapter 11 trustee will outweigh the associated costs.

WHEREFORE, SCK and RadioShack respectfully request that the Court enter an order substantially in the form attached as Exhibit C, directing the United States trustee to forthwith appoint a chapter 11 trustee for the limited purpose of investigating and pursuing avoidance actions, and such other and further relief this Court deems proper and just.

Dated: October 5, 2010

                              Respectfully submitted,

                              SCK, INC. AND RADIOSHACK
                              CORPORATION

                              Through Its Attorneys
                              BENNETT LOTTERHOS SULSER
                              & WILSON, P.A.

                              */s/ Marcus M. Wilson*
                              Marcus M. Wilson (MS Bar #7308)

Marcus M. Wilson (MS Bar #7308)
W. Lee Watt (MS Bar #6998)
Andrew R. Wilson (MS Bar #102862)
BENNETT LOTTERHOS SULSER
& WILSON, P.A.
The Pinnacle at Jackson Place
190 East Capitol Street, Suite 650
Jackson, Mississippi 39201
Telephone: (601) 944-0466
Facsimile: (601) 944-0467
mwilson@blswlaw.com
lwatt@blswlaw.com
awilson@blswlaw.com

ATTORNEYS FOR SCK, INC. AND
RADIOSHACK CORPORATION

## CERTIFICATE OF SERVICE

I certify that on this day I have sent a copy of the foregoing motion via the CM/ECF System or U.S. Mail to the following parties in interest:

Stephen W. Rosenblatt, Esq.
steve.rosenblatt@butlersnow.com
Attorney for Warehouse 86, LLC

R. Michael Bolen
USTPRegion05.JA.ECF@usdoj.gov
United States Trustee

Ronald H. McAlpin, Esq.
ronald.mcalpin@usdoj.gov
Attorney for the United States Truste

James A. McCullough, Esq.
jmccullough@brunini.com
Attorney for Overstock.com, Inc.

Teresa M. Shipe
Katt Worldwide Logistics, Inc.
4105 So. Mendenhall Road
Memphis, TN 38115
tshipe@kattworld.com

Bobby Thomas
Thomas Sales & Services, Inc.
2300 Sitler St., Bldg. 685
Memphis, TN 38114
bthomas@abcthomas.com

Dated: October 5, 2010

                                        */s/ Marcus M. Wilson*
                                        Marcus. M. Wilson