UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

------------------------------------------------------------------------ x
                                      :        **Case No. 08-03423-EE**

In re:                             :

                                        :        **Chapter 11**

WAREHOUSE 86, LLC,          :

                                        :

                Debtor.    ·         :

                                        :
------------------------------------------------------------------------ x

## MOTION TO AUTHORIZE SETTLEMENTAGREEMENT
## RELATING TO ADVERSARY PROCEEDING

The Chapter 11 Trustee. Kimberly R. Lentz ; SCK. Inc.. formerly SC Kiosks. Inc.:

and RadioShack Corporation hereby submit this motion for entry of an order, substantially

in the form attached hereto as Exhibit A, in accordance with Rule 9019 of the Federal

Rules of Bankruptcy Procedure, authorizing the Debtor, Warehouse 86, LLC, to enter into

a settlement with SCK and RadioShack on the terms set forth in the Settlement Agreement.

attached as Exhibit B, relating to theadversary proceeding (Adv. Pro. No. 09-00139-EE).

In support of the motion. the Trustee, SCK, and RadioShack respectfully represent as

follows:

### Factual Background

1.      The Debtor commenced this chapter 11 case on November 4, 2008.  At the

time, the Debtor operated facilities in Arizona, Utah. Mississippi. and Tennessee from

which it sold discounted customer returns. store overstocks, and damaged. retail

merchandise through online auction and shopping websites.

2.      Before the commencement of this case, the Debtor and SC Kiosks. now

SCK. entered into a sublease dated July 11. 2006, under which SCK subleased to the

Debtor office and storage space located at 481 Airport Industrial Drive, Southaven, Mississippi, as well as a conveyor and racking system, material handling equipment, and other miscellaneous equipment located in the subleased premises.

3.      On February 5, 2008, a tornado hit the subleased premises, damaging the building and its contents.  And on February 11, 2008, a welding subcontractor started a fire at the subleased premises, further damaging the building and its contents.

4.      Employers Mutual Casualty Company, the Debtor's insurer, subsequently paid an aggregate of $2,099,882.35 under the Debtor's insurance policy for the tornado and the fire losses at the subleased premises.  EMC paid $2,089,882.35 jointly to the Debtor and SCK.  These proceeds are on deposit with the registry of the Court pursuant an Order dated August 26, 2009 (Dkt. #181).  EMC also paid $10,000 solely to the Debtor for "property of others."  By Order dated October 1, 2010 (Dkt. #264), the Court authorized and directed the Debtor to pay the insurance proceeds for "property of others" to Eric Eilertsen.

5.      On November 2, 2009, SCK and RadioShack commenced an adversary proceeding (Adv. Pro. No. 09-00139-EE) against the Debtor seeking a determination of the parties' rights to the insurance proceeds on deposit with the registry of the Court.

6.      On August 24, 2010, the Debtor, SCK, and RadioShack settled their dispute during a mediation conference moderated by the Honorable David W. Houston III, United States Bankruptcy Judge for the Northern District of Mississippi.  The parties subsequently reduced the settlement to writing pursuant to a Settlement Agreement.  A copy of the Settlement Agreement is attached as Exhibit B.

7.      The salient terms of the Settlement Agreement are as follows:

- 2 -

(a)     SCK is entitled to $1,380,000 of the insurance proceeds, and the Debtor's bankruptcy estate is entitled to the remaining insurance proceeds in the amount of $709,882.35, plus accumulated interest;

(b)     RadioShack shall retain and apply against its claim against the Debtor the security deposit in the amount of $35.407.80. which was paid to RadioShack by the Debtor pursuant to the sublease;

(c)     SCK and RadioShack shall have an uncontested. allowed, general unsecured claim of $1,409,645.20 in this case;

(d)     The parties shall effect the dismissal with prejudice of the adversary proceeding and all claims asserted therein; and

(e)     The Debtor shall assign to SCK and RadioShack all claims it holds or may hold against the welding subcontractor, or other responsible party or parties,arising out of the February 11, 2008 fire at the subleased premises. subject to any claims of EMC.

8.     On October 28. 2010, the Court entered an Agreed Order (Dkt. #280) granting SCK and RadioShack's Emergency Motion to Appoint a Trustee (Dkt. #266) and directing the appointment of a Chapter 11 trustee.  On November 2, 2010, the Court entered an Order (Dkt. #284) approving the appointment of Ms. Lentz as the Chapter 11 Trustee in this case.

9.     On October 21. 2010, the Debtor filed a Motion (Dkt. #276) to convert the case to a case under Chapter 7.

## Jurisdiction

10.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

11.     The rules statutory basis for the relief requested herein are Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## Law and Argument

12.     Bankruptcy Rule 9019(a) provides, "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  The rule empowers bankruptcy courts to approve compromises and settlements that are "fair and equitable and in the best interest of the estate." *In re Meyers*, 425 B.R. 296, 303 (Bankr. S.D. Miss. 2010) (citing *Connecticut Gen. Life Ins. Co. v. United Companies Fin. Corp. (In re Foster Mortgage Corp.)*. 68 F.3d 914, 917 (5th Cir. 1995)).  To be sure. "[c]ompromises are favored in bankruptcy."*Id.*

13.     The decision to approve a settlement lies within the sound discretion of the bankruptcy court. *Id.* at 304 (citing *In re Idearc Inc.*, 423 B.R. 138 (Bankr. N.D. Tex. 2009)).

14.     The Court of Appeals for the Fifth Circuit has held that the following three factors should be considered in determining whether a settlement or compromise is fair, equitable, and in the best interest of the estate:

(a)     The probability of success in the litigation. with due consideration for the uncertainty in fact and law;

(b)     The complexity and likely duration of the litigation and any attendant expense. inconvenience, and delay; and

- 4 -

(c)     All other factors bearing on the wisdom of the compromise,
including the best interests of creditors, with proper deference to their reasonable views,
and the extent to which settlement is truly the product of arms-length bargaining.
*Id.* (citing *In re Jackson Brewing,* 624 F.2d 599, 602 (5th Cir. 1980); *Official Comm. of
Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Coop., Inc.),* 119
F.3d 349, 356 (5th Cir. 1997)).In short, the bankruptcy court "must compare the 'terms of
the compromise with the likely rewards of litigation.'"*Id.*

15.     While a court must evaluate all factors relevant to a fair and full assessment
of the wisdom of the proposed settlement, a court need not conduct a mini-trial of the
merits of the claims being settled, or conduct a full independent investigation.*Official
Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Coop.,
Inc.),* 119 F.3d 349, 355 (5th Cir. 1997).The court must only be apprised of the relevant
facts and law sufficient to make an informed and intelligent decision and determine
whether the settlement is within the accepted range of reasonableness.  *Id.*

16.     The Trustee, SCK, and RadioShack submit that the compromise and
settlement reflected in the Settlement Agreement is fair and equitable and in the best
interests of the Debtor's estate and creditors.  After extensive negotiations, the Debtor,
SCK, and RadioShack, with the assistance of a skilled bankruptcy judge, entered into the
Settlement Agreement, which represents a fair and reasonable compromise of contested
claims and significantly furthers the interests of all of the Debtor's creditors.  In particular,
a settlement on the terms set forth in the Settlement Agreement will bring into the estate
over$710,000, which will allow the Trustee to make a distribution to priority and general
unsecured creditors.The Settlement Agreement is the result of arms-length negotiations

- 5 -

among sophisticated parties. Moreover, the proposed settlement will allow the Debtor's estate to avoid potentially costly and protracted litigation on all of the issues raised in the adversary proceeding, the ultimate results of which are impossible to predict.Continuing the adversary proceeding would merely hinder the expeditious and economical administration of this case.

17.     The movants therefore submit that the terms of the Settlement Agreement fall well above the lowest point in the range of reasonableness.Accordingly, the Court should approve the settlement on the terms set forth in the Settlement Agreement.in accordance with Bankruptcy Rule 9019, and authorize the Trustee to perform the obligations thereunder on the terms described thereinwithout further order of this Court.

WHEREFORE, the Trustee, SCK, and RadioShack respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit A, granting the relief sought herein; and grant such other and further relief to this Court deems proper and just.

Dated: November 11. 2010

Respectfully submitted.

/s/ Kimberly R. Lentz
Kimberly R. Lentz
Post Office Box 927
Gulfport, Mississippi 39502
Telephone: (228) 867-6050
Facsimile: (601) 876-6077
krlentz@gmail.com

THE CHAPTER 11 TRUSTEE

/s/ Marcus M. Wilson
Marcus M. Wilson (MS Bar #7308)
W. Lee Watt (MS Bar #6998)
Andrew R. Wilson (MS Bar #102862)

BENNETT LOTTERHOS SULSER
& WILSON, P.A.
The Pinnacle at Jackson Place
190 East Capitol Street
Suite 650
Jackson, Mississippi 39201
Telephone: (601) 944-0466
Facsimile: (601) 944-0467
mwilson@blswlaw.com
lwatt@blswlaw.com
awilson@blswlaw.com

ATTORNEYS FOR SCK, INC. AND RADIOSHACK
CORPORATION

## CERTIFICATE OF SERVICE

I, KIMBERLY R. LENTZ, do hereby certify that the following have been served electronically via ECF with a copy of the foregoing document:

R. Michael Bolen, Esq.: United States Trustee : USTPRegion05.JA.ECF@usdoj.gov
Christopher R. Maddux, Esq., Attorney for Debtor: chris.maddux@butlersnow.com
John A. Crawford, Jr., Esq., Attorney for Debtor: jack.crawford@butlersnow.com
Stephen W. Rosenblatt, Esq., Attorney for Debtor: Steve.Rosenblatt@butlersnow.com
Richard A. Montague, Esq., Attorney for Stuart M. Irby: rmontague@wellsmoore.com
Marcus M. Wilson, Esq., Attorney for Radioshack Corp. and SC Kiosks, Inc.: mwilson@blswlaw.com

I further certify that I have mailed a true and correct copy of said document to:

Heather S. Deaton, Esq.
Mississippi State Tax Commission
Post Office Box 22828
Jackson, MS 39225

Larry Spencer, Esq.
Porsche Financial Services
King & Spencer
Post Office Box 123
Jackson, MS 39205

Robert E. Cooper, Jr., Attorney General
Gill Geldreich, Asst. Attorney General
Office of the Attorney General
Bankruptcy Division
Post Office Box 20207
Nashville, TN 37202-0207

James A. McCullough, ll
Overstock.com
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, MS 39205

Teresa M. Shipe
Katt Worldwide Logistics, Inc.
4105 So. Mendenhall Road
Memphis, TN 38115

Edwin W. Christensen, Esq.
Overstock.com, Inc.
6350 S. 3000 E.
Salt Lake City, UT 54212

Bobby Thomas
Thomas Sales & Services, Inc.
2300 Sitler St., Bldg. 685
Memphis, TN 38114

This the 11th day of November, 2010.

*/s/ Kimberly R. Lentz*
KIMBERLY R. LENTZ