## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between SCK, Inc., formerly SC Kiosks, Inc., a Delaware corporation ("SCK"); RadioShack Corporation, a Delaware corporation ("RadioShack"); and Warehouse 86, LLC, an Arizona limited liability company and debtor in the bankruptcy case titled *In re Warehouse 86, LLC*, Case No. 08-03423-EE (Bankr. S.D. Miss.) ("W86"), by and through, Kimberly R. Lentz, the Chapter 11 Trustee in W86's bankruptcy case, and is effective as of this the ____ day of November 2010.

### RECITALS

This Agreement is made with reference to the following:

WHEREAS, on November 2, 2009, SCK and RadioShack commenced an adversary proceeding against W86 in the United States Bankruptcy Court for the Southern District of Mississippi ("Bankruptcy Court") styled *SCK, Inc. and RadioShack Corporation v. Warehouse 86, LLC (In re Warehouse 86, LLC)*, Adv. Pro. No. 09-00139-EE (Bankr. S.D. Miss.) ("Adversary Proceeding"), seeking a declaration of the Parties' rights to certain insurance proceeds in the amount of $2,089,882.35 ("Insurance Proceeds"); and

WHEREAS, on August 24, 2010, a mediation conference was held before Honorable David W. Houston III, United States Bankruptcy Judge for the Northern District of Mississippi; and

WHEREAS, by Order dated November 2, 2010, the Bankruptcy Court appointed Kimberly R. Lentz as Chapter 11 Trustee in W86's bankruptcy case.

WHEREAS, to avoid any further costs and expenses of the Adversary Proceeding, the Parties desire to resolve and settle, in the manner set forth in this Agreement, all differences between them which have arisen in connection with the Adversary Proceeding.

### AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals, which are incorporated into and made a part of this Agreement, and in further consideration of the promises and covenants set forth below, the Parties agree as follows:

1. <u>Insurance Proceeds</u>. The Parties' rights to the Insurance Proceeds shall be as follows: (i)   SCK is entitled to One Million Three Hundred Eighty Thousand and 00/100 Dollars ($1,380,000.00) of the Insurance Proceeds; and (ii) W86's bankruptcy estate is entitled to the remaining Insurance Proceeds in the amount of Seven Hundred Nine Thousand Eight Hundred Eighty-Two and 35/100 ($709,882.35), plus accumulated interest. Upon entry of an order approving this Agreement, the Parties shall effect the disbursement of the Insurance Proceeds in accordance with this paragraph.



Exhibit B to Motion

2. <u>Rental Deposit</u>. RadioShack shall retain and apply against its claim against W86 that certain rental, security deposit of Thirty-Five Thousand Four Hundred Seven and 80/100 Dollars ($35,407.80), which was paid to RadioShack by W86 in accordance with the Sublease. Upon entry of an order approving this Agreement, the parties shall submit to the Bankruptcy Court a proposed agreed order in the form attached hereto as <u>Exhibit A</u>, granting the Motion of SCK and RadioShack for Relief from the Automatic Stay in W86's bankruptcy case.

3. <u>Allowed Claims</u>. SCK and RadioShack shall have in W86's pending bankruptcy case an uncontested, allowed, general unsecured claim of One Million Four Hundred Nine Thousand Six Hundred Forty-Five and 20/100 Dollars ($1,409,645.20). SCK and RadioShack's proof of claim in W86's bankruptcy case shall hereby be deemed amended as provided in this Agreement.

4. <u>Assignment of Claims against Subcontractor</u>. W86 hereby assigns and transfers to SCK and RadioShack all claims arising from the February 11, 2008, fire at the Subleased Premises that W86 holds or may hold against the welding subcontractor, or other party or parties responsible for the fire, subject to any claims of Employers Mutual Casualty Company.

5. <u>Dismissal of Adversary Proceeding with Prejudice</u>. Upon entry of an order approving this Agreement, the Parties shall submit to the Bankruptcy Court an Agreed Final Order and Judgment of Dismissal with Prejudice in the form attached hereto as <u>Exhibit B</u>.

IN WITNESS WHEREOF, the Parties execute this Agreement effective as of the date set forth above.

| SCK INC. F/K/A SC KIOSKS INC. | RADIOSHACK CORPORATION |
|---|---|
| By:_____ | By:_____ |
| Name:_____ | Name:_____ |
| Title :_____ | Title:_____ |

WAREHOUSE 86, LLC

By:_____

Name:<u>Kimberly R. Lentz</u>

Title:<u>Trustee for the Bankruptcy Estate of Warehouse 86, LLC</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

---

In re:

WAREHOUSE 86, LLC,

Debtor.

---

Case No. 08-03423-EE

Chapter 11

## AGREED FINAL ORDER AND JUDGMENT GRANTING THE MOTION OF SCK, INC. AND RADIOSHACK CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the motion (Dkt. # 93) (the "Motion")[1] of SCK, Inc., formerly SC Kiosks, Inc. ("SCK") and RadioShack Corporation ("RadioShack") for entry of an Order terminating the automatic stay in regards to a certain security deposit and the above-captioned debtor and debtor-in-possession's (the "Debtor") Objection to the Motion (Dkt. # 101); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and the Court, fully apprised of the agreement of the parties hereto, having determined that the Motion is well taken and that the relief granted herein is in the best interest of the Debtor, the bankruptcy estate and all parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS ORDERED THAT:

1. The Motion is GRANTED as provided herein.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.



Exhibit A to Agreement

2. In accordance with 11 U.S.C. § 362, SCK and RadioShack are hereby granted relief from the automatic stay to offset that certain security deposit in the amount of $35,407.80, against the prepetition debts and obligations of the Debtor under the Sublease.

3. In accordance with 11 U.S.C. § 554, the Trustee and the Debtor hereby are deemed to have abandoned the security deposit to SCK and RadioShack.

4. The 14-day stay under Rule 4001(a)(3) of the Federal Rules of Bankruptcy is inapplicable to this Order.

5. Entry hereof shall constitute entry of final judgment.

APPROVED:

_____          _____
Marcus M. Wilson                     Kimberly R. Lentz
Attorney for SCK and RadioShack      Chapter 11 Trustee


SUBMITTED BY:

Marcus M. Wilson (MS Bar #7308)
BENNETT LOTTERHOS SULSER
& WILSON, P.A.
Pinnacle at Jackson Place
190 East Capitol Street
Suite 650
Jackson, Mississippi 39201
Telephone: (601) 944-0466
Facsimile: (601) 944-0467
mwilson@blswlaw.com

ATTORNEYS FOR SCK, INC. AND RADIOSHACK CORPORATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

---------------------------------------------------------------x
In re:                                                         :     Case No. 08-03423-EE
                                                               :
                                                               :     Chapter 11
WAREHOUSE 86, LLC,                                             :
                                                               :
    Debtor.                                                    :
                                                               :
---------------------------------------------------------------x
                                                               :
SCK, INC. and RADIOSHACK CORPORATION,                          :     Adv. Pro. No. 09-00139-EE
                                                               :
    Plaintiffs                                                 :
                                                               :
v.                                                             :
                                                               :
WAREHOUSE 86, LLC,                                             :
                                                               :
    Defendant.                                                 :
                                                               :
---------------------------------------------------------------x

### AGREED ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court upon the *ore tenus* motion (the "Motion") of Plaintiffs and Defendant requesting dismissal of this adversary proceeding with prejudice; and the Court having considered the Motion and having found that the Motion is well taken and should be granted; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY

ORDERED that this adversary proceeding, including all claims and counterclaims, is dismissed with prejudice as to all parties, and all parties shall bear their own costs associated with this action; and it is further



Exhibit B to Agreement

- 2 -

ORDERED that entry of this Order shall constitute entry of final judgment.

SO ORDERED.

APPROVED:

_____
Marcus M. Wilson
Attorney for Plaintiffs

_____
Kimberly R. Lentz
Chapter 11 Trustee

SUBMITTED BY:

Marcus M. Wilson (MS Bar #7308)
W. Lee Watt (MS Bar #6998)
Andrew R. Wilson (MS Bar #102862)
BENNETT LOTTERHOS SULSER
& WILSON, P.A.
Pinnacle at Jackson Place
190 East Capitol Street
Suite 650
Jackson, Mississippi 39201
Telephone: (601) 944-0466
Facsimile: (601) 944-0467
mwilson@blswlaw.com
lwatt@blswlaw.com
awilson@blswlaw.com

ATTORNEYS FOR SCK, INC. AND RADIOSHACK CORPORATION

- 2 -