**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| In re: ) | |
| ) | |
| **WAREHOUSE 86, LLC** ) | **CASE NO. 08-03423-EE** |
| ) | **Chapter 11** |
| **Debtor** ) | |
| ) | |

**FIFTH AND FINAL APPLICATION OF
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD
SEPTEMBER 16, 2010 THROUGH NOVEMBER 2, 2010**

Butler, Snow, O'Mara, Stevens & Cannada, PLLC ("Butler Snow" or the "Applicant") files this *Fifth and Final Application for Approval and Allowance of Administrative Claim for Compensation and Reimbursement of Expenses* (the "Final Application") and requests and order allowing and authorizing and directing the payment of (i) reasonable compensation in the amount of $15,757.50 for reasonable and necessary legal services rendered to the Debtor from September 16, 2010 through November 2, 2010 (the "Fifth Fee Period"); (ii) reimbursement for the actual and necessary expenses incurred in the amount of $660.44 during the Fifth Fee Period; and (iii) final approval of all fee applications previously allowed on an interim basis. In support of this Final Application, Butler Snow respectfully states as follows:

1. On November 4, 2008 (the "Petition Date"), Warehouse 86, LLC filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code. Until Kimberly Lentz was appointed as the chapter 11 trustee, effective November 2, 2010 [Dkt. # 284], the Debtor managed its assets as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. An official committee of unsecured creditors (the "Committee") was appointed by the United States Trustee on November 19, 2008 [Dkt. # 62].

3. This Court has jurisdiction over this Final Application pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 327, 330 and 331; Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Retention Orders (as defined below). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

4. By orders of the Court dated November 7, 2008 [Dkt. # 28] and April 15, 2009 [Dkt. # 124], the Debtor was authorized to employ and retain Butler Snow as its bankruptcy counsel to prosecute this Chapter 11 case and all related matters and to render the legal services necessary to the Debtor during its Chapter 11 case, as more fully described in that Order (the "Retention Orders").

5. Butler Snow does not hold or represent any interest adverse to the Debtor's estate, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, as disclosed in the Affidavit of Stephen W. Rosenblatt which is an exhibit to the *Application to Employ Butler Snow as Bankruptcy Counsel* [Dkt. #008]. Butler Snow also disclosed its connections to various parties-in-interest that it ascertained using reasonable efforts.

6. The Retention Orders authorized the Debtor to compensate Butler Snow at its regular hourly rates charged for services of this type (subject to the hourly rate limitations stated in the Retention Orders) and to reimburse Butler Snow for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, and all orders of this Court.

7. The services rendered by Butler Snow as bankruptcy counsel for the Debtor and its bankruptcy estate and the expenses incurred by Butler Snow has benefited the bankruptcy estate. The Affidavit of Stephen W. Rosenblatt, a copy of which is attached as Exhibit "A," addresses the legal services rendered and expenses incurred by Butler Snow. The Affidavit reflects that the

services rendered to the Debtor were reasonable and necessary and that these services actually have been rendered. A detailed itemization of the services rendered by Butler Snow and the expenses incurred by Butler Snow is attached as Exhibit "B."

8. The fees charged and expenses incurred by Butler Snow represent reasonable and necessary fees and expenses that were required to be expended by counsel to the Debtor in matters which arose in handling bankruptcy case administration and litigation, and which were necessary to protect and preserve all rights of the Debtor and the interests of creditors in furtherance of counsel's obligation herein. Such fees and expenses have served to enhance the value of the property of the estate.

9. As stated in the Application, Stephen W. Rosenblatt agreed that he would not seek compensation at a rate greater than $300 per hour during the course of this representation, even though his normal hourly rates for matters of this type are in excess of $300 per hour.

10. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount of fees requested for Butler Snow is fair and reasonable in light of: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

11. In accordance with Bankruptcy Rule 2016(b), Butler Snow has neither shared, nor agreed to share, (a) any compensation it has received or may receive with another part or person other than as permitted by section 504(b) of the Bankruptcy Code, or (b) any compensation another person or party has received or may receive in connection with these cases.

12. In its First Application [Dkt. #164], Butler Snow sought the allowance of compensation for professional services rendered in this proceeding for the total amount of $93,590.87, of which $89,198.50 was for fees for services rendered and $4,392.37 is for expenses

incurred the period of November 4, 2008 through June 30, 2009.  By its Order dated August 12, 2009 [Dkt. #172], the Court approved an award to Butler Snow of $88,764.00 ($89,198.50 less $434.50 for a paralegal rate holdback reserve) for allowed fees for services rendered as counsel to the Debtor, plus expenses of $4,392.37 for expenses incurred as counsel to the Debtor, for a total of $93,156.37.

13.     In its Second Application [Dkt. #198], Butler Snow sought the allowance of compensation for professional services rendered in this proceeding for fees of $30,237.00 ($30,292.00 less $55.00 for a paralegal rate holdback reserve) and $5,915.34 for expenses incurred the period of July 1, 2009 through October 31, 2009 for a total of $36,152.34.  By its Order dated December 22, 2009  [Dkt. #211], the Court approved an award to Butler Snow of  $30,237.00 ($30,292.00 less $55.00 for a paralegal rate holdback reserve) for allowed fees for services rendered as counsel to the Debtor, plus expenses of $5,915.34 for expenses incurred as counsel to the Debtor, for a total of $36,152.34.

14.     In its Third Application [Dkt. #229], Butler Snow sought the allowance of compensation for professional services rendered in this proceeding for fees of $31,914.00 and $2,365.92 for expenses incurred the period of November 1, 2009 through March 31, 2010 for a total of $34,279.92.  By its Order dated June 2, 2010 [Dkt. #238], the Court approved an award to Butler Snow of $31,914.00 for allowed fees for services rendered as counsel to the Debtor, plus expenses of $2,365.92 for expenses incurred as counsel to the Debtor, for a total of $34,279.92.

15.     In its Fourth Application [Dkt. #261], Butler Snow sought the allowance of compensation for professional services rendered in this proceeding for fees of $85,030.50 and $4,113.64 for expenses incurred the period of April 1, 2010 through September 15, 2010 for a total of $89,144.14.  By its Order dated November 2, 2010 [Dkt. #285], the court approved an

award to Butler Snow of $85,030.50 for allowed fees for services rendered as counsel to the Debtor, plus expenses of $4,113.64 for expenses incurred as counsel to the Debtor, for a total of $89,144.14.

16. In this Final Application Butler Snow requests interim and final allowance of compensation in the amount of $15,757.50, consisting of (i) $15,757.50 for reasonable and necessary legal services provided during the Fifth Fee Period, (ii) reimbursement of expenses in the amount of $660.44 in connection with services provided during the Fifth Fee Period, and (iii) final allowance of all amounts previously approved on an interim basis by the Court in the orders granting the First, Second, Third and Fourth Fee Applications.

17. Butler Snow agrees with the United States Trustee not to seek allowance of the paralegal rate holdback reserve amounts from the First Application and the Second Application since all of the amounts represented thereby occurred prior to January 1, 2010.

18. The services rendered by Butler Snow as counsel for the Debtor and the expenses incurred by Butler Snow have benefited the bankruptcy estate and have assisted the Debtor in obtaining a substantial recovery for the benefit of the unsecured creditors. The sums requested in this Final Application should be approved and allowed by this Court as final compensation and reimbursement of expenses as priority administrative expenses as set forth in 11 U.S.C. §§503(b)(4) and 507(a)(1).

19. This Final Application has been filed in accordance with Bankruptcy Rule 2016 and the Guidelines of the Office of the United States Trustee for the Southern District of Mississippi (the "UST Guidelines").

WHEREFORE, Butler Snow prays that it be granted the following relief:

    A. That the Final Application be approved;

  B. That Butler Snow be allowed fees as an administrative expense claim of $15,757.50 for services rendered as counsel to the Debtor during the Fifth Fee Period;

  C. That Butler Snow be allowed expenses as an administrative expense claim of $660.44 for expenses incurred as counsel to the Debtor during the Fifth Fee Period;

  D. That the Trustee be authorized and directed to pay Butler Snow the sum of $16,417.94 as its allowed claim for fees and expenses for the Fifth Fee Period as soon as practicable after the entry of this Order; and

  F. That the Court will grant final approval of all fees and expenses for the period November 4, 2008 through November 2, 2010 of all fees and expenses previously allowed by this Court on an interim basis as priority administrative expense claims pursuant to 11 U.S.C. §§503(b)(4) and 507(a)(1).

THIS, the 12th day of November, 2010.

      Respectfully submitted,

      BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

      By: *s/Stephen W. Rosenblatt*
       Stephen W. Rosenblatt
       One of Its Attorneys

OF COUNSEL:

Stephen W. Rosenblatt; MB No. 5676
Christopher R. Maddux; MB No. 100501
Paul M. Ellis; MB No. 102259
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS  39157
Telephone:  (601) 948-5711
Fax: (601) 985-4500
steve.rosenblatt@butlersnow.com
chris.maddux@butlersnow.com
paul.ellis@butlersnow.com

CERTIFICATE OF SERVICE

I, Stephen W. Rosenblatt, certify that I have this date caused to be served, via electronic filing transmission or United States mail, postage prepaid, a true and correct copy of the above and foregoing to the following persons:

Kimberly R. Lentz, Esq.
P.O. Box 927
Gulfport, MS  39502
krlentz@bellsouth.net

Ronald McAlpin, Esq.
Office of the United States Trustee
Suite 706, A. H. McCoy Federal Building
100 West Capitol Street
Jackson, MS 39269
Ronald.McAlpin@USDOJ.gov

Ms. Teresa M Shipe
Katt Worldwide Logistics, Inc.
4105 So. Mendenhall Road
Memphis, TN 38115
tshipe@kattworld.com

Edwin W. Christensen, Esq.
Overstock.com, Inc.
6350 S. 3000 E.
Salt Lake City, Utah 54212
echristensen@overstock.com

Mr. Bobby Thomas
Thomas Sales & Services, Inc.
2300 Sitler St., Bldg. 685
Memphis, TN 38114
bthomas@abcthomas.com

THIS, the 12th day of November, 2010.

*s/ Stephen W. Rosenblatt*
Stephen W. Rosenblatt

Jackson 5769651v1