IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| WAREHOUSE 86, LLC ) | CASE NO. 08-03423-EE |
| ) | Chapter 11 |
| Debtor ) | |
| ) | |

**ORDER GRANTING FIFTH AND FINAL APPLICATION OF
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES THROUGH NOVEMBER 2, 2010**

This matter came on for hearing before the Court on the *Fifth and Final Application for Approval and Allowance of Administrative Claim for Compensation and Reimbursement of Expenses* (the "Final Application") of Butler, Snow, O'Mara, Stevens & Cannada, PLLC ("Butler Snow" or the "Applicant") seeking an order allowing and authorizing and directing the payment of (i) reasonable compensation in the amount of $15,757.50 for reasonable and necessary legal services rendered to the Debtor from September 16, 2010 through November 2, 2010 (the "Fifth Fee Period"); (ii) reimbursement for the actual and necessary expenses incurred in the amount of $660.44 during the Fifth Fee Period; and (iii) final approval of all fee applications previously allowed on an interim basis, all pursuant to 11 U.S.C. §§ 328 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of this Court and the *Order Granting Application of Debtor to Employ Attorneys and Disclosure of Compensation* [Dkt. # 28] and April 15, 2009 [Dkt. # 124] (collectively the "Retention Order").  The Court considered the Final Application and the entire record herein and finds that notice of the Final Application was properly given to all required creditors and parties in interest, and no objections to the Final Application were timely filed.

The Court finds that the Final Application is well taken and should be granted in its entirety. The Court further finds as follows:

1. On November 4, 2008 (the "Petition Date"), Warehouse 86, LLC filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code. Until Kimberly Lentz was appointed as the chapter 11 trustee, effective November 2, 2010 [Dkt. # 284], the Debtor managed its assets as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. An official committee of unsecured creditors (the "Committee") was appointed by the United States Trustee on November 19, 2008 [Dkt. # 62].

3. This Court has jurisdiction over this Final Application pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 327, 330 and 331; Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Retention Orders (as defined below). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

4. By the Retention Order, the Debtor was authorized to employ and retain Butler Snow as its bankruptcy counsel to prosecute this Chapter 11 case and all related matters and to render the legal services necessary to the Debtor during its Chapter 11 case.

5. Butler Snow does not hold or represent any interest adverse to the Debtor's estate, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, as disclosed in the Affidavit of Stephen W. Rosenblatt which is an exhibit to the *Application to Employ Butler Snow as Bankruptcy Counsel* [Dkt. #008]. Butler Snow also disclosed its connections to various parties-in-interest that it ascertained using reasonable efforts.

6. The Retention Orders authorized the Debtor to compensate Butler Snow at its regular hourly rates charged for services of this type (subject to the hourly rate limitations stated in the

Retention Orders) and to reimburse Butler Snow for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, and all orders of this Court.

7.      The services rendered by Butler Snow as bankruptcy counsel for the Debtor and its bankruptcy estate and the expenses incurred by Butler Snow has benefited the bankruptcy estate. The legal services rendered to the Debtor and the expenses incurred were reasonable and necessary. The fees charged and expenses incurred by Butler Snow represent reasonable and necessary fees and expenses that were required to be expended by counsel to the Debtor in matters which arose in handling bankruptcy case administration and litigation, and which were necessary to protect and preserve all rights of the Debtor and the interests of creditors in furtherance of counsel's obligation herein.  Such fees and expenses have served to enhance the value of the property of the estate.

8.      As stated in the Application and in the Final Application, Stephen W. Rosenblatt agreed that he would not seek compensation at a rate greater than $300 per hour during the course of this representation, even though his normal hourly rates for matters of this type are in excess of $300 per hour.

9.      In accordance with the factors enumerated in 11 U.S.C. § 330, the amount of fees requested for Butler Snow is fair and reasonable in light of:  (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

10.     In accordance with Bankruptcy Rule 2016(b), Butler Snow has neither shared, nor agreed to share, (a) any compensation it has received or may receive with another part or person other than as permitted by section 504(b) of the Bankruptcy Code, or (b) any compensation another person or party has received or may receive in connection with these cases.

11. In its First Application [Dkt. #164], Butler Snow sought the allowance of compensation for professional services rendered in this proceeding for the total amount of $93,590.87, of which $89,198.50 was for fees for services rendered and $4,392.37 is for expenses incurred the period of November 4, 2008 through June 30, 2009. By its Order dated August 12, 2009 [Dkt. #172], the Court approved an award to Butler Snow of $88,764.00 ($89,198.50 less $434.50 for a paralegal rate holdback reserve) for allowed fees for services rendered as counsel to the Debtor, plus expenses of $4,392.37 for expenses incurred as counsel to the Debtor, for a total of $93,156.37.

12. In its Second Application [Dkt. #198], Butler Snow sought the allowance of compensation for professional services rendered in this proceeding for fees of $30,237.00 ($30,292.00 less $55.00 for a paralegal rate holdback reserve) and $5,915.34 for expenses incurred the period of July 1, 2009 through October 31, 2009 for a total of $36,152.34. By its Order dated December 22, 2009 [Dkt. #211], the Court approved an award to Butler Snow of $30,237.00 ($30,292.00 less $55.00 for a paralegal rate holdback reserve) for allowed fees for services rendered as counsel to the Debtor, plus expenses of $5,915.34 for expenses incurred as counsel to the Debtor, for a total of $36,152.34.

13. In its Third Application [Dkt. #229], Butler Snow sought the allowance of compensation for professional services rendered in this proceeding for fees of $31,914.00 and $2,365.92 for expenses incurred the period of November 1, 2009 through March 31, 2010 for a total of $34,279.92. By its Order dated June 2, 2010 [Dkt. #238], the Court approved an award to Butler Snow of $31,914.00 for allowed fees for services rendered as counsel to the Debtor, plus expenses of $2,365.92 for expenses incurred as counsel to the Debtor, for a total of $34,279.92.

14. In its Fourth Application [Dkt. #261], Butler Snow sought the allowance of compensation for professional services rendered in this proceeding for fees of $85,030.50 and

$4,113.64 for expenses incurred the period of April 1, 2010 through September 15, 2010 for a total of $89,144.14. By its Order dated November 2, 2010 [Dkt. #285], the Court approved an award to Butler Snow of $85,030.50 for allowed fees for services rendered as counsel to the Debtor, plus expenses of $4,113.64 for expenses incurred as counsel to the Debtor, for a total of $89,144.14.

15. The Final Application, in which Butler Snow requests interim and final allowance of (i) compensation in the amount of $15,757.50 for reasonable and necessary legal services provided during the Fifth Fee Period, (ii) reimbursement of expenses in the amount of $660.44 in connection with services provided during the Fifth Fee Period, and (iii) final allowance of all amounts previously approved on an interim basis by the Court in the orders granting the First, Second, Third and Fourth Fee Applications, should be approved.

16. Butler Snow has agreed with the United States Trustee that it would not to seek allowance of the paralegal rate holdback reserve amounts from the First Application and the Second Application since all of the amounts represented thereby occurred prior to January 1, 2010, and consequently, those paralegal rate holdback reserve amounts are not approved.

17. The services rendered by Butler Snow as counsel for the Debtor and the expenses incurred by Butler Snow have benefited the bankruptcy estate and have assisted the Debtor in obtaining a substantial recovery for the benefit of the unsecured creditors. The sums requested in this Final Application should be approved and allowed by this Court as final compensation and reimbursement of expenses as priority administrative expenses as set forth in 11 U.S.C. §§503(b)(4) and 507(a)(1).

18. This Final Application has been filed in accordance with Bankruptcy Rule 2016 and the Guidelines of the Office of the United States Trustee for the Southern District of Mississippi (the "<u>UST Guidelines</u>").

IT IS, THEREFORE, ORDERED as follows:

  A. Butler, Snow, O'Mara, Stevens & Cannada, PLLC is hereby allowed interim compensation of $15,757.50 for reasonable and necessary legal services provided during the Fifth Fee Period and reimbursement of expenses in the amount of $660.44 in connection with services provided during the Fifth Fee Period, for a total of $16,417.94;

  B. Butler, Snow, O'Mara, Stevens & Cannada, PLLC is granted final allowance of all amounts previously approved on an interim basis by the Court in the orders granting the First, Second, Third, Fourth and Fifth Fee Applications for the period from November 4, 2008 through November 2, 2010;

  C. The sums allowed and approved as interim and final compensation and reimbursement of expenses are priority administrative expenses under 11 U.S.C. §§ 503(b)(4) and 507(a)(1);

  D. The Debtor and/or its Trustee is authorized and directed to pay Butler, Snow, O'Mara, Stevens & Cannada, PLLC the sum of $16,417.94, together with all previously allowed but unpaid sums, as soon as practicable after the entry of this Order;

  E. To the extent necessary, the Debtor may pay the allowed fees and expenses from the proceeds of the sale of the assets of the Debtor as approved by this Court in its *Order Granting Debtor's Motion for Authority to Sell Assets Free and Clear of all Liens, Claims, Interests and Encumbrances Outside the Ordinary Course of Business and Assuming and Assigning Certain Unexpired Leases and Executory Contracts Pursuant to 11 U.S.C. §§ 105, 363 and 365* entered on December 10, 2008 [Dkt. #070).

SO ORDERED.

- 7 -

_____
Edward Ellington
United States Bankruptcy Judge
Dated: November 30, 2010

SUBMITTED BY:

Stephen W. Rosenblatt; Miss. Bar No. 5676
Paul M. Ellis; Miss. Bar No. 102259
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS  39157
P.O. Box 6010
Ridgeland, MS 39158-6010
Telephone:  (601) 948-5711
Fax: (601) 985-4500
steve.rosenblatt@butlersnow.com
paul.ellis@butlersnow.com

ATTORNEYS FOR DEBTOR

Jackson 5834767v1